## UNITED STATES DISTRICT COURT DISTRICT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Margaret Kennedy, Ron Tussey, and | ) | |
| Charles Fisher, as representatives of a class | ) | |
| of similarly situated persons, and | ) | |
| and **on behalf of the PRISM Plan for** | ) | |
| **Represented Employees of ABB, Inc.** and | ) | |
| Timothy Herndon and Timothy Pinnell | ) | |
| as representatives of a class of | ) | |
| similarly situated persons, | ) | |
| and **on behalf of the PRISM Plan for** | ) | |
| **Employees of ABB, Inc.,** | ) | |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| v. | ) | Cause No: 2:06-cv-04305 NKL |
| | ) | |
| ABB, Inc., John W. Cutler, Jr., Pension | ) | |
| Review Committee of ABB, Inc., Pension | ) | **MEMORANDUM IN SUPPORT OF** |
| & Thrift Management Group of ABB, Inc. | ) | **PLAINTIFFS' MOTION FOR CLASS** |
| Employee Benefits Committee of ABB, | ) | **CERTIFICATION** |
| Inc., Fidelity Management Trust Company, | ) | |
| and Fidelity Management & Research | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

SCHLICHTER, BOGARD & DENTON
Jerome J. Schlichter, 32225
Daniel V. Conlisk, 36544
Heather Lea, 49872
Mark G. Boyko, 57318
100 S. Fourth St., Suite 900
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (Fax)
dconlisk@uselaws.com
hlea@uselaws.com

ATTORNEYS FOR PLAINTIFFS/
CLASS REPRESENTATIVES
Margaret Kennedy, Ron Tussey, Charles Fisher, Timothy Herndron and Timothy Pinnell

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 6

FACTS ................................................................................................................. 7

THE PROPOSED CLASS ..................................................................................... 8

ARGUMENT ....................................................................................................... 9

   A.   PLAINTIFFS FULFILL RULE 23(a)........................................................ 10

      1.   Numerosity ................................................................................ 11

      2.   Commonality ............................................................................. 11

      3.   Typicality .................................................................................. 12

      4.   Adequacy of Representation ...................................................... 13

   B.   PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(B)............................. 15

      1.   The Class Should Be Certified Under Rule 23(b)(1). ............................. 16

      2.   Alternatively, Certification is Proper Under Rules 23(b)(2) & (b)(3).................. 17

   CONCLUSION ................................................................................ 20

Case 2:06-cv-04305-NKL   Document 72   Filed 06/01/07   Page 2 of 22

# TABLE OF AUTHORITIES

**CASES**

*ADC ERISA Litig.*, No. Civ. 03-2989ADMFLN, 2005 WL 2250782, at * 4 (D. Minn. 2005)....................................18

*Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997) .......................................................................12

*AOL Time Warner ERISA Litig.,* 2006 WL 2789862, at *2...............................................................11

*AOL Time Warner ERISA Litig.,* No. 02 Civ. 8853 SWK, 2006 WL 2789872, at *2 (S.D.N.Y. Sep. 27, 2006) ........10

*Aquila ERISA Litigation*, 237 F.R.D. 202, 207 (W.D. Mo. 2006) .............................................................9

*Arkansas Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 756-66 (8th Cir. 1971) .....................................10

*Bradford v. Agco Corp.*, 187 F.R.D. 600, 603 (W.D. Mo. 1999) ..............................................................9

*Bradford v. Agco Corp.*, 187 F.R.D. at 604 .............................................................................................10

*Bradford*, 187 F.R.D. at 604 ....................................................................................................................10

*Bublitz v. E.I. du Pont de Nemours and Co.*, 202 F.R.D. 251, 256 (S.D. Iowa 2001) ...............................11

*Caroline C. v. Johnson*, 174 F.R.D. 452, 459 & n.6 (D. Neb. 1996).......................................................9

*Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 457 (W.D. Mo. 2004)................................................................10

*Chandler v. Southwest Jeep Eagle,* 167 F.R.D. 302, 307 (N.D. Ill. 1995) ...................................................10

*Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877, 879 (7th Cir. 2000).......................................17

*De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citing H. Newberg, *Class Actions*
  §1115(b) at 185 (1977)).....................................................................................................................11

*DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir.1995)........................................................11

*Difelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006).........................................................18

*Difelice v. US Airways, Inc.*, 235 F.R.D 70, 76 (E.D.V.A. 2006)..............................................................16

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) ...................................................................9

*Esler v. Northrop Corp.,* 86 F.R.D. 20, 38 (W.D. Mo. 1979)...................................................................18

Fed. Reg. Civ. P. Rule 23(b)(1)..................................................................................................................14

*Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 190 (S.D.N.Y. 2005)...............................................19

*Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 57 (N.D. Ill. 1996) .................................................................11

*Gruby v. Brady*, 838 F. Supp. 820, 827 (S.D.N.Y. 1993)........................................................................13

iii

In re ...................................................................................................................................................passim

In re Aquila ERISA Litig., 237 F.R.D. at 207 ....................................................................................10

In re Aquila ERISA Litigation, 237 F.R.D. 202, 210 (W.D.Mo. 2006) ...............................................12

In re IKON Office Solutions, 191 F.R.D. at 466 .................................................................................15

In re Schering-Plough Corp ERISA Litigation, 420 F.3d 231, 239 (3rd Cir. 2005) .....................................15

Jansen v. Greyhound Corp., 692 F. Supp. 1022, 1028 (N.D. Iowa 1986) ................................................17

Kirse, 2005 WL3302008 at *2..........................................................................................................10

Kolar v. Rite Aid Corp., No. CIV.A. 01-1229, 2003 WL 1257272, at * 3 (E.D. Pa.  Mar. 11, 2003) .......................15

Kriendler v. Chemical Waste Mgmt., Inc., 877 F.Supp. 1140, 1159 (N.D. Ill. 1995)...................................13

La Scala v. Scrufari, 479 F.3d 213, 220 (2d Cir. 2007)..........................................................................7

Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985) .................................................5, 8

Mexico Money Transfer Litig., 267 F.3d 743, 746-47 (7th Cir. 2001) ....................................................18

Mister v. Illinois Central Gulf Railroad, Case No., 81-3006 (S.D. Ill) ....................................................13

Nelson v. IPALCO Enterp., Inc., No. IPO2-477-CHK, 2003 WL 23101792, at *4 (S.D. Ind. 2003)..........................11

Ortiz v. Fibreboard Corp., 527 U.S. 815, 833-34 (1999) ......................................................................15

Paxton v. Union Nat. Bank, 688 F.2d 552, 562 (8th Cir.1982).................................................................12

Riordan v. Smith Barney, 113 F.R.D. 60, 64 (N.D. Ill. 1986) .................................................................12

Robin Drug Co. v. PharmaCare Management Services, Inc., No. Civ. 033397 (PAM/RLE), 2004 WL 1088330, at *
    6 (D. Minn.  May 13, 2004) ...................................................................................................19

Rogers v. Baxter Intern. Inc., 2006 WL 794734 (N.D.Ill.) ....................................................................16

Rogers V. Baxter Intern. Inc., No. 04-6476, 2006 WL 794734, *10 (N.D. Ill. Mar. 22, 2006)...............................18

Rosario V. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992) ....................................................................10

See also Kolar, 2003 WL 1257272, at *3........................................................................................16

Senn v. AMCA Intern., No. 87-C-1353, 1988 WL 168321 at * 2 (E.D. Wisc. Dec. 21, 1988)...................................10

Thornton v. Evans, 692 F2d 1064, 1079 (7th Cir. 1982)..........................................................................8

Visa Check/MasterMoney Antitrust Litig., 280 F.3d 124, 136 (2d Cir. 2001) ..............................................18

Westefer v. Snyder, Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at *1 (S.D. Ill. Sep. 12, 2006)..................9

Wilfong v. Rent-A-Center, Case No. 00-680-DRH (S.D. Ill)....................................................................13

iv

## STATUTES

29 U.S.C. § 1002 *et seq.* ................................................................................................................5

29 U.S.C. § 1104(a)(1) .....................................................................................................................7

29 U.S.C. § 1104(a)(1)(b) .................................................................................................................7

29 U.S.C. § 1109(a) ..........................................................................................................................8

29 U.S.C. § 1132(a)(2) ......................................................................................................................8

29 U.S.C. §1102(16)(A) ....................................................................................................................5

29 U.S.C. 1132(a)(3) .........................................................................................................................8

Section 403(c), 29 U.S.C. § 1103(c) ...........................................................................................7, 8, 17

## RULES

ERISA § 502(a)(3) .............................................................................................................................8

ERISA §409 ......................................................................................................................................7

ERISA §502(a)(2) ..............................................................................................................................8

Fed. R. Civ. P 23(b)(1)(B) (1966 amendments) ..............................................................................9

Fed. R. Civ. P. 23(a) .........................................................................................................................8

*Fed. R. Civ. P.* 23(b)(1)(A) ..............................................................................................................15

Fed. R. Civ. P. 23(b)(2) ................................................................................................................9, 17

Fed. R. Civ. P. 23(b)(3) ...............................................................................................................17, 19

Fed. Reg. Civ. P. 23(a)(3) ................................................................................................................11

Fed. Reg. Civ. P. Rule 23(a)(4) ........................................................................................................12

Fed. Reg. Civ. P. Rule 23(b)(1)(B) ...................................................................................................9

Rule 23(b)(1)(A) ...............................................................................................................................8

Rule 23(b)(3) .....................................................................................................................................9

Case 2:06-cv-04305-NKL   Document 72   Filed 06/01/07   Page 5 of 22

# PRELIMINARY STATEMENT

On behalf of the PRISM Plan for Represented Employees of ABB, Inc. and the PRISM Plan for Employees of ABB, Inc. (the "Plans" or the "Plan") and all participants, Plaintiffs seek to redress Defendants' breaches of fiduciary duties owed to the Plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA"). The United States Supreme Court has made clear that such actions *must* proceed as collective actions on behalf of the Plan as a whole. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). Accordingly – in marked contrast to putative class actions under Title VII, consumer protection laws or tort theories – the class certification process in ERISA breach of fiduciary duty cases is streamlined and expeditious.

Plaintiffs are five of at least 13,971 participants in the Plans. Defendant ABB, Inc. ("ABB") is the Sponsor and Administrator of the Plan. Defendant John W. Cutler, Jr. is the Director of Pension & Thrift Management for ABB. The Pension & Thrift Management Group is responsible for aspects of the Plans' administration and is thus a fiduciary. The Employee Benefits Committee of ABB (the "Benefits Committee") is also a fiduciary and the Administrator of the Plans within the meaning of ERISA §3(16)(A), 29 U.S.C. §1102(16)(A), and has the authority to control and to manage the operation and administration of both Plans. The "Named Fiduciary" for the investment of assets is the Pension Review Committee of ABB (the "Pension Review Committee"). The Pension Review Committee has the authority and discretion to select the investments available to participants and beneficiaries in both Plans. The Pension & Third Management Group, John W. Cutler, Jr., the Benefits Committee, Pension Review Committee, and the Plans

6

sponsor are collectively referred to herein as ABB. Benefit Funds Committee (the "Committee") is a named fiduciary of the Plan. Defendants Fidelity Management Trust Company and Fidelity Management & Research Company (collectively "Fidelity") managed the Plans' assets and served as investment advisor to many of the investment options in the Plans.

At the core of this action is Defendants' fiduciary obligation to ensure that the Plan's administrative fees are reasonable, incurred solely for the benefit of the Plan and its participants, and fully disclosed. Defendants breached that obligation on a Plan-wide basis, to the detriment of the Plans and all participants. Plaintiffs, as representatives of the Plans and all participants, seek redress through this class action lawsuit.

## FACTS

ABB provides certain of its employees the opportunity to participate in the Plans. (Compl. ¶ 32.) Participants contribute varying percentages of their before-tax (and in some cases, after-tax) earnings to the Plans. ABB matches those contributions in varying percentages. (Compl. ¶¶ 2, 32, 38.) ABB holds the assets of the Plans in a Master Trust for "The Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc. and the Personal Retirement Investment and Savings Management Plan for Certain Represented Employees of ABB, Inc." (Comp. ¶ 20.) Through this trust, the Plans share record-keepers, investment managers, consultants, and other service providers. (Compl. ¶¶ 36.) Although Plan participants pay for these services from their 401(k) accounts, the Defendants determine to whom, how much, and in what manner these payments are made. (Compl. ¶¶ 59, 81, 119.)

7

As ERISA fiduciaries, Defendants must fulfill the "highest duty known to the law." *La Scala v. Scrufari*, 479 F.3d 213, 220 (2d Cir. 2007); ERISA §403(c), 29 U.S.C. §1103(c), requires Defendant to ensure that the Plans' assets be used "solely for the exclusive purposes of providing benefits to participants" and for "defraying reasonable expenses of administering the plan." ERISA mandates that Plan fiduciaries must discharge their fiduciary duties "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). Defendants must act "with the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan." *Id.* They must discharge these duties "with the care, skill, prudence, and diligence" that a "prudent man" acting in a similar capacity would use under similar circumstances. 29 U.S.C. § 1104(a)(1)(b).

In their Complaint for Breach of Fiduciary Duty (the "Complaint"), Plaintiffs allege that Defendants breached these duties by causing or allowing unreasonable fees be charged to the Plans and failing to ensure that the Plans' assets were used solely for the benefit of the Plans and its participants. Plaintiffs explain that ABB and Fidelity chose the investment opinion to be included in the Plans. As a result of Defendants' Fiduciary breaches in doing so, the Plans invested heavily in *retail* Fidelity mutual funds. (Comp. ¶ 42.) Plan participants paid fees to Fidelity that were among the highest in the *retail* mutual fund industry, even though the Plans should have received the lowest, *institutional* fund pricing based on the amount of its investment. (Compl. ¶42.)

## THE PROPOSED CLASS

ERISA §409 provides that a plan fiduciary who breaches its fiduciary obligations

shall be liable to "make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). ERISA § 502(a)(2) allows a participant to bring a "civil action. . .for *appropriate relief* under §409 of this title." 29 U.S.C. § 1132(a)(2) (emphasis added). ERISA §502(a)(3) provides participants a private cause of action "to enjoin any act or practice" that violates ERISA or a plan or "to obtain *other appropriate equitable relief*" to redress such violations. 29 U.S.C. 1132(a)(3) (emphasis added). Here, Plaintiffs sue under upon both sections. (Compl. ¶ ¶ 97-102 (§ 502(a)(2)) and ¶¶ 103-124 (§ 502(a)(3)).)

Cases under §502(a)(2) must be brought in a representative capacity – on behalf of the plan. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985); *Thornton v. Evans*, 692 F.2d 1064, 1079 (7th Cir. 1982). Accordingly, Plaintiffs seek to represent the following class (the "Class") (Compl. ¶ 29):

> All persons, *excluding individual employees who are or may be liable for the conduct described in the Complaint,* who are or were participants or beneficiaries of the Plans and who are, were or may have been affected by the conduct set forth in the Complaint, as well as those who will become participants or beneficiaries of the Plans in the future.

## ARGUMENT

Class certification involves a two-step analysis. First, Plaintiffs must meet the four requirements of Rule 23(a): (1) the proposed class must be so numerous that individual joinder would be impracticable; (2) there must be questions of law and fact common to the class; (3) the class representatives' claims must be typical of those of absent class members; and (4) the class representatives must fairly and adequately protect the class' interests. Fed. R. Civ. P. 23(a).

Second, Plaintiffs must fulfill one subsection of Rule 23(b). Rule 23(b)(1)(A)

allows certification to avoid inconsistent adjudications that may establish incompatible standards for Defendants. Rule 23(b)(1)(B) allows certification when a judgment in an individual action would be dispositive of the interests of non-party class members. Rule 23(b)(1)'s drafters expressly contemplated that suits like this one – to redress breaches of fiduciary duty brought by those to whom the duty is owed — should be certified under Rule 23(b)(1)(B). Committee Notes, Fed. R. Civ. P 23(b)(1)(B) (1966 amendments).

Certification is also proper under Rules 23(b)(2) and Rule 23(b)(3). Rule 23(b)(2) permits certification when a defendant "has acted or refused to act on grounds generally applicable to the class" so that injunctive or declaratory relief affecting the class as a whole is appropriate. Fed. R. Civ. P. 23(b)(2). Certification is proper under Rule 23(b)(3) where common issues of law or fact predominate and class treatment would be superior to because litigation of numerous individual actions.

Rule 23 should be liberally construed and "[t]he interests of justice require that when in doubt, any error, if there is to be one, should be committed in favor of allowing the class action." *In re Aquila ERISA Litigation*, 237 F.R.D. 202, 207 (W.D. Mo. 2006); *see Caroline C. v. Johnson*, 174 F.R.D. 452, 459 & n.6 (D. Neb. 1996); *Guillory v. American Tobacco Vo.,* No. 97 C 8641, 2001 WL 290603, at *2 (N.D. Ill. Mar. 20, 2001). Courts do not "assess the likelihood of success on the merits" and "must accept [p]laintiffs' substantive allegations as true." *Id.; see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).

## A. PLAINTIFFS FULFILL RULE 23(a).

Plaintiffs satisfy Rule 23(a)'s four requirements: numerosity, commonality, typicality, and adequacy of representation. *See Bradford v. Agco Corp.*, 187 F.R.D. 600, 603 (W.D. Mo. 1999); *Westefer v. Snyder,* Nos. 00-162-GPM, 00-708-GPM, 2006 WL 2639972, at *1 (S.D. Ill. Sep. 12, 2006).

10

### 1. Numerosity

Rule 23(a) requires that the class must be "so numerous that joinder is impracticable." Classes with as few as twenty to forty members have met this requirement. *Bradford*, 187 F.R.D. at 604; *Arkansas Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 756-66 (8th Cir. 1971); *Carpe v. Aquila, Inc.*, 224 F.R.D. 454, 457 (W.D. Mo. 2004); *Chandler v. Southwest Jeep Eagle,* 167 F.R.D. 302, 307 (N.D. Ill. 1995). Here, the proposed Class includes approximately 13,971 potential class members.[1] Its numerosity is beyond serious dispute.

### 2. Commonality

To establish commonality, the Plaintiffs must share at least one common question of law or fact, although the requirement "does not require the class members' claims [to] be identical." *Kirse*, 2005 WL3302008 at *2; *see Rosario V. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992) (common nucleus of operative fact will generally satisfy the commonality requirement). ERISA breach-of-fiduciary-duty actions present common questions of law and fact. *Kirse*, 2005 WL3302008 at *2; *In re Aquila ERISA Litig.*, 237 F.R.D. at 207 (citing cases); *Bradford v. Agco Corp.*, 187 F.R.D. at 604; *In re AOL Time Warner ERISA Litig.,* No. 02 Civ. 8853 SWK, 2006 WL 2789872, at *2 (S.D.N.Y. Sep. 27, 2006) (certifying settlement class). In determining commonality, "the appropriate focus is [on] the conduct of the defendant, not the plaintiffs." *In re ERISA Litig.*, 237 F.R.D. at 209. In *Kirse*, the court found commonality because there – as here – the "central question is whether defendants. . .complied with their duties and obligations as administrators of the Plan." 2005 WL3302008 at *2. In *Aquila*, the court found commonality where the issues included whether the defendants "were fiduciaries to the

---

[1] According to ABB's Form 5500 for year 2005, the latest year available, there were 12,567 participants with account balances in the Plans (Ex. A.) This estimate is likely low, since it does not include surviving spouses or estates of participants. *See Senn v. AMCA Intern.,* No. 87-C-1353, 1988 WL 168321 at * 2 (E.D. Wisc. Dec. 21, 1988) (certifying 95-member ERISA class including beneficiaries).

Plan;" "breached their fiduciary duties;" and provided participants with "complete and accurate information. . .." 237 F.R.D. at 207-08; *see In re AOL Time Warner ERISA Litig.,* 2006 WL 2789862, at *2 (noting the common issues involved the "identification of fiduciaries, whether the defendants acted as fiduciaries, and the existence of ERISA violations").

Here, Plaintiffs have identified fourteen common issues of law and/or fact, which present the same legal and factual questions upon which the *Aquila* court based its finding of commonality. (Compl. ¶ 30.) *See Aquila*, 237 F.R.D. at 209; s*ee also Bublitz v. E.I. du Pont de Nemours and Co*., 202 F.R.D. 251, 256 (S.D. Iowa 2001); *In re AOL Time Warner ERISA Litig.,* 2006 WL 2789862, at *2.

### 3. Typicality

"Typicality under Rule 23(a)(3) means that there are other members of the class who have the same or similar grievances as the plaintiff." *Carpe*, 224 F.R.D. at 457; *See DeBoer v. Mellon Mortgage Co*., 64 F.3d 1171, 1174 (8th Cir.1995); *Nelson v. IPALCO Enterp., Inc.,* No. IPO2-477-CHK, 2003 WL 23101792, at *4 (S.D. Ind. 2003). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Bradford*, 187 F.R.D. at 603; *see Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 57 (N.D. Ill. 1996) ("typical" does not mean "identical" claims). In the ERISA context, claims are typical when they advance legal theories based upon defendants' misconduct which affects both the plaintiffs and the plan as a whole. *See In re Aquila ERISA Litig.*, 237 F.R.D. at 210; *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citing H. Newberg, *Class Actions* §1115(b) at 185 (1977)). Where Plaintiffs claims are brought on behalf of the Plans and losses may be recovered for the Plans, "the fact that all proposed Class members may not have equally suffered from Defendants' alleged breaches of fiduciary duties does not defeat

typicality." *In re Aquila ERISA Litigation*, 237 F.R.D. 202, 210 (W.D.Mo. 2006) (certifying ERISA breach of fiduciary duty case under Rule 23(b)(1)(A).

Here, the Defendants caused excessive fees to be charged to the Plan as a whole – conduct which necessarily affected all class members. The Complaint makes clear that Plaintiffs are seeking to remedy this harm on a Plan-wide/Class-wide basis. *See, e.g.,* Compl. ¶¶ 102, 104-105, 115, 117-118.) Moreover, although the financial impact of Defendants' conduct may vary among Plan participants (based on account balances and holdings), such simple mathematical differences do not prevent a finding of typicality: "[t]he claims. . .are brought on behalf of the Plan, and to the extent that losses may be recovered from Defendants, such recovery would be on behalf of the Plan." *See Aquila ERISA Litig.*, 237 F.R.D. at 210; *De La Fuente,* 713 F.2d at 232.[2]

### 4.     Adequacy of Representation

Rule's "adequacy requirement," serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997) (internal citation omitted). Adequacy turns upon "whether the class representatives have common interests with the class members," and whether they "will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat. Bank,* 688 F.2d 552, 562 (8th Cir.1982); *see Riordan v. Smith Barney,* 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Kriendler v. Chemical Waste Mgmt., Inc.,* 877 F.Supp.

---

[2] Nor does the potential for individualized defenses undermine typicality. In the *Aquila ERISA Litigation,* the court rejected that misrepresentation/non-disclosure claims defeated typicality, reasoning that the alleged misleading statements were made on a plan-wide basis. *Aquila ERISA Litig.*, 237 F.R.D. at 208; s*ee also Rankin v. Rots*, 220 F.R.D. 511, 522 (E.D. Mich. 2004); *In re IKON Office Solutions*, 191 F.R.D. 457, 466 (E.D. Pa. 2000). Here, the same reasoning would apply to the Defendants' class-wide failure to disclose to *any* Class member the truth about the Plans' fees and expenses. (Compl. ¶¶ 105, 107); *see In re Polaroid ERISA Litig.,* No. 03 Civ. 8335(WHP), 2006 WL 2792202, at * 9 (S.D.N.Y. Sep. 29, 2006) (finding that Plaintiffs' claims were typical even though the plaintiffs made individualized investment decisions under ERISA §404(c)).

1140, 1159 (N.D. Ill. 1995).

Here, the named Plaintiffs are participants in the Plan. (Compl. ¶¶ 12-18.) The Defendants' conduct has injured them, and all other Plan participants, in the same way. Plaintiffs' interest in the compensation and equitable remedies sought in the Complaint is exactly the same as that of all Class members. All absent Class members will benefit if the Plaintiffs are successful. *See Gruby v. Brady*, 838 F. Supp. 820, 827 (S.D.N.Y. 1993) (because ERISA breach of fiduciary duty suits must be brought on a plan wide basis, adequacy is met); *Kirse*, 2005 WL 3302008, at * 3 (Plaintiffs were adequate where they shared the common goal of "ensuring that defendants comply with their duties and obligations and holding defendants accountable for past actions.").

Schlichter Bogard & Denton ("SB&D") is extremely well-qualified to represent the Class. It is a complex litigation firm of 16 attorneys and numerous attorneys experienced in prosecuting ERISA class actions and other complex litigation. (Ex. B.) Before filing suit, SB&D spent many of hours investigating, speaking with participants, obtaining relevant documents, reviewing and analyzing documents and Plan financial statements, developing an understanding of industry practices, conducting legal research, and fashioning causes of action. SB&D has expended substantial resources in pursuit of the Class claims. It both expects to, and is capable of, devoting the resources necessary and vigorously to prosecute this litigation.

SB&D has extensive experience litigating class actions of similar size, scope, and complexity. Firm principal Jerome J. Schlichter has been appointed lead or co-lead counsel in multiple successful complex class actions, including *Mister v. Illinois Central Gulf Railroad*, Case No., 790 F.Supp. 1411 (S.D. Ill 1993) and *Wilfong v. Rent-A-Center*, Case No. 00-680-DRH (S.D. Ill).

14

In *Mister*, U.S. District Judge James Foreman, praised Mr. Schlichter's efforts: "This Court is unaware of any comparable achievement of public good by a private lawyer in the face of such obstacles and enormous demand of resources and finance." Order on Attorney's Fees, *Mister v. Illinois Central Gulf R.R.*, Case No., 81-3006 (S.D. Ill. 1993). In *Wilfong*, Judge Herndon was similarly laudatory:

> Class counsel [Jerome J. Schlichter] has appeared in this court and has been known to this Court for approximately 20 years. This Court finds that Mr. Schlichter's experience, reputation and ability are of the highest caliber. Mr. Schlichter is known well to the District Court Judge and this Court agrees with Judge Foreman's review of Mr. Schlichter's experience, reputation and ability.

Order on Attorney's Fees, *Wilfong v. Rent-A-Center*, No. 0068-DRH (S.D. Ill. 2002).

Daniel V. Conlisk has litigated numerous complex commercial, financial and product liability cases, and/or class actions as an associate and equity partner in nationally and regionally-reputed law firms before joining Schlichter Bogard & Denton. Heather Lea has worked in the employee benefits field throughout her legal career, both on behalf of plan sponsors and administrators, as well as plan participants. Mark Boyko earned as Masters of Law from New York University where his work focused on class actions and complex litigation and has published nationally on issues concerning class actions as well as civil procedure, dispute resolution and evidence.

### B.  PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(B).

Having fulfilled Rule 23(a), certification under one of Rule 23(b)'s subsections is simple. As an ERISA breach of fiduciary class action, this case presents "paradigmatic" Rule 23(b)(1) claims. Alternatively, certification is appropriate and straightforward under Rules 23(b)(2) and 23(b)(3).

### 1.     The Class Should Be Certified Under Rule 23(b)(1)

"Because of ERISA's distinctive 'representative capacity' and remedial provisions, ERISA litigation of this nature ***presents a paradigmatic example of a (b)(1) class.***"  *See Kolar v. Rite Aid Corp*., No. CIV.A. 01-1229, 2003 WL 1257272, at * 3 (E.D. Pa.  Mar. 11, 2003)(emphasis added).  Rule 23(b)(1) provides for certification where:

> the prosecution of separate actions by … individual members of the class would create a risk of (A) inconsistent or varying adjudications … which would establish incompatible standards for the party opposing the class, or (B) adjudications with respect to the individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications.

*Fed. R. Civ. P.* 23(b)(1)(A), (B).  Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *In re IKON Office Solutions*, 191 F.R.D. at 466.

The Rule 23 Advisory Committee noted that "an action which charges a breach of trust … by a[]. . .fiduciary similarly affecting the members of a large class of. . .beneficiaries" calls for certification under this Rule 23(b)(1).  *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999).  Accordingly, Courts routinely certify 401(k), breach of fiduciary duty class actions under Rule 23(b)(1).[3]  This court should do the same here.  As an ERISA class action seeking, on behalf of Plan participants, to remedy fiduciary breaches by Plan fiduciaries, this is a *paradigmatic* Rule 23(b)(1) case. *See In re Schering-Plough Corp ERISA Litigation*, 420 F.3d 231, 239 (3rd Cir. 2005) (plaintiffs are not permitted to recover on their own behalf, but "must seek to have the fiduciary

---

[3] *See In re Aquila*, 237 F.R.D. at 211-12; *In re ADC Telecomm. ERISA Litig.*, 2005 WL 2250782, at * 5; *In re Polaroid ERISA Litig*., 2006 WL 2792202, at * 11;  *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 80 (E.D. Va. 2006); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664, at * 3; *Banyai* 205 F.R.D. at  165;  *In re IKON Office Solutions*, 191 F.R.D. at 466.

Case 2:06-cv-04305-NKL   Document 72   Filed 06/01/07   Page 16 of 22

reimburse the plan."); *Rogers v. Baxter Intern. Inc.,* 2006 WL 794734 (N.D.Ill.) (certifying an ERISA breach of fiduciary duty case under Rule 23(b)(1) because "the appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs" and, therefore, "individual inquiry into each of the plaintiffs is unnecessary.")

Further, under Rule 23(b)(1)(B), the ruling Plaintiffs seek would benefit the Plans as a whole and, therefore, foreclose any subsequent litigation because it would cure any harm that the Plans suffered. *Difelice v. US Airways, Inc.*, 235 F.R.D 70, 76 (E.D.V.A. 2006) (further holding that Plaintiffs have standing as plan participants even if Defendants' actions did not damage their individual accounts). Since any ruling for an individual participant would be dispositive of the claims of all participants on behalf of the Plans, certification under Rule 23(b)(1)(B) is proper.

In the absence of certification, more than 12,000 potential individual lawsuits by Class members in multiple jurisdictions would present a quagmire of inconsistencies and conflicting rulings that could render Defendants unable to administer the Plans. The possibility of multiple plan-wide monetary awards, since each individual suit must be brought on behalf of the Plan, would also loom. *See also Kolar*, 2003 WL 1257272, at *3.

### 2. Alternatively, Certification is Proper Under Rules 23(b)(2) & (b)(3).

If the Court finds that certification under Rule 23(b)(1) is proper, then it need not consider, as an alternative, certification under Rule 23(b)(2) and (b)(3). Nonetheless, certification is proper under those sections.

#### a. Plaintiffs' Claims Merit Certification Under Rule 23(b)(2).

Class certification is proper under Rule 23(b)(2) when the Defendants have "acted or refused to act on grounds generally applicable to the class" so that any equitable relief

would be "appropriate with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).

*See Bublitz*, 202 F.R.D. at 259 (Rule 23(b)(2) class certified in ERISA breach of fiduciary duty suit); *Jansen v. Greyhound Corp.,* 692 F. Supp. 1022, 1028 (N.D. Iowa 1986) (certifying Rule 23(b)(2) class in ERISA suit); *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877, 879 (7th Cir. 2000).  The Eighth Circuit, in *DeBoer*, held that "[i]f the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)." *DeBoer*, 64 F.3d at 175.

Here, Plaintiffs seek class-wide equitable relief, including a declaration that Defendants' conduct violated ERISA and an injunction prohibiting such conduct. (Compl. ¶¶ 102, 104-105, 115, 117-118.)  This is "group-wide relief" seeking to redress "group-wide injury," and clearly fulfills Rule 23(b)(2).

### b.     Plaintiffs' Legal Claims Should be Certified Under Rule 23(b)(3).

Plaintiffs seek a jury trial on their §502(a)(2) claims for legal damages. Certification under Rule 23(b)(3) is proper because common questions of law or fact predominate and class treatment would be superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3).

### 1.  Common Issues Predominate.

Rule 23(b)(3)'s requirement that common issues of law or fact predominate "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.,* 521 U.S. at 623.   This requirement is met when issues "subject to generalized proof, and thus applicable to the class as a whole. . .predominate over those issues that are subject only to individualized proof." *In re Visa*

18

*Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001); *see In re Mexico Money Transfer Litig.,* 267 F.3d 743, 746-47 (7th Cir. 2001) (citing the "predominance of common over individual disputes and superiority of class disposition" as "the requirements of Rule 23(b)(3)).   The Rule seeks to ensure that "the efficiency and economy of common adjudication. . .outweigh the difficulties and complexity of individual treatment of class member claims."  *Esler v. Northrop Corp.,* 86 F.R.D. 20, 38 (W.D. Mo. 1979).

Here, common issues predominate because, as an ERISA breach-of-fiduciary duty suit, the court's focus must be Defendants' behavior and the overarching question of whether they breached their fiduciary duty.  *In re ADC ERISA Litig.*, No. Civ. 03-2989ADMFLN, 2005 WL 2250782, at * 4 (D. Minn. 2005); s*ee also Smith*, 2002 WL 192565,  at * 5 (legal construction of the ERISA plan's terms was such a common basis; certifying class under Rule 23(b)(3); *Esler*, 86 F.R.D. at 39 (finding that common issues predominated where all class members were in the same plan and had the same interest in seeing the terms of the plan defined; certifying Rule 23(b)(3) class); *Rogers v. Baxter Intern. Inc.,* No. 04-6476, 2006 WL 794734, *10 (N.D. Ill. Mar. 22, 2006).   Further, "individual issues of loss causation do not predominate, indeed are not relevant, unless and until it becomes necessary to allocate any Plan recovery to participants."  *See Difelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 78 (E.D. Va. 2006).  Because the relevant inquiry is into Defendants' behavior, and any recovery will be to the Plans as a whole, the predominance requirement is easily met.

### 2.   A Class Action is the Best Means of Resolving Plaintiffs' Claims.

Rule 23(b)(3)'s "superiority" requirement considers: (A) class members' interest in individually controlling the prosecution of separate actions; (B) any existing litigation concerning the controversy commenced by class members; (C) the benefit of

concentrating the litigation in the particular forum; and (D) difficulties which may arise in managing the class action. Fed. R. Civ. P. 23(b)(3). *See Robin Drug Co. v. PharmaCare Management Services, Inc.,* No. Civ. 033397 (PAM/RLE), 2004 WL 1088330, at * 6 (D. Minn. May 13, 2004) (same); *Rogers,* 2006 WL 794734, *12.

All of these factors favor class certification. Plaintiffs are unaware of any existing litigation concerning the issues raised in the Complaint, nor of any individual Class member with a desire to prosecute a separate action. Litigating the Class' claims in more than one forum would be inefficient and wasteful, and would produce chaotic results. The Class' claims arise out of Defendants' breach of identical duties owed to each and every Class member. Managing this case as a class action will neither be difficult nor unwieldy. *See Esler*, 86 F.R.D. at 40 (finding class action superior where no other cases were pending, venue was proper, and joinder was impracticable); *Robin Drug,* 2004 WL 1088330, at * 6 (where all class members were subject to the terms of identical contracts, class action was superior to individual suits and manageable); *Rogers,* 2006 WL 794734, at *12; *Fogarazzao v. Lehman Bros., Inc.*, 232 F.R.D. 176, 190 (S.D.N.Y. 2005) (citing predominance as evidence of manageability). Rule 23(b)(3) certification is proper.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that their Motion for Class Certification be granted. In the alternative, Plaintiffs respectfully request that the Court certify Plaintiffs' claims for injunctive and declaratory relief under Rule 23(b)(2) and their claims for legal relief under Rule 23(b)(3). Finally, Plaintiffs respectfully request that the Court designate Plaintiffs' law firm, Schlichter, Bogard & Denton, as Class Counsel pursuant to Rule 23(g).

Respectfully Submitted,

SCHLICHTER, BOGARD & DENTON


By:    /s/ Daniel V. Conlisk
       Jerome J. Schlichter, 32225
       Daniel V. Conlisk, 36544
       Heather Lea, 49872
       Mark G. Boyko, 57318
       100 S. Fourth St., Suite 900
       St. Louis, Missouri 63102
       (314) 621-6115
       (314) 621-7151 (Fax)
       dconlisk@uselaws.com
       hlea@uselaws.com

       ATTORNEYS FOR PLAINTIFFS/
       CLASS REPRESENTATIVES
       Margaret Kennedy, Ron Tussey,
       Charles Fisher, Timothy Herndron,
       and Timothy Pinnell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 1st day of June and will be delivered electronically by the CM/ECF system to the following:

Thomas Wack
Lisa Demet Martin
Jeffrey S. Russell
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Brian T. Ortelere
William J. Delaney
Catherine A. Cugell
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Richard N. Bien
Adam B. Walker
Lathrop & Gage, L.C.
2345 Grand Boulevard, Ste. 2800
Kansas City, MO 64108

Bob Eccles
Stephen D. Brody
Shannon Barrett
Brian Boyle
O'Melveny & Myers, LLP
1625 I Street, NW
Washington, DC 20006

James S. Dittmar
James O. Fleckner
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109


_____/s/ Daniel V. Conlisk_____