IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARGARET KENNEDY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-04305-CV-NKL |
| ) | |
| ABB INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiffs in this lawsuit are participants in the 401(k) Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc., and the 401(k) Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc. (collectively, the "Plan"). They allege that Defendants ABB, Inc.; John W. Cutler, Jr.; Pension Review Committee of ABB, Inc.; Pension & Thrift Management Group of ABB, Inc.; and the Employee Benefits Committee of ABB, Inc. (collectively, "ABB"), along with Defendants Fidelity Management Trust Company ("FMTC") and Fidelity Management & Research Company ("FMRC") (collectively, "Fidelity Defendants") breached their fiduciary duties under the Employee Retirement and Income Security Act ("ERISA"). Pending before the Court is ABB's Motion to Strike Certain of Plaintiffs' Allegations and Demand for a Jury Trial [Doc. # 27], which is joined by the Fidelity Defendants [Doc. # 64]. For the reasons stated herein, Defendants'

1

Motion to Strike Certain of Plaintiffs' Allegations and Demand for a Jury Trial is granted in part.

## I.  Plaintiffs' Allegation that the Limitations Period Should be Tolled

On July 17, 2007, the Court granted Plaintiffs leave to file an amended complaint out of time.  As a result, the Court found that the dispositive motions relating to the original complaint are moot.  As to this motion, the parties and the Court agree that ABB's request that the Court strike Plaintiffs' allegation that the limitations period should be tolled relates to the original complaint and is now moot.  Therefore, Defendants' Motion to Strike is denied as to Plaintiffs' allegations pertaining to the limitations period.

## II.  Plaintiffs' Demand for Jury Trial

Defendants move the Court to strike Plaintiffs' demand for a jury trial.  Plaintiffs acknowledge the multitude of courts that have ruled that ERISA plaintiffs have no right to a trial by jury, but argue that the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), "substantially alter[ed] Seventh Amendment jurisprudence."  (Doc. 55 at 5).  *Great-West*, however, involved an insurer's attempt to file a subrogation action against its beneficiaries under 29 U.S.C. § 1132(a)(3).  The *Great-West* court held that the insurer did not have a cause of action under ERISA because the relief the insurer requested was based on contract.  Thus, the nature of the relief sought was legal, not equitable.  The *Great-West* court never addressed a plaintiff's right to a jury trial under ERISA.

2

Given the Eighth Circuit's long-held position that ERISA does not provide litigants with the right to a jury trial, *Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994), and the fact that the reasoning in *Great-West* does not demonstrate that the Eighth Circuit case law is no longer valid as to a Plaintiff's claims, this Court finds that Plaintiffs are not entitled to a jury trial. The substantial weight of authority is contrary to Plaintiffs' position. Therefore, Defendants' Motion to Strike is granted as to Plaintiffs' demand for a jury trial.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Motion to Strike [Docs. # 27 and # 64] is GRANTED as to Plaintiffs' demand for a jury trial and otherwise DENIED as moot.
.

                          s/ Nanette K. Laughrey
                          NANETTE K. LAUGHREY
                          United States District Judge

Dated: August 10, 2007
Jefferson City, Missouri
.