UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARGARET KENNEDY, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ABB, INC., et al.,<br><br>        Defendants. | CIVIL ACTION<br>No. 06-CV-04305<br><br>(Judge Nanette K. Laughrey) |

**DEFENDANTS' REPLY SUGGESTIONS OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR
DAMAGES PRE-DATING DECEMBER 29, 2000**

**I. INTRODUCTION**

Defendants' Motion to Dismiss Plaintiffs' Claims for Damages Pre-Dating December 29, 2000 rests on the well-settled requirement that plaintiffs bear the burden of alleging fraudulent concealment to state a claim for damages pre-dating the outer limit of the applicable ERISA statute of limitations. The allegations in plaintiffs' Amended Complaint, like those contained in their original Complaint, are plainly insufficient to meet their burden.[1]

In opposition, plaintiffs argue that their generalized "failure to disclose" allegations should satisfy any burden they bear—in the process, urging the Court to apply an outlier Second Circuit Court of Appeals decision in lieu of controlling Eighth Circuit

---

[1] ERISA Section 413 provides that a fiduciary breach action must be brought within three years from when a plaintiff learns of the breach, or six years from the date of the last action that constituted the breach. 29 U.S.C. § 1113. Accordingly, six years is the longest potential statute of limitations period that can apply to plaintiffs' claims. The only issue presented in the instant motion is whether the statute—whether three years or six—can be tolled to state a claim for damages pre-dating the limitations period. Defendants reserve for a later date the question of whether plaintiffs possessed "actual knowledge" of the alleged breach such that ERISA's three-year limitations period would bar their claims.

precedent holding that ERISA Section 413 incorporates the doctrine of fraudulent concealment. Plaintiffs also argue that purported claims for pre-2000 damages should withstand defendants dismissal motion because defendants bear the burden of proving as an affirmative defense that plaintiffs are not entitled to damages pre-dating the outer reach of the statute of limitations. And as a last ditch effort to justify an unbounded recovery period, plaintiffs urge the Court to adopt a "single scheme" doctrine that would toll the statute of limitations in every case except one where a defendant had noisily abandoned the conduct alleged to form the basis for liability. (*See generally* Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Claims for Damages Pre-Dating December 29, 2000 (hereinafter "Pls.' Resp.").)

As addressed below, none of plaintiffs' arguments has merit. Eighth Circuit precedent establishes that plaintiffs bear the burden of pleading and proving entitlement to damages pre-dating applicable ERISA limitations periods. The same precedent incorporates the common law doctrine of fraudulent concealment into Section 413, as five other Circuit Courts of Appeal have done, and instructs that plaintiffs' allegations of failure to disclose are insufficient to toll the statute of limitations. Finally, plaintiffs' "single scheme" argument is a fabrication; indeed, the *dicta* in the footnote of the Second Circuit case on which plaintiffs rely fails to support adoption of such a limitations escape valve even in that circuit. As a result, plaintiffs' claims for damages pre-dating the six-year statute of limitations period must be dismissed.

The Court should also decline to address plaintiffs' assertion that they are "entitled to discovery regarding any matter" without "any temporal limitations" related to the statute of limitations applicable to their claims. (Pls.' Resp. at 3). During the parties

2

September 20, 2007 teleconference on discovery issues, plaintiffs argued that the Fidelity Defendants should be compelled to search for and produce documents pre-dating the statute of limitations cutoff. In response, Fidelity explained the exceptional burden involved in searching the voluminous, archived paper records that constitute the body of pre-limitations period material that is potentially responsive to plaintiffs' document requests. The Court chose not to address plaintiffs' demand in the abstract, but instead indicated that discovery would be limited to the limitations period and identified the question of whether the allegations in plaintiffs' Amended Complaint are sufficient to maintain a claim for damages pre-dating the limitations period as a threshold issue to be decided before it considers whether to permit earlier discovery.[2]

## II. ARGUMENT

A. **Plaintiffs Cannot Avoid The Consequences Of Their Decision To Remove Allegations Of Fraudulent Concealment Or Tolling From Their Amended Complaint**

As an initial matter, in their opposing memorandum, plaintiffs fail to provide a legitimate explanation for their failure to allege fraudulent concealment or tolling in the Amended Complaint. Plaintiffs' original Complaint alluded to pre-2000 damages claims (and to plaintiffs' burden of justifying that demand), offering the conclusory assertion that the statute of limitations should be tolled. (Compl. ¶ 96.) In reaction to the ABB Defendants' prior motion to dismiss any claims for pre-2000 damages based on the

---

[2] At such time as the Court does weigh the burdens associated with discovery pre-dating the limitations period against the marginal relevance of such dated material, a decision to sustain defendants' objections to providing pre-2000 discovery will find ample legal support. *See, e.g., Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir.1999) ("[E]ven if relevant, discovery is not permitted where no need is shown or compliance would be unduly burdensome.").

inadequacy of these tolling allegations,[3] plaintiffs have stripped all such references from their complaint. Defendants submit that they are entitled to take plaintiffs at their word.

In a footnote in their Response, plaintiffs offer a tortured justification for their actions. "In similar cases," they say, "Plaintiffs were criticized for filing lengthy complaints addressing the merits of affirmative defenses and, accordingly, these allegations were largely removed from the Amended Complaint." (Pls.' Resp. at 10 n.3.) This explanation is both factually erroneous and misplaced. It is factually erroneous because none of the courts that has criticized the substance of copycat pleadings from these plaintiffs' counsel has addressed the sufficiency of any allegations to toll the statute of limitations.[4] And it is misplaced because whether another court has criticized plaintiffs' verbosity is irrelevant to the question of whether the allegations in plaintiffs' Amended Complaint are sufficient to state a claim for damages pre-dating the maximum conceivable ERISA limitations period. Specific criticism of plaintiffs' counsel's "rhetoric and repetition" is no excuse for plaintiffs' withdrawal of tolling allegations here.

In short, the question whether plaintiffs can properly seek pre-2000 damages has been disposed of by plaintiffs' conscious election to remove such damages claims from their Amended Complaint.

---

[3] *See* ABB Defendants' Motion to Strike Certain of Plaintiffs' Allegations and Demand for Jury Trial [Dkt. # 27].

[4] *See, e.g.*, *Hecker v. Deere & Co.*, 496 F. Supp. 2d 967, 972 (W.D. Wis. 2007), *reconsideration den'd*, ___ F. Supp. 2d ___ (W.D. Wis. Oct. 23, 2007) ("Far from a short and plain statement of claims as contemplated by Rule 8, the complaint is a rambling 38 page collection long on legal argument, public policy rhetoric and repetition, but vague in its allegations of facts which might be relevant to the claims alleged.").

4

**B. Plaintiffs Must Plead Facts Sufficient To Establish Fraudulent Concealment To Maintain Claims For Damages Pre-Dating December 29, 2000**

Assuming plaintiffs' Amended Complaint can nevertheless be construed as placing pre-2000 damages in issue,[5] those damages claims are due to be dismissed. ERISA Section 413 provides that no action for breach of fiduciary duty may be commenced after the earlier of three years from the earliest date the plaintiff gained actual knowledge of the breach, or six years from the date of the last action that constituted the breach. 29 U.S.C. § 1113. Section 413 also states that in those circumstances where a fiduciary fraudulently conceals its breach, the six-year limitations period will not begin to run until after the earlier of the date the plaintiff discovered the breach, or the date he or she should have done so with reasonable diligence. *Id.*; *Schaefer v. Ark. Med. Soc'y*, 853 F.2d 1487, 1490-91 (8th Cir. 1988). Plaintiffs' Amended Complaint lacks the fraudulent concealment allegations necessary to allow a recovery beyond the maximum six-year period afforded by § 413.

**1. In Order to Justify a Recovery Beyond ERISA's Six-Year Limitations Period, Plaintiffs Must Specifically Plead and Prove That Defendants Fraudulently Concealed the Basis for Plaintiffs' Claims**

Six Circuit Courts of Appeals, including the Eighth Circuit, have held that the language in ERISA Section 413 allowing expansion of the applicable limitations period in cases of "fraud or concealment" requires plaintiffs to plead and prove the common law tolling elements of "fraudulent concealment." *Kurz v. Philadelphia Elec. Co.*, 96 F.3d 1544, 1552 (3d Cir. 1996); *J. Geils Band Employee Benefit Plan v. Smith Barney*, 76 F.3d 1245, 1252 (1st Cir. 1996), cert den'd, 519 U.S. 823 (1996); *Barker v. Am. Mobil Power*

---

[5] As emphasized, plaintiffs' Amended Complaint not only lacks tolling allegations, it also fails to allege that plaintiffs are entitled to damages pre-dating the limitations period. Plaintiffs first indicated that they seek damages pre-dating December 29, 2000 during argument before the Court on discovery issues during a teleconference held September 20, 2007.

*Corp*., 64 F.3d 1397, 1401-02 (9th Cir. 1995); *Larson v. Northrop Corp*., 21 F.3d 1164, 1172-1173 (D.C. Cir. 1994); *Radiology Ctr. v. Stifel Nicolaus & Co*., 919 F.2d 1216, 1220 (7th Cir. 1990); *Schaefer*, 853 F.2d at 1491-1492. Plaintiffs argue that this Court should reject the Eighth Circuit's binding precedent as "mistakenly" decided (Pls.' Resp. at 11)[6] and hold that they need not allege facts showing that defendants took affirmative steps to conceal the alleged fiduciary breaches. They rely on a Second Circuit case, *Caputo v. Pfizer*, *Inc.* 267 F.3d 181 (2d Cir. 2001), that is at odds not only with this Circuit's decisions, but also with the decisions of every other circuit to have addressed the meaning of ERISA's "fraud or concealment" language.

The Court should decline plaintiffs' invitation. It should almost go without saying that Eighth Circuit precedent controls over the contrary precedent of another circuit court.[7] *Bardin v. Gardner Denver, Inc.* No. 06-4128-CV-C-NKL, 2007 WL 1485864 at *3 (W.D. Mo. May 18, 2007) ("This Court is bound by the precedent of the Eighth Circuit."); *Nat'l Right to Life Political Action Comm. v. Lamb*, 202 F. Supp. 2d 995, 1014 (W.D. Mo. 2002) (same). That the Eighth Circuit's interpretation of Section 413 accords with that of all but one of the circuits to have addressed the question simply confirms that the Eighth Circuit has the better view of the law. Under that interpretation,

---

[6] Plaintiffs specifically argue that the *Schaefer* court "mistakenly borrowed from the common law fraudulent concealment standard to manufacture a requirement that plaintiffs exercise due diligence to uncover the breaches of fiduciary duty." (Pls.' Resp. at 11.)

[7] In contrast to the Eighth Circuit's well-reasoned opinion in *Schaefer*, the Second Circuit looked to Section 413's use of the terms "fraud or concealment" in the disjunctive and suggested that they are intended to create separate requirements, only one of which a plaintiff must satisfy. Because it viewed the term "fraud" as encompassing the ordinary meaning of "concealment," the Second Circuit found it necessary, in order to give independent meaning to concealment, to read concealment as "arguably incorporat[ing] the 'fraudulent concealment' doctrine." *Caputo*, 267 F.3d at 189-90. This strained reasoning creates a highly confusing standard that could not have been the original Congressional intent. The straightforward application of the fraudulent concealment doctrine to the ERISA term of "fraud or concealment," as dictated by six different Courts of Appeals, represents a far more sensible interpretation.

6

plaintiffs bear the burden of proving (and thus pleading) "fraudulent concealment" facts demonstrating their entitlement to damages pre-dating the applicable limitations period.

Undaunted, plaintiffs argue that defendants are effectively raising an "affirmative defense" to plaintiffs' pre-2000 damages claims, and, since the burden of proving defenses falls on defendants, plaintiffs need not address fraudulent concealment in their pleadings. (Pls.' Resp. at 10). This is unpersuasive. Plaintiffs' unexpressed bid for pre-2000 damages is facially defective given the applicable statute of limitations, and the absence of allegations that afford a basis for a longer recovery period. *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (when clear from the face of the complaint that limitation period has run, defense may be claimed under a Rule 12(b)(6) motion to dismiss); *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir.1985), cert.den'd, 475 U.S. 1028 (1986).[8] Under ERISA Section 413, those allegations must, at minimum, show "(1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrongdoing and that (2) they were not on actual or constructive notice of that evidence, despite (3) their exercise of due diligence." *Schaefer*, 853 F.2d at 1491-92; *Bergmann v. BMC Indus., Inc.*, No. Civ. 05-963, 2006 WL 487864, at *5 (D. Minn. Jan. 20, 2006). By failing to include those allegations (and in fact eliminating any reference to tolling whatsoever in an amended complaint), plaintiffs have effectively pleaded their pre-2000 damages claims out of court.

---

[8] Needless to say, the judicial annals are filled with cases disposing of complaints on motions to dismiss where a limitations defect was apparent on the face of the complaints, and where the plaintiffs' tolling allegations were held insufficient. *See, e.g., Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir.1992) (defense of statute of limitations properly raised "on motion to dismiss under Rule 12(b)(6) where it is apparent from the face of the complaint that the time limit for bringing the claim has passed," and where plaintiff has not alleged fraudulent concealment as basis for tolling).

Plaintiffs' reliance on *Gabauer v. Woodcock*, 594 F.2d 662, 665 (8th Cir. 1979), cert. den'd, 444 U.S. 841 (1979), *Smith v. Pike County R. III School*, No. 2:07-CV-00012-ERW, 2007 WL 2669121, *2 (E.D. Mo. Sept. 6, 2007), and *Xechem, Inc. v Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) is misplaced. *Gabauer* addressed whether plaintiffs needed to correct improper venue before a statute of limitations question could be resolved. *Smith* simply involved the selection of the applicable limitations periods for a series of tort claims—and, contrary to plaintiffs' submission here, specifically noted the propriety of dismissal under Rule 12 where "a claim is barred under a statute of limitations." *Smith*, 2007 WL 2669121 at *2 (quoting *Varner*, 371 F.3d at 1016)). And while *Xechem* held it improper to dismiss an antitrust complaint on limitations grounds, the Seventh Circuit so ruled exclusively because the complaint alleged a distinct wrongful act within the applicable limitations period. *See Xechem, Inc.*, 372 F.3d at 902. These cases are unremarkable, and do not support giving plaintiffs a pass on their pleading obligations to justify a greater-than-six-year recovery period.

Those pleading requirements are well-established. Plaintiffs must allege facts that, taken as true, meet the standard for fraudulent concealment and would entitle plaintiffs to toll the applicable statute of limitations and recover damages pre-dating December 29, 2000. As explained in defendants' opening brief and further addressed below, plaintiffs have failed to do so.

### 2. The Facts Alleged By Plaintiffs in Their Amended Complaint Are Not Sufficient to Satisfy Their Burden

Against *Schaefer*'s requirement that a plaintiff demonstrate fraudulent concealment to toll ERISA's statute of limitations and state a claim for damages pre-

dating the six-year limitations period, plaintiffs' assertion that their Amended Complaint is "replete with allegations of fraud *or* concealment" (Pls.' Resp. at 13 (emphasis added)) is insufficient to escape dismissal of claims for damages pre-dating December 29, 2000. As set out in defendants' opening brief, the Eighth Circuit requires that in order to invoke fraudulent concealment as a basis for tolling the applicable ERISA statute of limitations, a plaintiff is required to allege facts to show a defendant's *actual* concealment, which is "more than merely a failure to disclose." *Schaefer*, 853 F.2d at 1491. Accordingly, plaintiffs here must specifically allege that defendants engaged in "some trick or contrivance intended to exclude suspicion and prevent inquiry." *Larson*, 21 F.3d at 1173 (citation and internal quotation marks omitted). *See also Kurz*, 96 F.3d at 1552.

In opposition to defendants' motion, plaintiffs are able to point only to the Amended Complaint's allegations of failures to disclose. (Pls. Resp. at 13-14 (citing, *e.g.*, alleged failure "properly to inform and/or disclose" and deprivation "of true and accurate information" by the "failure to disclose … information about [] fees and expenses").) The allegations cited by plaintiffs therefore fail to meet the Eighth Circuit's specific requirement that a plaintiff show "more than merely a failure to disclose" to sustain claims for damages pre-dating December 29, 2000. *Schaefer*, 853 F.2d at 1491.[9]

Plaintiffs' assertion that they "discovered [d]efendants' breaches in 2006" (Pls.' Resp. at 4)—an assertion made in plaintiffs' brief but not in the Amended Complaint—is

---

[9] In their brief, plaintiffs also allege that many Plan investment options from 2000 to the present were imprudently selected before 2000, even though the damages, and Defendants' fiduciary breaches in connection with these funds, continue to this day. (Pls.' Resp. at 3-4) But the only claim that plaintiffs can make is that defendants were potentially imprudent to keep some of the investment selections dating back to 1995 in the fund lineup *during* the limitations period. (*See generally* Exhibit I-C to Fidelity Defendants' Motion to Dismiss [Dkt.#46] at Schedule C (Trust Agreement provisions identifying investment lineup at origination of Fidelity relationship in 1995).) In pursuing such a claim, plaintiffs must necessarily rely on communications and actions that took place *within* the period of limitations, and not on any of the actions that took place before it. And just as significantly, plaintiffs do not allege that the lineup of investment options was hidden from plaintiffs prior to December 29, 2000; to the contrary, it was plainly apparent.

9

unavailing.  First, no specific "date of discovery" of any alleged fraud or concealment is to be found anywhere in plaintiffs' Amended Complaint.  Without alleging a "date of discovery" *and* the particulars of how defendants fraudulently concealed plaintiffs' cause of action until that date, plaintiffs fail to set forth facts necessary to state a claim with the particularity demanded by Federal Rule of Civil Procedure 9(b).  *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002); *Commercial Prop. Invs., Inc. v. Quality Inns, Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).  In fact, in *Hoover v. Langston Equip. Assocs., Inc.*, the Sixth Circuit specifically considered an assertion by plaintiffs that they were "required to [p]lead only the date of discovery and that they are not required to plead a matter such as fraudulent concealment that applies to tolling the statute" of limitations.  958 F.2d at 745.  The court rejected the plaintiffs' contention, holding that the plaintiff could not sustain the argument that "the statute of limitations did not commence to run" based on an alleged "date of discovery."  *Id.*  Instead, the Sixth Circuit held that a plaintiff is required to affirmatively allege fraudulent concealment to toll the statute of limitations.  *Id.*

Second, plaintiffs simply do not allege that there was any concealment of their core allegation—that ABB, due to the Plans' size, could have sought out less expensive investment options (such as "separate accounts").  Indeed, inasmuch as U.S. Department of Labor publications have long advised 401(k) plan participants of that very fact, [10] any

---

[10] For instance, a Department of Labor pamphlet for 401(k) plan participants (available on the Department's website) specifically notes that "[l]arger plans, by virtue of their size, are more likely to pool investments on their own -- for example, by using a separate account held with a financial institution.  Smaller plans generally invest in commingled pooled investment vehicles offered by financial institutions, such as banks, insurance companies or mutual funds."  *A Look at 401(k) Plan Fees* at 8 (available at http://www.dol.gov/ebsa/pdf/401kFeesEmployee.pdf).

allegation that the defendants in this case took steps to conceal the availability of such investment options to large plans would be laughable.

**C.      Plaintiffs' "Single Scheme" Argument Has No Support In The Law**

In an alternative effort to avoid dismissal of claims pre-dating December 29, 2000, plaintiffs assert that defendants' alleged conduct in breach of their fiduciary duties was in furtherance of a "single scheme." (Pls.' Resp. at 14). Relying on *La Scala v. Scrufari*, 479 F.3d 213 (2d Cir. 2007), plaintiffs argue that the Amended Complaint alleges a single, ongoing scheme that began before and "continued well past December 29, 2000," such that "none of Defendants' actions in furtherance of this scheme are time barred." (Pls.' Resp. at 15). But *La Scala* does not stand for the proposition that a plaintiff is entitled to recover damages for a period pre-dating ERISA's applicable statute of limitations period, and plaintiffs' citation to the case is misleading. The *La Scala* court only noted, in the *dicta* cited by plaintiffs, that the defendant's alleged breaches of fiduciary duty occurred within the limitations period, so that the plaintiff's claim was not time-barred in its entirety. *La Scala*, 479 F.3d at 220 n.1.

Assuming *arguendo* that *La Scala* could be read to support plaintiffs' theory, courts in the Eighth Circuit have rejected the idea that a "continuing violation" of ERISA tolls the statute of limitations. *See Angell v. John Hancock Life Ins. Co.*, 421 F. Supp. 2d 1168, 1175 (E.D. Mo. 2006); *see also Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1332 (9th Cir. 1996). Indeed, to hold otherwise would render ERISA's statute of limitations a nullity, for the statute of limitations would only apply in instances where a defendant had ceased entirely the conduct alleged to give rise to a plaintiff's cause of action.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs' claim that they are entitled to damages for any time prior to December 29, 2000.

Respectfully submitted,

October 25, 2007

By: /s/ Stephen D. Brody

Richard N. Bien, #31398
Adam B. Walker, #56299
LATHROP & GAGE L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, Missouri 64108-2684
Tel.: (816) 292-2000
Facimile: (816) 292-2001

Robert N. Eccles
Brian D. Boyle
Stephen D. Brody
Shannon M. Barrett
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Tel.: (202) 383-5300
Facsimile: (202) 383-5414

*Counsel for Defendants Fidelity Management Trust Company and Fidelity Management & Research Company*

By: /s/ William J. Delany

Brian T. Ortelere
William J. Delany
Catherine A. Cugell
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19101-2921

*Counsel for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2007, the foregoing was filed and service made by the Court's Electronic Case Filing (ECF) system to:

| | |
|---|---|
| Jerome J. Schlichter<br>Daniel V. Conlisk<br>Heather Lea<br>Schlicter, Bogard & Denton<br>100 South 4th Street, Suite 900<br>St. Louis, MO 63102<br><br>**Attorneys for Plaintiffs** | Brian T. Ortelere<br>William J. Delany<br>Catherine A. Cugell<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA 19101-2921<br><br>**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.** |
| Thomas E. Wack<br>Jeffrey S. Russell<br>Bryan Cave LLP<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102<br><br>**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.** | |

/s/ Stephen D. Brody