UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

RONALD TUSSEY, et al.,

                Plaintiffs,

v.

ABB, INC., et al.,

                Defendants.

CIVIL ACTION
No. 06-CV-04305

(Judge Nanette K. Laughrey)

**FIDELITY DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED
COMPLAINT FOR BREACH OF FIDUCIARY DUTY**

Defendants Fidelity Management Trust Company ("FMTC") and Fidelity

Management & Research Company ("FMRCo") (collectively the "Fidelity Defendants")

herewith file the following Answer to Plaintiffs' Amended Complaint for Breach of

Fiduciary Duty (the "Amended Complaint") pursuant to Rules 7 and 8 of the Federal

Rules of Civil Procedure. Unless specifically admitted, the Fidelity Defendants deny

each and every allegation against them and deny liability to Plaintiffs. To the extent that

Plaintiffs have included headings or impertinent material that are inappropriate under

Rules 8 and 12(f) of the Federal Rules of Civil Procedure, no response is necessary and

any such inappropriate material should be stricken. In any event, to the extent any

headings or inappropriate material are deemed to require a response, the Fidelity

Defendants deny them.

        Subject to the foregoing, the Fidelity Defendants respectfully admit, deny and

assert as follows:

        1.      The Fidelity Defendants admit that Plaintiffs purport to assert claims on

behalf of a class of participants and beneficiaries of the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc. (the "Plans"), but deny that Plaintiffs are entitled to any relief on their claims.  To the extent that paragraph 1 states legal conclusions, the Fidelity Defendants have no obligation to provide a response.

2.      The Fidelity Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3.      The allegations in paragraph 3 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, the Fidelity Defendants admit that plaintiff Ronald Tussey's address of record is Lake Ozark, Missouri but deny that Mr. Tussey is a participant in the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc.  Except as so admitted and denied, the Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 3.

4.      The allegations in paragraph 4 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, the Fidelity Defendants admit that plaintiff Charles Fisher's address of record is Argyle, Missouri and admit that Mr. Fisher is a participant in the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc.  Except as so admitted, the Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 4.

5.      The allegations in paragraph 5 of the Amended Complaint assert legal

conclusions to which no response is required.  To the extent a response is required, the Fidelity Defendants admit that plaintiff Timothy Herndron's address of record is Webster Groves, Missouri and admit that Mr. Herndron is a participant in the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc.  Except as so admitted and denied, the Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 5.

6.      The allegations in paragraph 6 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, the Fidelity Defendants admit that plaintiff Timothy Pinnell's address of record is Jefferson City, Missouri and admit that Mr. Pinnell is a participant in the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc.  Except as so admitted and denied, the Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 6.

7.      The Fidelity Defendants admit that ABB, Inc. ("ABB") is the plan sponsor of the Plans and assert that ABB's authority and responsibilities with respect to the Plans are determined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the governing Plan documents, which speak for themselves.  The Fidelity Defendants also admit that ABB's stock is publicly traded.  Except as specifically so admitted, the Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8.      The Fidelity Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 8.  Moreover, the allegations in paragraph 8 of the Amended Complaint assert legal conclusions to which no response is required.

3

9. The allegations in paragraph 9 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants admit that the Employee Benefits Committee of ABB, Inc. is the plan administrator of the Plans and assert that its authority and responsibilities with respect to the Plans are determined by ERISA and the governing Plan documents, which speak for themselves.

10. The Fidelity Defendants admit that the Pension Review Committee of ABB, Inc. is the named fiduciary of the Plans and assert that its authority and responsibilities with respect to the Plans are determined by ERISA and the governing Plan documents, which speak for themselves.

11. The Fidelity Defendants admit that the Amended Complaint purports to refer to the Pension & Thrift Management Group, John W. Cutler, Jr., the Benefits Committee, Pension Review Committee, and ABB collectively as "ABB."

12. The Fidelity Defendants admit that FMTC is a Massachusetts chartered trust company headquartered in Boston and that it has institutional clients and manages assets. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. The Fidelity Defendants admit that FMTC was designated as directed trustee of the Personal Retirement Investment and Savings Management Plan for Employees of Asea Brown Boveri Inc. Trust ("the Trust"), which holds assets of both Plans. The Fidelity Defendants further admit that as directed trustee, FMTC has fiduciary status, but this status is not relevant to the allegations in the Complaint. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 13

4

of the Amended Complaint.

14. The allegations in paragraph 14 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants admit that FMTC is a directed trustee and is a fiduciary in that role. However, the Fidelity Defendants deny that such fiduciary status is relevant to the allegations in the Complaint. Except as specifically so admitted, the Fidelity Defendants deny the remaining allegations in paragraph 14 of the Amended Complaint.

15. The Fidelity Defendants admit that FMTC served as discretionary manager to one Plan investment option, the U.S. Equity Index Commingled Pool, which was included in the Plans' investment line-up from May 1, 1995 through March 30, 2001, and in that capacity had a fiduciary role. However, the Fidelity Defendants deny that such fiduciary status is relevant to the allegations in the Complaint. Except as specifically so admitted, the Fidelity Defendants deny the remaining allegations in paragraph 15 of the Amended Complaint.

16. The Fidelity Defendants admit that paragraph 4(b) of the Trust Agreement Between Asea Brown Boveri Inc. and Fidelity Management Trust Company contained the following language up until July 1, 2000: "The Named Fiduciary may determine to offer as investment options only (i) securities issued by the investment companies advised by Fidelity Management & Research Company ("Mutual Funds"), (ii) securities issued by the investment companies not advised by Fidelity Management & Research Company ("Non-Fidelity Mutual Funds") as agreed to between the Sponsor and the Trustee, (iii) common stock of Westinghouse, Inc. ("Westinghouse Stock"), (iv) notes evidencing loans to Plan participants in accordance with the terms of the Plan, (v)

guaranteed investment contracts chosen by the Trustee, (vi) guaranteed investment contracts heretofor entered into by the Sponsor or predecessor trustee and specifically identified on Schedule "G" attached hereto ("Existing GICs"), (vii) collective investment funds managed by the Trustee and (viii) an outside managed GIC Fund, namely, the Income Fund[.]" Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 16 of the Amended Complaint. To the extent the allegations in paragraph 16 of the Amended Complaint assert legal conclusions, no response is required.

17. The Fidelity Defendants admit that FMRCo is an investment adviser to certain Fidelity mutual funds and that FMRCo is an affiliate of FMTC. The Fidelity Defendants further admit that Fidelity mutual funds are marketed through various channels. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 17 of the Amended Complaint. To the extent the allegations in paragraph 17 of the Amended Complaint assert legal conclusions, no response is required.

18. The Fidelity Defendants deny the allegations in paragraph 18 of the Amended Complaint. To the extent the allegations in paragraph 18 of the Amended Complaint assert legal conclusions, no response is required.

19. The Fidelity Defendants admit that affiliates of FMRCo compensate or make payments to third-parties, as disclosed in Fidelity mutual fund prospectuses. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20. The Fidelity Defendants admit that FMRCo is an investment adviser to certain Fidelity mutual funds offered as investment options in the Plans. Except as

6

specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21.     The Fidelity Defendants admit that Fidelity entities receive payments from third-party mutual fund companies in connection with the Plans' investment in certain outside mutual funds selected by the Plans' named fiduciary.  Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 21 of the Amended Complaint.

22.     The Fidelity Defendants deny the allegations in paragraph 22 of the Amended Complaint.  To the extent the allegations in paragraph 22 of the Amended Complaint assert legal conclusions, no response is required.

23.     The Fidelity Defendants admit that paragraph 23 of the Amended Complaint purports to refer to FMTC and FMRCo collectively as "Fidelity."

24.      The Fidelity Defendants admit that pursuant to paragraph 4(e)(iii)(B) of the Trust Agreement, FMTC was authorized to use the services of Fidelity Brokerage Services, Inc. and affiliates to execute trades for the Westinghouse Stock Fund (and later the Viacom Stock Fund).  Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25.     The Fidelity Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26.     The allegations in paragraph 26 of the Amended Complaint assert legal conclusions to which no response is required.

27.     The allegations in paragraph 27 of the Amended Complaint assert legal conclusions to which no response is required.

28.     The Fidelity Defendants deny the allegations in paragraph 28 of the Amended Complaint.  To the extent that paragraph 28 states legal conclusions, no response is required.

29.     The Fidelity Defendants admit that Plaintiffs purport to assert claims on behalf of a class consisting of the individuals described in paragraph 29 of the Amended Complaint, but deny that Plaintiffs are entitled to any relief on their claims.  To the extent that paragraph 29 states legal conclusions, no response is required.

30.     The Fidelity Defendants admit that, according to the Form 5500 for 2004 Plan year, dated December 31, 2004, there were 12,814 participants with account balances in the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc.  The Fidelity Defendants further admit that a trust has been created for each Plan and that each participant has an individual account under the respective Plan.  Except as specifically so admitted, Fidelity Defendants deny the remaining allegations in paragraph 30 of the Amended Complaint.  To the extent that paragraph 30 states legal conclusions, no response is required.

31.      The Fidelity Defendants deny the allegations in paragraph 31 of the Amended Complaint.  To the extent that paragraph 31 states legal conclusions, no response is required.

32.     The Fidelity Defendants admit that the Plans are defined contribution plans, that they are intended to be tax-qualified and that they have 401(k) features.

33.     The Fidelity Defendants admit that the Plans are administered through the Master Trust for Employee Benefit Plans of ABB Inc.  The Fidelity Defendants are without knowledge sufficient to form a belief as to the remaining allegations in paragraph

33 of the Amended Complaint.

34.     The Fidelity Defendants deny the allegations in paragraph 34 of the Amended Complaint and assert that the trust agreement speaks for itself.

35.     The Fidelity Defendants admit that only Plan participants, at their election, could invest Plan contributions in more than 20 investment options selected by the named fiduciary.  FMTC also admits that, until July 1, 2000 the Trust Agreement included the following language: "The Named Fiduciary may determine to offer as investment options only (i) securities issued by the investment companies advised by Fidelity Management & Research Company ("Mutual Funds"), (ii) securities issued by the investment companies not advised by Fidelity Management & Research Company ("Non-Fidelity Mutual Funds") as agreed to between the Sponsor and the Trustee, (iii) common stock of Westinghouse, Inc. ("Westinghouse Stock"), (iv) notes evidencing loans to Plan participants in accordance with the terms of the Plan, (v) guaranteed investment contracts chosen by the Trustee, (vi) guaranteed investment contracts heretofor entered into by the Sponsor or predecessor trustee and specifically identified on Schedule "G" attached hereto ("Existing GICs"), (vii) collective investment funds managed by the Trustee and (viii) an outside managed GIC Fund, namely, the Income Fund[.]"  Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36.     The Fidelity Defendants admit that the named fiduciary has included among the Plans' investment options certain Fidelity mutual funds for which FMRCo is an investment adviser and admit that such Fidelity mutual funds have also been made available to other investors.  Except as specifically so admitted, the Fidelity Defendants

deny the allegations in paragraph 36 of the Amended Complaint.

37.     The allegations in paragraph 37 of the Amended Complaint assert legal conclusions to which no response is required.

38.     The allegations in paragraph 38 of the Amended Complaint assert legal conclusions to which no response is required.

39.     The allegations in paragraph 39 of the Amended Complaint assert legal conclusions to which no response is required.

40.     The allegations in paragraph 40 of the Amended Complaint assert legal conclusions to which no response is required.

41.     The allegations in paragraph 41 of the Amended Complaint assert legal conclusions to which no response is required.

42.     The Fidelity Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.     The Fidelity Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44.     The Fidelity Defendants deny the allegations in paragraph 44 of the Amended Complaint, except that to the extent the allegations in paragraph 44 of the Amended Complaint purport to describe practices relating to unidentified "Funds" of unidentified "Plan fiduciaries," the Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 44 of the Amended Complaint.

45.     The Fidelity Defendants deny the allegations in paragraph 45 of the Amended Complaint, except that to the extent the allegations in paragraph 45 of the Amended Complaint purport to describe practices relating to an unidentified "Fund" and

unidentified "Plan participants" of an unidentified "Plan," the Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 45 of the Amended Complaint.

46.     The Fidelity Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47.     The Fidelity Defendants deny the allegations in paragraph 47 of the Amended Complaint, except that to the extent the allegations in paragraph 47 of the Amended Complaint purport to describe practices relating to unidentified "Plan service providers or others who do business with the Plan" or an unidentified "Fund," the Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 47 of the Amended Complaint.

48.     The Fidelity Defendants deny the allegations in paragraph 48 of the Amended Complaint to the extent that they purport to relate to the Fidelity Defendants.

49.     The Fidelity Defendants admit that FMTC has responsibility for providing recordkeeping services for the Plans.  The Fidelity Defendants further admit that Fidelity entities receive payments from third parties in connection with Plan investments in non-Fidelity mutual funds and that some of these monies are kept within the Fidelity organization.  Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50.     The Fidelity Defendants deny the allegations in paragraph 50 of the Amended Complaint.

51.     The Fidelity Defendants deny that Fidelity entities acting in the capacity of a service provider to the Plans received finders' fees, compensation in connection with

cash sweeps of Plan accounts, securities lending fees, or compensation in connection with foreign currency exchange. The Fidelity Defendants specifically deny that any Fidelity-brand mutual funds, or their investment adviser, are service providers to the Plans. The Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 51 to the extent they concern the practices of third-party service providers to the Plans.

52.     The Fidelity Defendants deny the allegations in paragraph 52 of the Amended Complaint, except that to the extent the allegations in paragraph 52 of the Amended Complaint purport to describe what "can result" in an unidentified "multi-billion dollar plan," the Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 52 of the Amended Complaint.

53.     The allegations in paragraph 53 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54.     The Fidelity Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     To the extent that paragraph 55 of the Amended Complaint can be read to allege that the Fidelity Defendants acted in a fiduciary capacity with respect to the selection of investment options for the Plan, the Fidelity Defendants deny the allegations in paragraph 55 of the Amended Complaint. To the extent that the allegations in paragraph 55 of the Amended Complaint assert legal conclusions, no response is required.

56.     The Fidelity Defendants admit that the Plans offered approximately 38

investment options in 2005, approximately 34 investment options in 2004, and approximately 29 investment options in 2003. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57. The Fidelity Defendants admit that, according to the applicable Forms 5500,the Plans held approximately $1.54 billion in assets as of December 31, 2005, approximately $1.51 billion in assets as of December 31, 2004, and approximately $1.47 billion in assets as of December 31, 2003.

58. The Fidelity Defendants admit that certain investment products are available only to institutional investors with substantial assets, and that these investment products can offer lower expenses for investment management than investment products available to smaller investors. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59. The Fidelity Defendants deny the allegations in paragraph 59 of the Amended Complaint.

60. The Fidelity Defendants deny the allegations in paragraph 60 of the Amended Complaint.

61. The Fidelity Defendants admit the allegations in paragraph 61 of the Amended Complaint.

62. The Fidelity Defendants deny the allegations in paragraph 62 of the Amended Complaint.

63. The Fidelity Defendants deny the allegations in paragraph 63 of the Amended Complaint.

64. The Fidelity Defendants admit that certain of the investment options in the

Plans have been and are actively managed, while other investment options in the Plans have been and are passively managed, and further admit that as a general matter, actively managed funds have higher fees than passively managed funds. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 64 of the Amended Complaint, except that to the extent the allegations in paragraph 64 of the Amended Complaint purport to describe practices relating to unidentified "actively-managed funds," unidentified "Fund managers" and unidentified "Passive managers," the Fidelity Defendants are without sufficient information to admit or deny the truth of the allegations in paragraph 64 of the Amended Complaint.

65.     The Fidelity Defendants deny the allegations in paragraph 65 of the Amended Complaint, except that to the extent the Amended Complaint fails to identify the authorities that "repeatedly . . . established" the position that is purported to be summarized in paragraph 65 of the Amended Complaint, the Fidelity Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations.

66.     The Fidelity Defendants deny the allegations in paragraph 66 of the Amended Complaint.

67.     The Fidelity Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68.     The Fidelity Defendants deny the allegations in paragraph 68 of the Amended Complaint.

69.     The Fidelity Defendants deny the allegations in paragraph 69 of the Amended Complaint.

70.     The Fidelity Defendants deny the allegations in paragraph 70 of the

Amended Complaint.

71.     The Fidelity Defendants deny the allegations in paragraph 71 of the Amended Complaint.

72.     The allegations in paragraph 72 of the Amended Complaint assert legal conclusions to which no response is required.  To the extent a response is required, the Fidelity Defendants deny the allegations in paragraph 72 of the Amended Complaint to the extent that they relate to the Fidelity Defendants and assert that they have no reason to believe that participants' rights and protections under ERISA are being or have been violated.

73.     The Fidelity Defendants deny the allegations in paragraph 73 of the Amended Complaint.

74.     The Fidelity Defendants restate and incorporate their responses to paragraphs 1 through 73 of the Amended Complaint.

75.     The allegations in paragraph 75 of the Amended Complaint assert legal conclusions to which no response is required.

76.     The Fidelity Defendants deny the allegations in paragraph 76 of the Amended Complaint to the extent that they relate to the Fidelity Defendants.

77.     The Fidelity Defendants deny the allegations in paragraph 77 of the Amended Complaint to the extent that they relate to the Fidelity Defendants.

78.     The Fidelity Defendants deny the allegations in paragraph 78 of the Amended Complaint.  To the extent the allegations in paragraph 78 of the Amended Complaint assert legal conclusions, no response is required.

79.     The Fidelity Defendants admit that FMTC is a party in interest, as that

15

term is defined in ERISA. Except as specifically so admitted, the Fidelity Defendants

deny the allegations in paragraph 79 of the Amended Complaint. To the extent the

allegations in paragraph 79 of the Amended Complaint assert legal conclusions, no

response is required.

80. The Fidelity Defendants deny the allegations in paragraph 80 of the

Amended Complaint and deny that plaintiffs are entitled to relief pursuant to ERISA. To

the extent the allegations in paragraph 80 of the Amended Complaint assert legal

conclusions, no response is required.

81. The Fidelity Defendants deny the allegations in paragraph 81 of the

Amended Complaint and deny that Plaintiffs are entitled to relief pursuant to ERISA. To

the extent the allegations in paragraph 81 of the Amended Complaint assert legal

conclusions, no response is required.

82. The Fidelity Defendants restate and incorporate their responses to

paragraphs 1 through 81 of the Amended Complaint.

83. The Fidelity Defendants admit that Plaintiffs seek relief pursuant to

ERISA § 502(a)(3) but deny that Plaintiffs are entitled to such relief.

84. The allegations in paragraph 84 of the Amended Complaint assert legal

conclusions to which no response is required.

85. The allegations in paragraph 85 of the Amended Complaint assert legal

conclusions to which no response is required. To the extent a response is required, the

Fidelity Defendants deny the allegations in paragraph 85 to the extent that they relate to

the Fidelity Defendants.

86. The allegations in paragraph 86 of the Amended Complaint assert legal

conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants deny the allegations in paragraph 86 to the extent that they relate to the Fidelity Defendants.

87. The allegations in paragraph 87 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants deny the allegations in paragraph 87 to the extent that they relate to the Fidelity Defendants.

88. The allegations in paragraph 88 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants deny the allegations in paragraph 88.

89. The allegations in paragraph 89 of the Amended Complaint assert legal conclusions to which no response is required.

90. The Fidelity Defendants deny the allegations in paragraph 90 of the Amended Complaint to the extent that they relate to the Fidelity Defendants.

91. The allegations in paragraph 91 of the Amended Complaint assert legal conclusions to which no response is required. To the extent a response is required, the Fidelity Defendants admit that FMTC has information as to how Plan assets are disbursed. Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 91 of the Amended Complaint to the extent that those allegations relate to the Fidelity Defendants.

92. The allegations in paragraph 92 of the Amended Complaint assert legal conclusions to which no response is required.

93. The allegations in paragraph 93 of the Amended Complaint assert legal

conclusions to which no response is required.

94.    The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 94 of the Amended Complaint.

95.    The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 95 of the Amended Complaint.

96.    The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 96 of the Amended Complaint.

97.    The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 97 of the Amended Complaint.

98.    The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 98 of the Amended Complaint.

99.    The Fidelity Defendants restate and incorporate their responses to paragraphs 1 through 98 of the Amended Complaint.

100.    The Fidelity Defendants admit that Plaintiffs seek relief against the Fidelity Defendants pursuant to ERISA § 502(a)(3) but deny that Plaintiffs are entitled to such relief.

101.    The allegations in paragraph 101 of the Amended Complaint assert legal conclusions to which no response is required.

102.    The Fidelity Defendants deny the allegations in paragraph 102 of the Amended Complaint.

103.    The Fidelity Defendants deny the allegations in paragraph 103 of the Amended Complaint.

104.    The Fidelity Defendants deny the allegations in paragraph 104 of the

18

Amended Complaint.

105.     The Fidelity Defendants deny the allegations in paragraph 105 of the Amended Complaint.

106.     The Fidelity Defendants admit that Fidelity entities receive payments from third parties in connection with Plan investments in non-Fidelity mutual funds and that some of these monies are kept within the Fidelity organization.  Except as specifically so admitted, the Fidelity Defendants deny the allegations in paragraph 106 of the Amended Complaint.  The Fidelity Defendants specifically deny that any compensation Fidelity entities received in connection with the Plans is traceable to specific funds in the possession of Fidelity entities.

107.     The Fidelity Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 107 of the Amended Complaint.

The Fidelity Defendants further deny that Plaintiffs are entitled to any of the relief requested in the Amended Complaint.

## **FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

Insofar as the Amended Complaint purports to allege claims of breach of fiduciary duty as a result of misrepresentations, the averments of the circumstances constituting the alleged fraud or mistake have not been alleged with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## SIX DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their lack of standing.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs exercised independent control over their Plan accounts.

## EIGHTH DEFENSE

The Plans at issue meet the relevant requirements of ERISA §404(c), 29 U.S.C. §1104(c).

## NINTH DEFENSE

To the extent that Plaintiffs assert claims under ERISA § 406, 29 U.S.C. § 1106, the claims are barred, in whole or in part, pursuant to ERISA § 408, 29 U.S.C. § 1108; Fidelity received no more than reasonable compensation.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2), and it seeks relief that is not appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because advisory fees paid by investment companies are governed not by ERISA but by the Investment Company Act of 1940, as amended.

## TWELFTH DEFENSE

Plaintiffs are not entitled to a jury trial.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

The Fidelity Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

## DEMAND FOR JUDGMENT

WHEREFORE, the Fidelity Defendants respectfully request that the Court:

a)      dismiss the Amended Complaint with prejudice;

b)      award the Fidelity Defendants their attorneys' fees and costs; and

c)      grant such other and further relief as it deems just and proper.

Dated: March 28, 2008                    Respectfully submitted,


                                        /s/ Stephen D. Brody

                                        Richard N. Bien
                                        Adam B. Walker
                                        Lathrop & Gage, L.C.
                                        2345 Grand Boulevard, Suite 2800
                                        Kansas City, MO 64108

                                        Robert N. Eccles
                                        Brian D. Boyle
                                        Stephen D. Brody
                                        Shannon Barrett
                                        O'Melveny & Myers LLP
                                        1625 I Street, NW
                                        Washington, DC 20006
                                        *Admitted pro hac vice*

                                        *Attorneys for Defendants Fidelity*
                                        *Management Trust Company and Fidelity*
                                        *Management & Research Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

| | |
|---|---|
| Jerome J. Schlichter<br>Daniel V. Conlisk<br>Heather Lea<br>Schlicter, Bogard & Denton<br>100 South 4th Street, Suite 900<br>St. Louis, MO  63102<br><br>**Attorneys for Plaintiffs** | Brian T. Ortelere<br>William J. Delany<br>Catherine A. Cugell<br>Morgan, Lewis & Bockius, LLP<br>1701 Market Street<br>Philadelphia, PA 19101-2921<br><br>**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.** |
| Thomas E. Wack<br>Jeffrey S. Russell<br>Bryan Cave LLP<br>211 North Broadway, Suite 3600<br>St. Louis, MO  63102<br><br>**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.** | |

                                    /s/ Stephen D. Brody
                            _____