IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RONALD C. TUSSEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-04305-CV-NKL |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion for Leave to Seek Class Discovery [Doc. # 200]. ABB and the Fidelity Defendants seek to serve eleven interrogatories on approximately 12,567 individual Plaintiff class members. For the reasons set forth below, Defendants' motion for leave to serve interrogatories on class members is denied.

**I.    BACKGROUND**

Plaintiff Ronald C. Tussey ("Tussey") and Timothy Hendron ("Hendron") respectively represent a class of all current and former participants in the PRISM Plan for Represented Employees of ABB, Inc., and the PRISM Plan for Employees of ABB, Inc. (the "Plans"). The Plans provide for individual account(s) for each participant and benefits are based solely upon the amount contributed to the participant's account(s), and any income, expenses, gains and losses from the participant's chosen investments. Defendants are ABB, Inc., and the committees and managers responsible for the Plans as

1

well as Fidelity Trust Management Corporation ("Fidelity Trust"), the trustee of the Plans, and one of its affiliates, Fidelity Management Research Co. (together the "Fidelity Defendants"). Tussey and Hendron allege that, until 2004, Plan participants were steered toward investments which were managed, operated or advised by Fidelity Trust or one of its affiliates. In addition, the investment options made available to the Plan participants charged higher fees to the Plan participants than were charged in the open market for the same product.

On December 3, 2007, this Court granted Plaintiffs' Motion to Certify Class, finding that individual issues of reliance and materiality did not prevent certification under Rule 23. (Doc. 183). The Eighth Circuit denied ABB and the Fidelity Defendants' request to review the class certification issue. (Doc. 211). ABB and the Fidelity Defendants now request leave to send eleven interrogatories to absent class members which in large part relate to issues raised in their suggestions in opposition to class certification.

## II.    DISCUSSION

Discovery of absent class members causes conflict between "the competing interests of the absent class members in remaining passive and the defendant in having the ability to ascertain necessary information for its defense." *See Morgan v. UPS of Am.*, 1998 U.S. Dist. LEXIS 20197 (E.D. Mo. Oct. 16, 1998) (citing *Redmond v. Moody's Investor Service*, 1995 U.S. Dist. LEXIS 6277 (S.D.N.Y. May 10, 1995)). Absent class members should not be required to submit to discovery as a matter of course. *Brennan v.*

2

*Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971). Discovery of absent class members is appropriate when necessary to the proper presentation and correct adjudication of the principal suit. *Id.* However, a "strong showing" is required before discovery of absent class members is compelled. *Morgan v. UPS of Am.*, 1998 U.S. Dist. LEXIS 20197 (E.D. Mo. Oct. 16, 1998).

> A. **ABB and the Fidelity Defendants' Proposed Interrogatories**

Proposed Interrogatory 1 requests participants to state which PRISM plan the participants invested in and what changes they have made in their allocations.[1]

Proposed Interrogatory 2 requests information as to participants' investment strategies.

Proposed Interrogatory 3 requests information about material each participant reviewed before making decisions about investment options they selected.

Proposed Interrogatory 4, in essence, duplicates request 3, only asking specifically about prospectuses, fact sheets or on-line information made available by ABB and the Fidelity Defendants.

Proposed Interrogatory 5 requests whether a participant attended a presentation about the Plans' investment options and, if so, what material he or she reviewed after the presentation.

Proposed Interrogatory 6 requests specifically if a participant reviewed fee information in the materials they reviewed.

---

[1] It also requests the "reasons" for any changes, a request essentially duplicated in Interrogatory No. 2.

Proposed Interrogatory 7 requests that participants provide information about outside advice a participant may have obtained with regard to the Plans' investment options.

Proposed Interrogatory 8 asks about any requests a participant has made to ABB or the Fidelity Defendants.

Proposed Interrogatory 9 requests information about any complaints a participant has filed about the Plans.

Proposed Interrogatories 10 and 11 request information about whether a participant has "rolled over" any funds into or out of the Plans.

Without analyzing Defendants' argument further, the Court would not permit Defendants to submit Proposed Interrogatory 1 and Proposed Interrogatories 8 through 11 as information included in those Proposed Interrogatories is more readily available to Defendants than Plaintiffs. Nor would the Court permit Defendants to send Proposed Interrogatory 4 as it is duplicative of Proposed Interrogatory 3.

The remaining Proposed Interrogatories 2 and 3 and 5 through 7 to absent class members are duplicative of information they gained from depositions from the named Plaintiffs. Indeed, ABB and the Fidelity Defendants provide testimony from Tussey and Hendron to support their position that Plaintiffs were a "substantial contributing factor" in any gains or losses to their individual accounts or cannot show detrimental reliance. (Doc. 201, Ex. D, E). In short, there is simply no showing that class-wide discovery is necessary to the proper presentation and correct adjudication of the underlying suit.

Instead, the Defendants' motion seeks to re-litigate the Court's finding that the named Plaintiffs' claims are sufficiently common and typical to warrant Rule 23 certification. This Court concurs with the analysis set forth in *Rogers v. Baxter Int'l Inc.*, 2007 U.S. Dist. LEXIS 74268 (N.D. Ill. Oct. 4. 2007).

### B. Materials or Advice on Which Class Members Relied

As in *Rogers*, Plaintiffs in this case allege misrepresentation and nondisclosure of material information in the documents provided to participants in the Plans. Proposed Interrogatories Nos. 3 and 5 through 7 request information regarding the materials or advice on which class members relied to make their Plan investment decisions during the class period. Defendants' second Proposed Interrogatory seeks an explanation of the reasons that the absent class members chose to allocate their 401 (k) contributions to given investment options.

#### 1. Detrimental Reliance

Defendants argue that they are entitled to conduct discovery to determine whether class members in fact relied on the Plans' distributed materials or whether they relied on other information in making their investment decisions. Defendants contend that one of the essential elements of a claim for breach of fiduciary duty based on an alleged misrepresentation is detrimental reliance by the plaintiff on the misrepresentation. Tussey and Hendron insist that the information sought in these interrogatories is not necessary for Defendants' trial preparation because detrimental reliance is not an element of a claim of fiduciary misrepresentation. This Court has already considered Defendants' arguments

5

regarding individualized proof of materiality and reliance in connection with its class certification order. As in *Rogers*, this Court held that individual questions of materiality and reliance did not preclude class certification of the section 502(a)(2) claims. Claims arising under section 502(a)(2) are representative by nature and any recovery involves plan-wide relief. *See Smith v. Aon Corp.*, 238 F.R.D. 609, 616 (N.D. Ill. Nov. 29, 2006) (stating "plaintiffs appropriately bring this action in a representative capacity, seeking Plan-wide relief on behalf of the Plan itself. No issues relative to any individual Plaintiff are presented, and individual Plaintiffs are not required to establish detrimental reliance."). Individual reliance information will not help resolve the common questions of law and fact outlined by this Court in its December 3, 2007 Order: (1) whether ABB and the Fidelity Defendants breached their fiduciary duties owed to the Plan, Plan participants and beneficiaries; (2) whether ABB and the Fidelity Defendants' communications to the Plan and Plan participants provided complete and accurate information concerning the costs of investing in Fidelity-advised funds; (3) whether ABB and the Fidelity Defendants agreed to set excessive fees; (4) whether the Plan and Plan participants were injured by such alleged breaches; and (5) whether the Class is entitled to damages and injunctive relief. *See Loomis v. Exelon Corp.*, 2007 U.S. Dist. LEXIS 46893 (N.D. Ill. June 26, 2007), and *In re Aquila ERISA Litigation*, 237 F.R.D. 202 (W.D. Mo. 2006). (Doc. 183). Proof of these common questions focuses primarily on defendants' conduct, not the actions of individual participants, and such evidence is common to all class members.

### 2. ERISA § 404(c) Affirmative Defense

Under ERISA § 404(c), where a pension plan "provides for individual accounts and permits a participant or beneficiary to exercise control over the assets in his account, if a participant or beneficiary exercises control over the assets in his account (as determined under regulations of the Secretary)," then "no person who is otherwise a fiduciary shall be liable . . . for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control." 29 U.S.C. § 1104(c)(1). To qualify for section 404(c) protection, ABB must have complied with the lengthy requirements of 29 C.F.R. § 2550.404c-1 which specify the components of disclosure and choice regarding the Plan. 29 U.S.C. § 1104(c)(1).

Defendants argue that class-wide discovery is necessary to prove their section 404(c) affirmative defense. As with detrimental reliance, the Defendants' request does not address the common issues of law and fact outlined by the Court. In addition, Defendants have shown that they already possess evidence relevant to their defense through their depositions of the named Plaintiffs.

Defendants have not met their burden of a "strong showing" demonstrating that proof of the specific circumstances that led each class member to choose an investment option is needed before the common issues of fact and law are resolved.

The proposed interrogatories provide in their opening paragraph clear language that an absent class member served must respond within 30 days or face exclusion from the class or dismissal with prejudice, clearly " a tactic to take undue advantage of the

class members or as a stratagem to reduce the number of claimants." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971); *Rogers, id.* ("Defendants' suggestion that discovery of 14,511 absent class members' holdings in 15 different types of investments on a quarterly basis since 2001 to the present for purposes of demonstrating atypicality based on class members' divergent personal investment needs, objectives, and risk tolerances in a decertification context is not a reasonable approach.").

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that:

The Defendants' Motion for Leave to Seek Class Discovery [Doc. # 200] is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: May 7, 2008  
Jefferson City, Missouri