UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Charles Fisher as representative of a class of similarly situated persons, and and **on behalf of the PRISM Plan for Represented Employees of ABB, Inc.** and Ronald Tussey, Timothy Hendron and Timothy Pinnell as representatives of a class of similarly situated persons, and **on behalf of the PRISM Plan for Employees of ABB, Inc.**, <br><br>Plaintiffs; <br><br>v. <br><br>ABB, Inc., John W. Cutler, Jr., Pension Review Committee of ABB, Inc., Pension & Thrift Management Group of ABB, Inc. Employee Benefits Committee of ABB, Inc., Fidelity Management Trust Company, and Fidelity Management & Research Co. <br><br>Defendants. | Cause No: 2:06-CV-04305 NKL |

**COMBINED OPPOSITION TO FIDELITY DEFENDANTS' AND
ABB DEFENDANTS' MOTIONS TO DEEM ADMITTED**

**Table of Contents**

I.    Preliminary Statement ............................................................................................. 1

II.   The Timing of Defendants' Motions. ...................................................................... 2

III.  Plaintiffs Fulfilled the Letter and the Spirit of Local Rule 56.1's Requirements ............... 3

IV.   Eighth Circuit and This Court's Case Law Belie Defendants' Insistence That Any Shortcomings In Plaintiffs' Oppositions To Defendants' Facts Requires That Such Facts Be Deemed Admitted. ................................................................................ 5

V.    *Jones v. United Parcel Service*, On Which Defendants Principally Rely, Has Nothing In Common With This Case. ......................................................................... 9

VI.   Even If Plaintiffs Did Not Comply With Local Rule 56.1, Striking The ASOF And Deeming Defendants' Facts Admitted Is Unwarranted and Unnecessarily Harsh. .......... 11

VII.  Defendants' Motions Are Another Attempt To Advance Arguments That Did Not Fit Into Their Reply Briefs. ........................................................................................ 11

VIII. Defendants' Specific Challenges To Plaintiffs' ASOF Demonstrate The Tactical Gamesmanship Of Their Motions. ........................................................................ 12

IX.   Conclusion. ........................................................................................................ 15

# Table of Authorities

**Cases**

*Anda v. Wickes Furniture Co.*, 517 F.3d 526 (8th Cir. 2008) ........................................................ 6

*Gatewood v. Columbia Pub. Sch. Dist.*, 415 F.Supp. 2d 983 (W.D. Mo. 2006) ........................... 7

*Jenkins v. Winter,* 540 F.3d 742 (8th Cir. 2008) ................................................................. 3, 5, 6

*Jones v. United Parcel Service*, No. 4:03-cv-00284 (W.D. Mo. Filed April 7, 2005) ................... 9

*Jones v.UPS,* 461 F.3d 982 (8th Cir. 2006) .................................................................................. 9

*Levine v. Roebuck*, 2007 WL 3046582 (W.D. Mo. Oct. 16, 2007) ........................................... 3, 6

*McAninch v. Federal Express Corp.*, 398 F.Supp.2d 1025 (S.D. Iowa 2005) ............................ 12

*Northwest Bank & Trust Co. v. First Ill. Nat. Bank*, No. 3-00-CV-90023 (S.D. Iowa filed July 16, 2002) ......................................................................................................................... 11

*Northwest Bank & Trust Co. v. First Illinois Nat. Bank,* 221 F.Supp.2d 1000 (S.D. Iowa 2002) ............................................................................................................................... 10, 11

*Northwest Bank & Trust Co. v. First Illinois Nat. Bank,* 354 F.3d 721 (8th Cir. 2003) .............. 10

*U.S. v. Cacioppo*, 460 F.3d 1012 (8th Cir. 2006) ......................................................................... 5

**Rules**

FED. R. EVID. 801(d)(2) ............................................................................................................... 12

I.  **Preliminary Statement**

In their Motions for Summary Judgment, Defendants posited 486 paragraphs of purportedly undisputed facts (ABB – 232; Fidelity – 254) spanning 102 pages (ABB – 50; Fidelity 52). *See* Docs. 258, 282, 284. Defendants lifted the vast majority of these "facts" out of context to tender, as undisputed, hundreds of contentions that are disputed, irrelevant and immaterial, and/or misleading without proper context. Defendants' inclusion of the kitchen sink of 486 paragraphs of "facts" created a quagmire into which, they contend, Plaintiffs were required to jump.

Faced with this, Plaintiffs sought to present a coherent explanation of the facts in a much more concise manner and present the background and context that makes them understandable and meaningful. Thus, Plaintiffs filed a 272 paragraph, 74 page Statement of Additional Statement of Facts ("ASOF")[1] responding to Defendants' 486 paragraphs and 102 pages. Plaintiffs provided a table, for each Defendants' Motion for Summary Judgment, detailing which paragraphs of the ASOF disputed, explained or provided proper context for Defendants' contentions. By filing a single and more concise statement, Plaintiffs intended to simplify the Court's consideration of the Motions.

Plaintiffs' Opposition to Defendants' Motions for Summary Judgment and the ASOF plainly controvert Defendants' material facts, reveal issues in dispute, and identify the facts that underlie those disputed issues, including:

- The facts central to Plaintiffs' claim that Defendants violated the PRISM Plans' Investment Policy Statement, including that Defendants failed to fully leverage the purchasing power afforded to the Plan, to ensure all available alliance rebates offset

---

[1] "ASOF" " refers to Pls' "Additional Statement of Facts" contained in their Suggestions in Opp'n to ABB's M. Summ. J. (Doc. 307) and Suggestions in Opposition to Fidelity Defendants' Motion for Summary Judgment (Doc. 308).

1

administrative costs, and to adequately monitor Fidelity and its compensation; ASOF 11-18; 222-254.

- The facts demonstrating that Defendants failed to properly monitor the Plans' investments and service providers. ASOF 222-254.

- The facts demonstrating that Fidelity is a fiduciary. ASOF 86-111, 120-140.

- The facts demonstrating that ABB received prohibited benefits from Fidelity. ASOF 157-186.

Plaintiffs respectfully submit that their response to Defendants' facts complies with the letter and spirit of the Court's Local Rules. Nonetheless, Defendants insist that, by responding in this manner, Plaintiffs' so seriously and flagrantly violated this Court's rules that it must impose the draconian remedy of striking Plaintiffs' factual responses and, as a result, entering judgment in Defendants' favor.

This case has, to this point, required three years' work, including extensive briefing on Defendants' Motions to Dismiss, an Order denying them, depositions of nearly 30 fact and expert witness, extensive class certification briefing, the certification of a class, Defendants' attempt to appeal class certification to the Eighth Circuit Court of Appeals, countless discovery hearings, and the review of close to 200,000 pages of documents produced in discovery. In light of this, Plaintiffs respectfully submit that, if the Court finds that their responses to Defendants' Motions for Summary Judgment do not properly comply with the Court's Rules, Plaintiffs be granted leave to correct any errors as the Court finds necessary. Such an extreme sanction as deeming all facts admitted is unduly harsh and unnecessary in the circumstances here.

II. **The Timing of Defendants' Motions.**

Local Rule 7.1(f) limits reply briefs to ten pages. Despite this page limit, on April 15, 2009, Defendants' sought Plaintiffs' consent to file reply briefs of 15 pages. When Plaintiffs indicated that they would not consent, and would object to Defendants' request, Defendants

2

decided not to request that the Court allow them additional pages. *See* electronic communication between Plaintiffs' counsel and Defendants' counsel dated April 15-16, 2009, attached hereto as Exhibit A. Instead, they filed multiple extraneous motions with their Reply Briefs so as to circumvent the Courts' page limitation and make further substantive argument. *See e.g.* Defendants' ABB's Motion for Leave to File Additional Reply Suggestions of Law Regarding Plaintiffs' Attempt to Distinguish *Hecker* and *Braden*, Doc. 345. Indeed, even if Plaintiffs had filed a response to Defendants' Motions for Summary Judgment in a format more to Defendants' liking, Defendants still would have filed these Motions. Defendants ultimately disagree with the facts upon which Plaintiffs rely to controvert, explain, provide context for, or complete Defendants' purportedly undisputed facts. Defendants wish additional argument that they could not fit in their Reply Briefs.

III.     **Plaintiffs Fulfilled the Letter and the Spirit of Local Rule 56.1's Requirements.**

Local Rule 56.1 requires that suggestions in opposition to a motion for summary: (1) include "a section that contains a concise listing of material facts as to which the [opposing] party contends a genuine issue exists;" (2) set forth each fact in dispute in a separate paragraph; (3) each fact "refer specifically to those portions of the record upon which the opposing party relies;" and (4) if applicable, "state the paragraph number in movant's listing of facts that is disputed." Local Rule 56.1; *See Jenkins v. Winter,* 540 F.3d 742, 747 (8th Cir. 2008) (holding district court erred in disregarding plaintiffs' additional facts and reasoning that "Local Rule 56.1 does not require *Jenkins* to specifically controvert in numbered paragraphs the Navy's statement of facts. . ."). The purpose of the Local Rule is to make certain that the Court is able to discern the material, factual issues which are disputed. *See Levine v. Roebuck*, 2007 WL 3046582 (W.D. Mo. Oct. 16, 2007)(J. Laughrey) (holding that defendants' failure to comply with local rules did

3

not prevent the court from determining which relevant facts are in dispute and finding that it would be too harsh a sanction to strike defendants' response).

Plaintiffs' ASOF does exactly that. First, it contains the material facts which are in genuine dispute. In the context of a case with the complexity of this one, Plaintiffs' responses and statements are concise. It contains 272 paragraphs, more than 200 fewer than Defendants' Motions, and includes the disputed facts regarding ABB and Fidelity's Motions in a single, cohesive manner. Second, it sets forth such facts in separate paragraphs. Third, each paragraph refers to the portion of the record upon which Plaintiffs rely.

Fourth, each of Plaintiffs' Oppositions to Defendants' Motions contains a table setting forth whether Plaintiffs admit, deny, or deny in part each of Defendants' factual contentions and refer to paragraphs of Plaintiffs' ASOF which controvert, provide context for, explain, ensure accuracy and completeness of, or tell the whole story regarding, the factual issues Defendants contend are uncontroverted. To the extent that several of Defendants' factual paragraphs build upon each other to reach inaccurate conclusions, Plaintiffs' grouped their responses for the sake of clarity, context, and completeness. From this table, Plaintiffs plainly demonstrate which facts are in dispute and which ASOF contain the necessary citations to the record upon which Plaintiffs rely.

Defendants' arguments that this Court's Rule must be applied so as to modify these basic requirements are unfounded. If the United States District Court for the Western District of Missouri intended to impose the requirements which the Defendants insist Plaintiffs must fulfill, it could have, and would have, expressly done so. *Cf* Northern District of Ill. L.R. 56.1(b)(3) (requiring opposing parties to summary judgment motions to include: "a concise response to the movant's statement that shall contain: (A) numbered paragraphs, each corresponding to and

4

stating a concise summary of the paragraph to which it is directed, and (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon"). It did not. The Court can apply the plain language of Local Rule 56.1 and not infer additional requirements as Defendants urge. *See Jenkins,* 540 F.3d at 747; *U.S. v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006).

IV. **Eighth Circuit and This Court's Case Law Belie Defendants' Insistence That Any Shortcomings In Plaintiffs' Oppositions To Defendants' Facts Requires That Such Facts Be Deemed Admitted.**

In *Jenkins*, 540 F.3d at 746-48, the Court rejected defendant's argument – much like that which Defendants make here – that defects in compliance with Local Rule 56.1 required that all facts plaintiffs tendered in opposition to defendants' motion for summary judgment be disregarded and all defendants' facts be deemed admitted. *Id.* at 746-748. In doing so, it held that the district court abused its discretion in granting defendant's motion and in not considering plaintiff's facts. *Id.*

There, as here, plaintiffs had allegedly "failed to specifically controvert in numbered paragraphs the Defendant's statement of facts in her response to the pending motion for summary judgment." *Id.* at 746. There, unlike here, "less than half of plaintiffs' facts referenced the specific paragraph number in the [defendant's] listing of facts." *Id.* at 747. The Court nonetheless overturned the district court's order, reasoning that "this is required only if applicable. Local Rule 56.1 does not require [plaintiff] to specifically controvert in numbered paragraphs the [defendant's] statement of facts (contrary to the district court's conclusion)." *Id.*

The Eighth Circuit further reasoned that, "[plaintiff] disputed the material facts most relevant to the issues raised in the summary judgment motion" such that the "district court erred

5

in not considering *Jenkins's* statement of facts." *Id.; citing Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (considering a summary judgment motion, the district court views the evidence and draws all inferences in a light most favorable to the non-moving party). Here, *all* Defendants' SUMFs are cross-referenced to the portions of Plaintiffs' ASOF which they controvert, provide context for, explain, ensure accuracy and completeness of, or tell the whole story regarding. Here, again like *Jenkins*, Plaintiffs have unambiguously controverted the most relevant facts to the issues raised in Defendants' Summary Judgment Motions, as set forth above.

This Court's case law, before *Jenkins*, has applied the same reasoning to reach the same conclusion. In *Levine v. Roebuck*, 2007 WL 3046582 (W.D. Mo. Oct. 16, 2007)(J. Laughrey) the defendant non-movants "did not comply with Local Rule 56.1's requirement that '[e]ach fact shall be set forth in a separately numbered paragraph,'" and "also tend[ed] to state their facts in paragraph form, but instead of providing a citation to the record for each sentence, they often rely on a single citation at the end of the paragraph. *Id.* at *1. The Court refused to strike the defendants' response, reasoning that these shortcomings did not prevent the plaintiff-movant from being able to identify specific factual statements, and he was able respond to many of "defendants' factual allegations through his own Statement of Additional Facts, as well as in his responses to a [co-defendant's] statement of facts." [2] *Id.* As a result, the Court held that it would not strike [defendants'] statement of facts because it would be too harsh a sanction and that the "record is sufficiently clear and developed that the Court can determine which relevant facts are uncontroverted." *Id.*

Here, *Levine*'s reasoning and holding apply, and even more strongly. Plaintiffs' facts are set forth in separately numbered paragraphs and are supported by record citations for every

---

[2] Here, while claiming to be stymied by Plaintiffs' ASOF, Fidelity filed 274 paragraphs in response to them. Doing so not only belies Defendants' arguments here, but clearly indicate that this case presents a myriad of factual disputes. Doc. 354.

6

sentence. They are cross-referenced to each of Defendants' factual allegations. Defendants' complaint is that such cross-references should have been more narrow. But Defendants' argument is simply an insistence that Plaintiffs accept their strategy of lifting "facts" out of context and stringing them together so as to present an inaccurate and incomplete version of the true factual underpinnings of this case. Plaintiffs respectfully submit that, as in *Levine*, the "record is sufficiently clear and developed that the Court can determine which relevant facts are uncontroverted" such that deeming all of Defendants' factual allegations admitted would be too harsh as sanction if, despite Plaintiffs' efforts to comply with Local Rule 56.1 while simplifying the material facts, they have failed to comply with the Rule.

*Gatewood v. Columbia Pub. Sch. Dist.*, 415 F.Supp. 2d 983 (W.D. Mo. 2006)(J. Laughrey) reaches the same result. There, in response to defendant's motion for summary judgment, plaintiff filed a twenty-seven page document. *Id.* at 985. But he "also submitted an additional set of facts to support his claim. Plaintiff's additional statement of facts consisted of 182 paragraphs of factual assertions, many of which contained subparts. [Plaintiff's] additional facts were approximately sixty-eight pages in length." *Id.* Thus, unlike here, plaintiff's additional facts in *Gatewood* dwarfed the facts which defendant had tendered. The opposite is true here; Plaintiffs' ASOF is more than 200 paragraphs shorter than Defendants' SUMFs.[3]

Facing this deluge of additional facts in *Gatewood*, this Court observed that plaintiff's "format is not the preferred method of defending dispositive motions," explaining that: (1) "[p]resenting two sets of facts requires that the Court cross-reference the factual assertions and check them against each other, thereby requiring that the Court expend considerable time just trying to ferret out the basic facts of the case;" (2) "plaintiff's two statements of fact consistently

---

[3] "SUMF" refers to Defendants' "Statements of Uncontroverted Material Facts" in Fidelity's M. for Summ. J. Doc. 283, and ABB's Motion for Summ. J. Doc. 285.

7

cross-reference each other-a burdensome method for presenting facts to the Court;" and (3) "the length and scope of [plaintiffs'] additional facts is onerous and it does not seem that [plaintiff] attempted to distill any of the additional facts down to those which are truly necessary for resolving summary judgment. Instead, it appears that [plaintiff] literally threw in every fact possible." *Id.* at 986.

Nonetheless, the Court denied defendant's motion to strike, reasoning that "this Court has an interest in evaluating a dispositive motion in light of all the facts reasonably available to it" and emphasizing that "a non-moving party has a right to present facts that are not encompassed in the moving party's motion that it believes supports its claim and refutes summary judgment." *Id.*

Again, Plaintiffs respectfully submit that this reasoning applies to Plaintiffs' Oppositions to Defendants' Motions for Summary Judgment here, and even more strongly. Here, Plaintiffs: (1) cross-referenced their responses to Defendants' tendered facts with Plaintiffs' ASOF; (2) presented only one statement of facts in responding to both Defendants' motions, so that no cross-referencing between two such statements is necessary; and (3) submitted a statement of facts that was markedly shorter than that of the Defendants. To the extent that the foregoing fails to comply with Local Rule 56.1, such non-compliance resulted from Plaintiffs' effort to save the Court time "in understanding the basic facts of the case." *Id.* Plaintiffs respectfully submit that their Oppositions to Defendants Motions for Summary Judgment present no reason for the Court to depart from its preference of deciding motions for summary judgment on the merits and "based on all the facts available to it." *Id.*

8

V.   ***Jones v. United Parcel Service*, On Which Defendants Principally Rely, Has Nothing In Common With This Case.**

Defendants primarily rely on *Jones v. United Parcel Service*, No. 4:03-cv-00284 at p. 3 (W.D. Mo. Filed April 7, 2005)(attached hereto as exhibit B). In *Jones*, after being granted additional time to respond to defendants' motions for summary judgment and leave to file a consolidated response, plaintiff filed a *480* page response containing *984* statements of controverted fact which contained misstatements, inadmissible evidence, evidence unsupported by the record *and 132* pages of legal argument. *Jones*, No. 4:03-cv-00284 at p. 3. Many of *Jones* plaintiffs' citations to the record were blatantly erroneous if not complete fabrications. *Id.* at pp. 3-5. The district court disregarded plaintiffs' facts, and the Eighth Circuit affirmed. *Jones v.UPS,* 461 F.3d 982, 990-91 (8th Cir. 2006).

In *Jones*, the district court held that it was "almost incomprehensible that [plaintiffs' response] could at once be so utterly oppressive by means of its shear size, while at the same time remain so completely pedestrian and underwhelming in its execution." No. 4:03-cv-00284 at p. 3. Plaintiffs respectfully submit that even the most cursory review of their Oppositions to Defendants' Motions for Summary Judgment demonstrates that they have nothing in common with *Jones*.

In relying on *Jones*, Defendants ignore the fact that Plaintiffs' Oppositions: (1) shorten and simplify the Defendants' much longer factual allegations; (2) are extensively supported by the record; (3) contain legal argument within the applicable page limits; and (4) present cogent and well-reasoned legal argument. While disregarding these facts, which refute their argument, Defendants urge that Plaintiffs' citations to the record are inaccurate. As discussed below, this is nothing more than the strategy Defendants employed in their original motions: attempting to reduce complex factual circumstances into pithy sound bites that are out of context, incomplete,

and subject to genuine dispute while insisting that Plaintiffs' attempt to clarify them runs afoul of procedural rules.

Defendants also rely on *Northwest Bank & Trust Co. v. First Illinois Nat. Bank* 221 F.Supp.2d 1000 (S.D. Iowa 2002), *aff'd* 354 F.3d 721 (8th Cir. 2003). There, the plaintiff's initial responses to defendants' motion for summary judgment did not comply with local rules in that it "failed to expressly admit or deny much of anything, preferring instead to be simply argumentative." *Id.* at 1003. The court ordered plaintiff to resubmit its responses in compliance with the local rule. *Id.* at 1004. In doing so, the court expressly recognized that "in finding violations of the Local Rules, the Court seeks to do justice and not simply to punish" and denied as "draconian" defendant's motion to strike plaintiff's responses and deem defendant's facts admitted. *Id.*

Plaintiff then "directly defi[ed]" the court's order and "filed a Statement of Additional Facts Precluding Summary Judgment that, save syntactical changes and the substitution of citations to [plaintiff's] original affidavit with citations to the reformatted affidavit, mirrors the original offending document" *Id.* at 1004, The court emphasized that plaintiffs' resubmission "corrects none of the original failings, and now contains new factual allegations with no record citation whatsoever," *id.* at 1004, and that "[p]laintiff has repeatedly failed to conform its submissions to the local rules, even after this Court ordered compliance," *id.* at 1005. As a result, the court deemed defendant's facts admitted. *Id.* at 1005. As with *Jones*, even a cursory review of the facts here renders *Northwest Bank* wholly inapposite. In fact, *Northwest Bank* supports Plaintiffs' argument that, if the court finds Plaintiffs' Oppositions to Defendants' Motions for Summary Judgment defective, it should order Plaintiffs to resubmit them with any errors corrected. *Id.* at 1004-05.

10

## VI. Even If Plaintiffs Did Not Comply With Local Rule 56.1, Striking The ASOF And Deeming Defendants' Facts Admitted Is Unwarranted and Unnecessarily Harsh.

In *Northwest Bank & Trust Co. v. First Ill. Nat. Bank*, No. 3-00-CV-90023 (S.D. Iowa filed July 16, 2002), the Court found that plaintiffs had not complied with the court's local rules. While holding that compliance was required, the court did not impose the draconian sanction which Defendants seek. It held that "the Court will therefore insist on compliance, but, on the other hand, it will not strike anything or deem anything admitted just for a failure to comply with the Local Rules. The better course of action here would be to simply make Plaintiff resubmit anything that is not in compliance. Nor will the Court strike or require a resubmission of anything that is a *de minimis* violation." *Id.* at 2. (attached hereto as Ex. C); *see Northwest Bank & Trust Co.*, 221 F.Supp.2d at 1005 (court granted defendant's motion to deem admitted only after plaintiff "repeatedly failed to conform its submissions to the local rules, even after this Court ordered compliance").

If it finds a violation of Local Rule 56.1, the Court should do the same here. Dismissing this case on procedural grounds, rather than on consideration of the merits, would leave unsettled issues that are vitally important to the American retirement system.

## VII. Defendants' Motions Are Another Attempt To Advance Arguments That Did Not Fit Into Their Reply Briefs.

Fidelity and ABB both seek to disguise their arguments on the merits of these issues, and others, by positing them as procedural challenges to Plaintiffs' Oppositions to their Motions. While Plaintiffs' factual statements and cross references to Defendants' allegations were necessary given Defendants' partial, one-sided story-telling, Defendants use this Motion to further argue their view of the facts. This is a blatant attempt to end-run the page limitation. Their contentions should have been contained in their reply memoranda. ABB, for example,

argues that because Plaintiffs' admitted certain facts in response to ABB's undisputed facts, Plaintiffs' Partial Motion for Summary Judgment should be denied. *See* Doc. 350 at pp. 14-15 ("Because an Admission by Plaintiffs directly Contradicts all Factual Contentions Purportedly Supporting their Prohibited Transaction Claims, these Contentions must be Stricken"). This is an argument that is clearly on the merits of the Summary Judgment Motions and not relevant to these Motions. Fidelity, too, makes arguments about the merits of its own evidence, which completely ignores the fact that Plaintiffs deny these assertions, in part, because Fidelity is not revealing the complete picture. Doc. 349 at pp. 5-7. Rather Fidelity is trying to obfuscate the reality that the Plans' Investment Policy Statement and controlling documents, in light of the PRISM Plans' size, required Defendants to provide "wholesale," superior investment options rather than garden-variety mutual funds.

Further, in another pretext to circumvent page limitations, Defendants' Motions advance unfounded evidentiary arguments that are ridiculous in a bench-tried case. ABB objects to many of Plaintiffs' documents attached as inadmissible hearsay. Doc. 350 at pp. 13-14 However, as established in *McAninch v. Federal Express Corp.*, 398 F.Supp.2d 1025, 1036 (S.D. Iowa 2005), these documents are deemed admissible under the business records exception to the hearsay doctrine. Further, any internal communications produced by Defendants are nonhearsay. FED. R. EVID. 801(d)(2).

VIII. **Defendants' Specific Challenges To Plaintiffs' ASOF Demonstrate The Tactical Gamesmanship Of Their Motions.**

Any lack of clarity in Defendants' SUMF and Plaintiffs' ASOF is of Defendants' own making. Instead of accurately stating facts, Defendants use their SUMF as a platform for factual argument by including multiple incomplete and out-of-context paragraphs leading to an

12
Case 2:06-cv-04305-NKL   Document 372   Filed 05/14/09   Page 15 of 20

inaccurate conclusion in a single paragraph.[4] They insist that Plaintiffs must admit or deny such conclusions in a single paragraph that also ignores the context that would make it accurate and complete. More often than not, the context surrounding Defendants' purportedly undisputed facts make them misleading and incomplete.

For instance, in SUMF ¶¶174-197, ABB sets forth facts it deems as pertinent regarding the monitoring and replacement of Fidelity's Magellan Fund. SUMF ¶188 is the culmination of four paragraphs that set forth how "closely" ABB monitored the investment options in the Plan, and in particular, Magellan. These facts could not be more disputed by Plaintiffs. Plaintiffs respond to these paragraphs (SUMF ¶¶ 184-188) by denying in whole or in part and referencing additional statements of fact and the record that directly refute Defendants' assertions. Plaintiffs' denial in part references Plaintiffs' ASOF: (1) ¶¶ 187-221, which sets forth the more complete and fair account of Magellan's removal from the Plan; (2) ¶¶ 222-254, which sets for the facts that demonstrate the PRC failed to adequately monitor and select funds for the Plan pursuant to its controlling document (the investment policy statement) and that Magellan violated the Plan's investment policy statement, mandating its removal many years prior; and (3) ¶¶ 255-268, which establish Fidelity's own knowledge that the Magellan investment option, among others, violated the Plans' Investment Policy Statement.

ABB also criticizes Plaintiffs for denying in part its SUMF ¶ 22, which argues that Fidelity was chosen as a Plan service provider for proper reasons. Defendants are correct in one small part only—that Fidelity was chosen to provide services to the Plans. But Plaintiffs vigorously dispute the reasons ABB tenders in SUMF ¶ 22. Plaintiffs deny in part and refer to Plaintiffs' ASOF: (1) ¶¶ 19-37, which set forth the facts necessary to understand how service providers to 401(k) plans, including Fidelity, are paid and directly refuting statements made in ¶

---

[4] Why Defendants did not submit a joint statement of facts for the convenience of this Court is unknown.

22; (2) ¶¶ 38-60, which provide an example of a defined contribution plan (overseen by Defendants' own expert Starks), that has properly analyzed and monitored the fees paid to its record keeper, and which stands in sharp contrast to Fidelity's arrangement with ABB; (3) ¶¶ 157-186, which provide the necessary context to Defendants' assertion that Fidelity would offer "additional services" and demonstrate that any "additional services" were not to the Plans but to ABB itself; (4) ¶¶ 222-268, which set forth how ABB violated the Plans' Investment Policy Statement by failing to understand and monitor Fidelity's fees; and (5) ¶ 269, which details best practices in this area and warns sponsors to be wary of bundled or "free" plans. ABB's argumentative, simplistic and misleading assertion required references to numerous facts to show it in a true light. ABB should not be heard to complain because Plaintiffs made such references.

Fidelity's complaints are similarly misplaced. For example, Fidelity faults Plaintiffs' denial of Fidelity SUMF ¶ 10. In it, Fidelity alleges: "401(k) participants have control over the allocation of their retirement fund investments, which is in direct contrast to defined benefit plans where the employer or a party designated by the employer has complete control over all investment choices." Plaintiffs' denied this in part and cited to Plaintiffs' ASOF ¶ 126, which illustrates that Defendants, in the first instance, chose the funds for the Plans and that participants had no choice but to invest in the funds which Defendants had selected. This refuted the concept that participants have ultimate authority over their account. Their choices were not unfettered. Further, Plaintiffs cited to ASOF ¶ 272, which quoted from a study discussing importance of investment selection and the consideration of all investment vehicles – not just mutual funds. Participants could not do that either, as Defendants made such choices in the first instance.

Obviously, this response amounted to a tactical disappointment for Fidelity: by positing this "fact" out of context, Fidelity clearly intended to take this concept of control (*i.e.* DC vs. DB

14

plans) and insert it into the very different concept of control contemplated, for example, in ERISA §404(c).

Fidelity also takes issue with Plaintiffs' response to its SUMF ¶ 12, which stated: "In addition to these basic services, plan sponsors may obtain additional administrative services or features for the plan and its participants, such as online or telephone access to plan and account information, eligibility tracking, paperless loan and withdrawal processing, enrollment services, educational seminars, enhanced and pro-active participant communication services, calculation of employer matching and annual profit sharing contributions, retirement planning and investment guidance services, and tools for participants to obtain an integrated view of their defined contribution benefits and other employer-sponsored benefits." Plaintiffs' again denied this in part and attempted to give it context by citing to Plaintiffs' ASOF ¶¶ 49-50, which details the importance of understanding what you are getting from, and what you are paying to, a service provider and provides an example of the *basic* services provided to Texa$aver plan (of which Defendants' expert Laura Starks is a fiduciary), including services Fidelity argues are "additional." Also, Plaintiffs cited to ASOF ¶ 200, which quotes the Mercer report that classifies as "core" services many of those that Fidelity contends are "additional."

IX.  **Conclusion.**

For the foregoing reasons, Defendants' Motions to Deem Admitted Facts Contained in their Motions for Summary Judgment should be denied.

Respectfully Submitted,

SCHLICHTER, BOGARD & DENTON

By: /s/ Daniel V. Conlisk
Jerome J. Schlichter
Daniel V. Conlisk
Heather Lea
Troy A. Doles
100 S. Fourth Street, Suite 900
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (Fax)
jschlichter@uselaws.com
dconlisk@uselaws.com
hlea@uselaws.com

ATTORNEYS FOR PLAINTIFFS/
CLASS REPRESENTATIVES
*Ron Tussey, Charles Fisher, Timothy Hendron and Timothy Pinnell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed on this 14th day of May, 2009 and will be delivered electronically by the CM/ECF system:

Thomas Wack
Lisa Demet Martin
Jeffrey S. Russell
Bryan Cave, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Brian T. Ortelere
William J. Delaney
Catherine A. Cugell
Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Richard Bien
Adam B. Walker
Lathrop & Gage, L.C.
2345 Grand Boulevard, Ste. 2800
Kansas City, MO 64108

Bob Eccles
Stephen D. Brody
Shannon Barrett
Brian Boyle
O'Melveny & Myers, LLP
1625 I Street, NW
Washington, DC 20006

James S. Dittmar
James O. Fleckner
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109

                                                                       /s/ Daniel V. Conlisk