# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARGARET KENNEDY, et al.,<br>                                **Plaintiffs,**<br>v.<br>ABB INC., et al.,<br>                                **Defendants.** | CIVIL ACTION<br>NO. 06-cv-04305<br><br>(JUDGE NANETTE K. LAUGHREY) |

**ABB DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RE: *GALLUS***

Plaintiffs filed a Notice of Supplemental Authority asserting that *Gallus v. Ameriprise Financial, Inc.*, 561 F.3d 816 (8th Cir. 2009), further requires denial of ABB's Motion for Summary Judgment. (Dkt. 332.) *Gallus*, however, was decided under a materially different statute, Section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), and is not relevant to this ERISA action.

Plaintiffs argue that *Gallus* "held that procedural prudence is not necessarily trumped by substantive prudence." (Dkt. 332 at 1.) Plaintiffs are incorrect. *Gallus* involved a different statute and nothing in the opinion suggests that its analysis is transferable to other kinds of cases. To the contrary, the Eighth Circuit employs a *different* approach to analyzing ERISA fiduciary breach claims under 29 U.S.C. § 1104(a). *See Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915 (8th Cir. 1994). In *Roth*, the Eighth Circuit held that "Section [1104]'s prudent person standard is an objective standard that focuses on the fiduciary's conduct preceding the challenged decision." *Id.* at 917-18 (internal citations omitted). The Eighth Circuit held further in *Roth* that a fiduciary's culpability does not rise and fall with its decisional process alone – it may also defeat an imprudence claim by showing that its decision was objectively reasonable, regardless

of the process employed. *See Roth*, 16 F.3d at 919. Thus:

> [e]ven if a trustee failed to conduct an investigation before making a decision, he is insulated from liability if a hypothetical prudent fiduciary would have made the same decision anyway.

*Id.* Nothing in *Gallus* even remotely suggests that the Eighth Circuit intended to alter this well-established ERISA standard through a decision based upon an entirely different statute.[1]

Plaintiffs also assert that *Gallus* "squarely opposed" *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), because *Gallus* cites to dissent from the denial of a petition for rehearing in *Jones v. Harris Associates L.P.*, 537 F.3d 728 (7th Cir. 2008) (*per curiam*), *cert. granted*, 77 U.S.L.W. 3281 (U.S. Mar. 9, 2009) (No. 08-586). (Dkt. 332 at 3-4.) This argument too is mistaken. *Jones*, like *Gallus*, was decided under ICA Section 36(b) and is inapplicable to ERISA cases for the same reasons. Moreover, two of the three *Hecker* panel members (including Judge Wood, *Hecker's* author) were among the *Jones* dissenters, confirming that the Seventh Circuit rejects the overlap Plaintiffs here suggest. Therefore, no inference can be drawn about *Hecker* from the Eighth Circuit's reference to the *Jones* dissent.

Finally, the Eighth Circuit's observations about scholarly debate regarding the extent to which competition controls fees paid by mutual funds to their investment advisors is not relevant here for two reasons. *Gallus*, 561 F.3d at 820. First, the Plan's decision to offer mutual fund investments was prudent regardless of whether there is competition between mutual fund investment advisors. ERISA mandates a comparison of the Defendants' conduct to the actions

---

[1] This is hardly surprising, since the relevant statutory language is significantly different. Unlike the ICA, ERISA expressly mandates a comparison of the defendant's conduct to the decisions of "like enterprise[s]" with "like aims." 29 U.S.C. § 1104(a)(1)(B). In other words, ERISA specifically requires examination of the conduct of similarly-situated fiduciaries to determine prudence, as Plaintiffs' counsel have elsewhere conceded. Plaintiffs' counsel argued in the *Hecker* litigation that prudence is determined by comparing "like enterprise[s]" and that benchmark, in turn, requires scrutiny of "multi-billion dollar 401(k) plans." (A-146 at 2 (*Hecker v. Deere & Co.*, Nos. 07-6305 & 08-1224 (7th Cir.), Petition for Rehearing).)

of "like enterprise[s]" with "like aims;[2]" and it is undisputed that other 401(k) plans, including large plans, have overwhelmingly decided to offer mutual funds to their participants as investment options. (A-8 at ¶¶ 130-131 (Expert Report of Laura T. Starks).) Second, Plaintiffs focus on the wrong market. In this ERISA case, what matters are the prices that 401(k) plans pay for investment management, not the prices paid by mutual funds to their investment advisors. Once again, the unrebutted expert testimony empirically demonstrates that the markets for 401(k) plan recordkeeping and investment management services are competitive, that competition restrains prices in these markets, and that the Plan's total costs were in line with these market prices. (A-5 at 27-34, 73-90 (Expert Report of Robert Glenn Hubbard).) Nothing in *Gallus* alters ERISA's standards or undercuts any of these undisputed facts.

Respectfully submitted,

/s/ Thomas E. Wack
Thomas E. Wack
Jeffrey S. Russell
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
twack@bryancave.com
jrussell@bryancave.com

---

[2] 29 U.S.C. § 1104; (A-146 at 2 (Plaintiffs' counsel arguing that the proper comparison is to other large 401(k) plans)).

                                Brian T. Ortelere
William J. Delany
Azeez Hayne
Jeffrey Sturgeon
Catherine A. Cugell
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5150
Facsimile: (215) 963-5001
bortelere@morganlewis.com
wdelany@morganlewis.com
ccugell@morganlewis.com
*admitted pro hac vice*

Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.

Dated: May 20, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Jerome J. Schlichter
Daniel V. Conlisk
Heather Lea
Schlicter, Bogard & Denton
100 South 4th Street, Suite 900
St. Louis, MO 63102
    Attorneys for Plaintiffs

Richard N. Bien
Adam B. Walker
Lathrop & Gage, L.C.
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108
    Attorneys for Defendants Fidelity Management Trust Company and
    Fidelity Management & Research Company

Bob Eccles
O'Melveny & Myers LLP
1625 I Street, NW
Washington, DC 20006
    Attorney for Fidelity Management & Research Company

                                                /s/ Thomas E. Wack