UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

RONALD TUSSEY, et al.,

        Plaintiffs,

v.

ABB, INC., et al.,

        Defendants.

CIVIL ACTION
No. 06-CV-04305

(Judge Nanette K. Laughrey)

**REPLY SUGGESTIONS IN SUPPORT OF FIDELITY
DEFENDANTS' MOTION TO DEEM ADMITTED FACTS CONTAINED IN
FIDELITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    Faced with plaintiffs' many violations of Local Rule 56.1—including use of vague "denials in part," "kitchen sink" responses to specific facts with blanket references to huge swaths of plaintiffs' Additional Statement of Facts ("ASOF"), and their denial of facts admitted by their own experts—Fidelity moved [Dkt. #348] to have its Statement of Facts ("SOF") supporting its Motion for Summary Judgment deemed admitted, as Local Rule 56.1 contemplates. Plaintiffs' Opposition [Dkt. #372] provides no basis for a different result. It neither establishes plaintiffs' compliance with Local Rule 56.1, nor offers any legitimate reason why their violation of the Rule should be excused.

    Plaintiffs' case citations are particularly inapt. *Jenkins v. Winter*, 540 F.3d 742 (8th Cir. 2008) is illustrative. (Pls.' Opp'n at 3-4.) *Jenkins* held merely that a party opposing summary judgment could identify the material issues in dispute through a "concise listing" of "separate facts set forth in separate paragraphs" as long as the paragraphs "referred specifically to portions of the record" establishing the existence of each dispute. *Id*. at 747. Here, while plaintiffs

1

responded to Fidelity's SOF by incorporating their ASOF, they admit to having done so not solely for the purpose of identifying facts that are disputed but also merely to "present [] background" or "attempt [] to give [] context." (Pls.' Opp'n at 1, 15.) Moreover, in contrast to *Jenkins*, plaintiffs' response does not "refer[] specifically to portions of the record" establishing a dispute of material fact. *Jenkins*, 540 F.3d at 747. Instead, plaintiffs refer the Court to dozens of paragraphs of their own ASOF, which rely on hundreds of pages of record evidence and the undifferentiated mass of their expert reports. (*See, e.g.*, Pls.' Suggs. in Opp'n to Fidelity Defs.' Mot. for Summary J. ("Pls.' Suggs.") at 5 (response to Fidelity's SOF ¶¶ 158-165, referencing ASOF ¶ 272, among others).)

Plaintiffs' reliance on this Court's decisions is also misplaced. *Levine v. Roebuck* addressed a motion to strike a SOF—rather than a deficient response—and applied a different section of Local Rule 56.1. *See* No. 06-6040-CV-NKL-P, 2007 WL 3046582, at *1 (W.D. Mo. Oct. 16, 2007). Moreover, in contrast with the present case, the very technical deficiencies in *Levine* could not have obscured the material factual differences where the entire cited record totaled ***five exhibits*** and ***38*** pages. (*See Levine*, Suggs. in Support of Mot. for Summary J. of Defs. Greim and Roebuck [Dkt. # 64], at 2-7.) *Gatewood v. Columbia Public School District*, 415 F. Supp. 2d 983 (W.D. Mo. 2006), is similarly unavailing; it did not involve a motion to deem admitted either, but rather a motion to strike (as an unauthorized pleading) an "additional statement of facts" that accompanied the response to the movant's SOF. This Court rejected the challenge, but criticized the bifurcated approach plaintiffs have taken here, explaining that it required the Court to "expend considerable time just trying to ferret out the basic facts of the case." *Gatewood*, 415 F. Supp. 2d at 986. In this case, plaintiffs have combined that

2

"burdensome method for presenting facts to the Court," *id.*, with a response to the Fidelity Defendants' SOF that makes it impossible to ascertain the facts that are in dispute.

Plaintiffs discuss two of their SOF responses in their Opposition (Pls.' Opp'n at 14-15), but these examples prove Fidelity's point. For instance, Fidelity's SOF ¶ 10 contrasts defined contribution 401(k) plans and defined benefit plans by pointing out that, unlike defined benefit plan participants, 401(k) plan participants control the allocation of plan investments. Plaintiffs denied SOF ¶ 10 "in part" by citing two paragraphs in their ASOF that do not question the cited difference between 401(k) and defined benefit plans. Plaintiffs now explain that their partial denial was not meant to dispute the point made in SOF ¶ 10, but solely to emphasize that when a 401(k) plan participant allocates his account, his choices are limited to the investment lineup made available by the plan sponsor. (*Id.*) In other words, plaintiffs denied in unspecified part because they wanted simply to add "context." (*Id.*) Plaintiffs' response to SOF ¶ 12—the other SOF paragraph plaintiffs discuss in their Opposition—likewise consists of a partial denial without specification, with a reference to ASOF paragraphs that fail to illuminate what part of SOF ¶ 12 they dispute. In their Opposition, plaintiffs now explain that they denied SOF ¶ 12 in part in order to "attempt[] to give it context" by pointing to a retirement plan that they contend includes certain of the additional services cited in SOF ¶ 12 as "basic" rather than additional features. (*Id.* at 15.) Here again, this "context[ual]"explanation for plaintiffs' partial denial should have been included in their response under Local Rule 56.1; it is simply too late now.

Plaintiffs urge that the Court provide them a fresh opportunity to serve a compliant response. Yet providing plaintiffs a second chance to comply with Local Rule 56.1 would reward their violation of the Rule, permit them to circumvent time limits established by the Court to accommodate time for consideration of the motions before the scheduled trial, burden the

3

Court and defendants with additional briefing addressing plaintiffs' new response and risk delay of the trial. Such "lenity" is "not required" by the Local Rules. *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003).

For the foregoing reasons, the Fidelity Defendants respectfully request that the Court grant their Motion to Deem Admitted.

May 29, 2009

Respectfully submitted,

LATHROP & GAGE LLP

By: /s/ *Richard N. Bien*
    Richard N. Bien (31398)
    Adam B. Walker (56299)
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108-2618
    Telephone: (816) 292-2000
    Telecopier: (816) 292-2001

    Robert N. Eccles
    Brian D. Boyle
    Stephen D. Brody
    Shannon Barrett
    O'Melveny & Myers LLP
    1625 Eye Street, NW
    Washington, DC 20006
    *Admitted pro hac vice*

    James S. Dittmar
    James O. Fleckner
    Goodwin Procter LLP
    Exchange Place
    Boston, MA 02109
    *Admitted pro hac vice*

    *Attorneys for Defendants Fidelity Management Trust Company and Fidelity Management & Research Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2009, the foregoing was filed and service made by the Court's Electronic Case Filing (ECF) system to:

Jerome J. Schlichter
Daniel V. Conlisk
Troy Doles
Heather Lea
Schlicter, Bogard & Denton
100 South 4th Street, Suite 900
St. Louis, MO 63102

**Attorneys for Plaintiffs**

Thomas E. Wack
Jeffrey S. Russell
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102

**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.**

Brian T. Ortelere
William J. Delany
Catherine A. Cugell
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19101-2921

**Attorneys for Defendants ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.**

/s/ *Richard N. Bien*
An Attorney for Fidelity Defendants