IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| RONALD TUSSEY, et al., | : : : | CIVIL ACTION |
| Plaintiffs; | : : | NO. 06-cv-04305 |
| | : : | (JUDGE NANETTE K. LAUGHREY) |
| v. | : : | |
| ABB Inc., et al., | : : | |
| Defendants. | : : : | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' DEPOSITION
DESIGNATIONS AND REQUEST FOR A CONFERENCE WITH THE COURT**

The Court's bench scheduling order requires the parties to designate "by page and line number . . . any deposition testimony to be offered in evidence as part of that party's case." (Dkt. 467.) Plaintiffs have indiscriminately designated virtually the entirety of the depositions of eighteen witnesses – essentially omitting only the objections. *See* Table 1 below (summarizing Plaintiffs' designations). In total, Plaintiffs designated some portion of over 5,200 pages (constituting nearly 70% percent of the pages) from the depositions of twenty-eight witnesses, including all of the Plaintiffs, Plaintiffs' retained experts, and Defendants' retained experts. *Id.* Plaintiffs' approach undermines the Court's Order, imposes unreasonable burden on Defendants and the Court, and ignores evidentiary rules regarding introduction of deposition testimony at trial.

## TABLE 1

| Name | Designated Pages | Total Pages | Category |
|---|---|---|---|
| Starks, Laura | all | 268 | Defendants' Expert |
| Stuart, Lewis | 132 | 138 | Defendants' Expert |
| Turki, Adele | 120 | 126 | Defendants' Expert |
| Welch, Finish | all | 37 | Defendants' Expert |
| Gissiner, Steven | 329 | 334 | Defendants' Expert |
| Grinblatt, Mark | 343 | 348 | Defendants' Expert |
| Hubbard, Glenn | 369 | 375 | Defendants' Expert |
| Utz, John | 167 | 175 | Defendants' Expert |
| Clifford, James | all | 110 | Defendants' Witness |
| Cutler, Jack | 466 | 471 | Defendants' Witness |
| Dahling, Richard | all | 273 | Defendants' Witness |
| Gentile, Bridgette | 135 | 147 | Defendants' Witness |
| Jarczyk, Jeffrey | all | 268 | Defendants' Witness |
| Morlan, Joanne | all | 297 | Defendants' Witness |
| Pisacreta, Vincent | all | 536 | Defendants' Witness |
| Sackie, John | 334 | 347 | Defendants' Witness |
| Scarpa, Michael | all | 316 | Defendants' Witness |
| Walters, Brian | all | 263 | Defendants' Witness |
| Kampner, Paul | 17 | 435 | Plaintiffs' Expert |
| Miller, Ross | 17 | 240 | Plaintiffs' Expert |
| O'Neal, Edward | 148 | 215 | Plaintiffs' Expert |
| Otto, Albert | 235 | 599 | Plaintiffs' Expert |
| Pomerantz, Steven | 6 | 380 | Plaintiffs' Expert |
| Witz, David | 3 | 277 | Plaintiffs' Expert |
| Fisher, Charles | 30 | 152 | Named Plaintiff |
| Hendron, Timothy | 9 | 141 | Named Plaintiff |
| Pinnell, Timothy | 15 | 161 | Named Plaintiff |
| Tussey, Ron | 11 | 257 | Named Plaintiff |

Defendants have attempted to resolve this issue with Plaintiffs' counsel. *See* November 17, 2009 Email from A. Hayne to T. Doles (attached as Exhibit 1). But Plaintiffs have refused to pare back their designations at all, explaining only that they made these designations "out of caution" in case one or more of the witnesses hypothetically becomes unavailable. *See*

November 20, 2009 Email from T. Doles to A. Hayne (attached as Exhibit 2). As Plaintiffs know, however, Defendants have previously requested that Plaintiffs identify the defense witnesses they would like to call and the dates on which they would like to call them so that Defendants' could ensure their availablity.

Plaintiffs' continued refusal to make specific deposition designations violates the Court's Order and imposes undue hardship by forcing Defendants to review and object to thousands of pages of depositions. (Dkt. 467) The Court's Order requires designation of depositions to be offered "as part of that party's case." (*Id.*) Plaintiffs ignore this directive when they designate, for example, all 268 pages of the deposition of Defendants' expert Laura Starks. Even assuming it would be appropriate, it is inconceivable that Plaintiffs would read the entirety of Ms. Starks' deposition into the record if she did not testify at trial. Furthermore, while Plaintiffs cannot intend to use any substantial portion of the testimony they designated as part of their case, their wholesale designations require Defendants to review, analyze, and file objections related to all of it, which, in turn, would require the Court to rule on all of those objections (most of which, no doubt, will prove to be unnecessary). Courts have recognized and rejected such abusive use of deposition designations, and this Court should do the same. *Rodrick v. Wal-Mart Stores East, L.P.*, No. 07-0768, 2009 WL 1542718, at *2 (W.D. Mo. June 1, 2009) (striking plaintiff's designation of the entirety of a deposition transcript and ordering designation to be resubmitted); *Tome Engenharia E. Transportes, Ltda v. Malki*, No. 94-7427, 2003 WL 21372466, at *4 (N.D. Ill. June 12, 2003) (precluding use at trial depositions where plaintiff designated "all or virtually all of the transcript").

Plaintiffs' designations are improper for a second reason. Federal Rule 32 prescribes the requirements for the use of a deposition at trial. In doing so, the Rule codifies the "long-

established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." *Wright & Miller*, 8A Fed. Prac. & Proc. Civ.2d §2142. Consistent with this preference for live testimony, the Rule permits the use at trial of the deposition of an individual who is not an adverse party *only* when that individual is unavailable. Fed. R. Civ. P. 32(a).

Plaintiffs designated portions of all four of the Plaintiffs' depositions, portions of all six of their retained experts' depositions, and virtually all of the depositions of all of Defendants' experts. *See* Table 1. But none of these individuals is an adverse party. Furthermore, Plaintiffs have made no showing that any of these individuals will be unavailable for trial. *See, e.g., Rodrick*, 2009 WL 1542718, at *2 (ordering plaintiff to explain why she believes witness whose deposition was designated will be unavailable for trial); *Tome*, 2003 WL 21372466, at *4 (N.D. Ill. June 12, 2003) (barring use of depositions at trial where plaintiff made no showing of their unavailability); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. Civ. A. 97-529, 2000 WL 135129 (D. Del. Jan. 13, 2000) (finding designation of party's retained expert inappropriate and inadmissible); *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 391 -392 (D. Puerto Rico 1981) ("it is clear that a party's own deposition is not admissible, except under circumstances not pertinent here"). Thus, the vast bulk of Plaintiffs' designations can never be introduced at trial, serve no legitimate purpose, and appear calculated solely to force Defendants to invest untold hours in the short time leading up to trial. In the event a witness should die or otherwise become unavailable before trial, the parties and the Court can deal with that specific circumstance – as they routinely do in connection with any trial in this Court. Such hypothetical events cannot justify Plaintiffs' effort to thwart the Court's Order requiring specific deposition designations.

Plaintiffs' wholesale designation of entire deposition transcripts serves no useful purpose and will unduly burden Defendants and the Court. Furthermore, Plaintiffs' designated substantially all or a portion of the depositions of eighteen witnesses who are neither unavailable nor adverse parties. Accordingly, Defendants respectfully request that the Court strike Plaintiffs' Deposition Designations (Dkt. 421) and, given the short time before trial, request a conference with the Court to address this issue.

Respectfully submitted,

| | |
|---|---|
| /s/ William J. Delaney | /s/ Brian D. Boyle |
| Brian T. Ortelere | Richard N. Bien |
| William J. Delany | Adam B. Walker |
| Azeez Hayne | LATHROP & GAGE, L.C. |
| Jeffrey Sturgeon | 2345 Grand Blvd., Suite 2800 |
| MORGAN, LEWIS & BOCKIUS LLP | Kansas City, MO 64108 |
| 1701 Market Street | |
| Philadelphia, PA 19103 | Robert N. Eccles |
| Tel: (215) 963-5000 | Brian D. Boyle |
| Fax: (215) 963-5001 | Stephen D. Brody |
| *admitted pro hac vice* | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, NW |
| Thomas E. Wack | Washington, D.C. 20006 |
| Jeffrey S. Russell | *admitted pro hac vice* |
| BRYAN CAVE LLP | |
| 211 North Broadway, Suite 3600 | James S. Dittmar |
| St. Louis, MO 63102 | James O. Fleckner |
| Tel: (314) 259-2000 | GOODWIN PROCTOR LLP |
| Tax: (314) 259-2020 | Exchange Place |
| | Boston, MA 02109 |
| *Attorneys for the ABB Defendants* | *admitted pro hac vice* |
| Dated: December 10, 2009 | *Attorneys for the Fidelity Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Motion to Strike Plaintiffs' Deposition Designations and Request for a Conference with The Court, Memorandum in Support Thereof, and Proposed Order were filed electronically and can be accessed through the Court's electronic filing system to the following individuals on this **10th day of December, 2009:**

Jerome J. Schlichter
Daniel V. Conlisk
Heather Lea
Mark G. Boyko
Schlichter, Bogard & Denton LLP
100 South 4th Street, Suite 900
St. Louis, MO 63102

*Attorneys for Plaintiffs*

/s/ William J. Delaney