UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RONALD TUSSEY, *et al.*, ) | |
| ) | |
| Plaintiffs; ) | |
| ) | |
| v. ) | Case No. 06-04305-CV-C-NKL |
| ) | |
| ABB, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION AND MEMORANDUM IN SUPPORT OF
## NOTICE PLAN PURSUANT TO RULE 23(h)

Plaintiffs' Motion for Attorney Fees was brought under Rule 54(d)(2). Rule 23(h)(1) provides that notice of Plaintiffs' Rule 54(d)(2) motion "must be … directed to class members in a reasonable manner." The notice must inform a participant of his or her right under Rule 23(h)(2) to object to the motion. Plaintiffs move that the Court order notice pursuant to the plan described below, and provide that all costs of the notice plan be paid, jointly and severally, by Defendants. Plaintiffs further submit the following memorandum in support of this motion.

**I. Defendants are responsible for the cost of notice.**

Where the liability of the defendants is established, the cost of notice to the class should be shifted to defendants. *Catlett v. Mo. Highway & Transp. Comm'n*, 589 F.Supp. 949, 952 (W.D.Mo. 1984); *Lamb v. United Sec. Life Co.*, 59 F.R.D. 25, 42 (S.D.Iowa 1972), *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009), *cert denied*, 130 S.Ct. 154 (2009) ("District courts may order a class action defendant to pay the cost of class notification after they determine that the defendant is liable on the merits. They may in an appropriate case shift these notice costs even when the liability decision is under appeal."); *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 58-59 (D.Conn. 2001); *In re Nassau County*

1

*Strip Search Cases*, 2009 WL 706252 at *1 (E.D.N.Y. March 16, 2009); *Kyriazi v. W. Elec. Co.*, 465 F.Supp. 1141, 1144-45 (D.N.J. 1979); Newberg on Class Actions § 8:6 (4th ed. 2007).

Here, Defendants' liability has been established. Doc. 624. After a full trial on the merits, the Court has determined that Defendants breached their fiduciary duties to the Plans and engaged in prohibited transactions. *Id*. Accordingly, it is appropriate to shift the cost of notice to Defendants. The ABB Defendants have a pre-existing fiduciary obligation to the Plaintiff class.

## II. Plaintiffs' proposed notice plan constitutes reasonable notice.

In adjudicated class actions, the Federal Rules expressly authorize the district court to "calibrate the notice to avoid undue expense." Fed.R.Civ.P. 23(h)(1) committee note. Mailed notice, informing class members of their right to object, is reasonable notice sufficient to satisfy Rule 23(h). *See, In re Livent, Inc. Noteholders Sec. Litig.*, 355 F.Supp.2d 722, 739 (S.D.N.Y. Feb. 4, 2005); *In re Livent, Inc.*, 360 F.Supp.2d 568, 574 (S.D.N.Y. 2005). Notice by mailing to a class along with maintaining a class website has been found reasonable under the notice requirements of settlement notices under Rule 23(e)(1), which also requires notice to be given in a "reasonable manner". *W. Wash. Laborers-Employers Pension Trust v. Panera Bread Co.*, 2011 WL 720060 at *2-3 (E.D.Mo. Feb. 22, 2011); *George v. Kraft Foods Int'l.*, Case No. 07-cv-1713, Doc. 336 at 10-11 (N.D.Ill. Feb. 29, 2012); Fed.R.Civ.P. 23(e)(1); 23(h)(1). The Plans' public filings suggest there are approximately 23,000 current plan participants with account balances. Exs 1 & 2 (2010 PRISM Plan Form 5500s).

Plaintiffs propose the following notice plan which constitutes reasonable notice pursuant to Rule 23(h)(1):

> a. From June 1, 2012, until the date of the Court's decision on Plaintiffs' Motion for Attorney Fees and Costs, Defendants shall post on the ABB 401(k) Plan's website a notice substantially similar to the one attached as Exhibit 3 which shall be approved by Class Counsel prior to posting.

2

b.  By June 1, 2012, Plaintiffs shall retain a Settlement Administrator paid by Defendants.

c.  By June 8, 2012, Defendants shall provide to the Settlement Administrator a list of all persons who participated in the PRISM Plans at any time after December 29, 2000, including their names, addresses, and social security numbers.

d.  By June 29, 2012, the Settlement Administrator shall mail notice to class members who can be located based on the data provided and commercially reasonable means. The notice shall be substantially similar to the one attached as Exhibit 4 and shall be approved by Class Counsel prior to mailing. The notices shall inform class members of their right to file an objection or otherwise be heard with respect to Plaintiffs' Rule 54(d)(2) motion. Class members shall be informed of an August 1, 2012 deadline for any such comments.

e.  From June 30, 2012, until July 31, 2012, the Settlement Administrator shall maintain a toll-free telephone number for responding to class member questions, which number shall be included in the class notice. If a notice is returned as undeliverable, the Settlement Administrator shall attempt, through commercially reasonable means, to identify a valid address and shall re-mail the notice. The Settlement Administrator shall also respond to requests from class members to mail or re-mail notices.

f.  From June 22, 2012, until the date of the Court's decision on Plaintiffs' Motion for Attorney Fees and Costs, Plaintiffs or the Settlement Administrator shall maintain a website, which will include information including: (1) the Court's March 31, 2011 judgment; (2) Plaintiffs' May 11, 2012 Motion for Attorney Fees and Costs; and (3) a Notice substantially similar to the one attached as Exhibit 2. The website must also state that class members wishing to file an objection or support for Plaintiffs' Motion must do so by writing to: United States Courthouse, 80 Lafayette Street, Jefferson City, Mo, 65101 and that the deadline for such comments is August 1, 2012.

Finally, Rule 23(h) "does not require a district court to hold a hearing on a motion for attorneys' fees in a class action." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008); Fed.R.Civ.P. 23(h)(3) ("The court *may* hold a hearing …") (emphasis added). Whether or not a hearing is ordered, the Court's process for setting fees must give the class "notice and an opportunity to be heard." *In re High Sulfur Content Gasoline Prods.*

3

*Liab. Litig.*, 517 F.3d at 231. Further, if there is a hearing, class members must be notified of it and given the right to participate. *Id*. Plaintiffs do not oppose oral argument if ordered by the Court, but do not believe such argument is necessary in this case. L.R. 7.0(b) ("Unless oral argument is ordered by the Court, motions will be ruled upon [by] written motion, supporting suggestions, opposing suggestions and reply suggestions.").

**III. CONCLUSION**

For the reasons stated above, Plaintiffs request that Plaintiffs' notice plan be approved and that the Court order that Defendants are jointly and severally liable for all costs associated with implementing the notice plan.

Respectfully Submitted,

SCHLICHTER, BOGARD & DENTON

By: \_/s/ Jerome J. Schlichter\_
Jerome J. Schlichter
Troy A. Doles
Heather Lea
100 S. Fourth Street, Suite 900
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (Fax)

Attorneys for Plaintiffs

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Adam B. Walker, Azeez Hayne, Brian Boyle, Brian T. Ortelere, Catherine A. Cugell, Charles Lee Jolley, Gregory C. Braden, Henry D. Fellows, Jr., James O. Fleckner, James S. Dittmar, Jeffrey A. Strgeon, Jeffrey S. Russell, Michael J. Nester, Richard N. Bien, Robert N. Eccles, Shannon Barrett, Stephen D. Brody, Thomas E. Wack, William J. Delany.

        /s/ Jerome J. Schlichter