UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RONALD TUSSEY, et al., )<br>)<br>Plaintiffs; )<br>)<br>v. )<br>)<br>ABB, INC., et al., )<br>)<br>Defendants. ) | Case No. 06-04305-CV-C-NKL |

## DECLARATION OF JEROME J. SCHLICHTER

I, Jerome J. Schlichter, under penalty of perjury pursuant to 28 U.S.C. §1746, declare as follows:

1. I am founding partner of the law firm of Schlichter, Bogard & Denton LLP, counsel for the Class. This declaration is submitted in support of Plaintiffs' Motion for Attorney Fees and Memorandum in Support. I am familiar with the facts set forth below and able to testify to them.

2. I received my Bachelor's degree in Business Administration from the University of Illinois in 1969, with honors and was a James Scholar. I received my Juris Doctorate from the University of California at Los Angeles (UCLA) Law School in 1972, where I was an Associate Editor of UCLA Law Review. I am licensed to practice law in the states of Illinois, Missouri, and California and am admitted to practice before the Supreme Court of the United States, the Third, Fifth, Seventh, Eighth and Ninth Circuit Courts of Appeal and numerous U.S. District Courts. I have also been an Adjunct Professor teaching trials at Washington University Law School, and been repeatedly selected by my peers for the list of The Best Lawyers in America.

3. Through 39 years of practice, I have handled, on behalf of plaintiffs, substantial personal injury, civil rights class actions, mass torts and ERISA fiduciary breach litigation. In

2007, I was listed as number 3 in a list of the 100 most influential people nationally in the 401(k) industry in the industry publication 401(k) Wire. Examples of class cases I have successfully handled include: *Brown v. Terminal Railroad Association,* a race discrimination case in the Southern District of Illinois on behalf of all African-American and Hispanic employees at a railroad; *Mister v. Illinois Central Gulf Railroad,* 832 F.2d 1427 (7th Cir. 1987), a failure-to-hire class action brought on behalf of hundreds of African-American applicants from East St. Louis, Illinois at a major railroad which was tried to conclusion and successfully appealed to the Seventh Circuit Court of Appeals and finally concluded with more than $10 million for the class after 12 ½ years of litigation; *Wilfong v. Rent-A-Center, No. 00-680-DRH* (S.D. Ill. 2002), a nationwide gender discrimination in employment case on behalf of women, which was successfully settled for $47 million and substantial affirmative relief to the class of thousands, after defeating the defendant's attempt to conduct a reverse auction.

4. My firm has been named Class Counsel in numerous cases involving claims of fiduciary breaches in large 401(k) Plans. See, e.g. *Martin v. Caterpillar Inc.*, 2010 WL 3210448 (Aug. 12, 2010); *George v. Kraft Foods Global Inc.*, 251 F.R.D. 338, 351-52 (N.D.Ill. 2008); *Taylor v. United Tech. Corp.*, 2008 WL 2333120 at *5-*6 (D.Conn. June 3, 2008); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111-12 (N.D.Cal. 2008); *Tussey v. ABB Inc.*, 2007 WL 4289694 at *8 (W.D.Mo. Dec. 3, 2007); *Loomis v. Exelon Corp.*, 2007 WL 2981951 at*5 (N.D.Ill. June 26, 2007); *Spano v. Boeing*, 2008 WL 4449516 (S.D.Ill. 2008); *Beesley v. International Paper, Co.*, 2008 WL 4450319 (S.D.Ill. 2008); *Will v. General Dynamics,* 2010 WL 4818174 (S.D.Ill. Nov. 22, 2010).

5. My work in plaintiffs' class action cases has been taken note of by federal judges. U.S. District Judge James Foreman, in the *Mister* case, *supra*, speaking of my efforts, stated:

"This Court is unaware of any comparable achievement of public good by a private lawyer in the face of such obstacles and enormous demand of resources and finance." Order on Attorney's Fees, *Mister v. Illinois Central Gulf R.R.*, No. 81-3006 (S.D. Ill. 1993). U. S. District Judge, now Chief Judge, David R. Herndon wrote, regarding my handling of the *Wilfong* class action *supra*:

> Class counsel has appeared in this court and has been known to this Court for approximately 20 years. This Court finds that Mr. Schlichter's experience, reputation and ability are of the highest caliber. Mr. Schlichter is known well to the District Court Judge and this Court agrees with Judge Foreman's review of Mr. Schlichter's experience, reputation and ability.

Order on Attorney's Fees, *Wilfong v. Rent-A-Center*, No. 0068-DRH (S.D. Ill. 2002).

6. Judge Herndon also noted that I "performed the role of a 'private attorney general' contemplated under the common fund doctrine, a role viewed with great favor in this Court" and described my action as "an example of advocacy at its highest and noblest purpose." *Id.*

7. I have also spoken on Employee Retirement Income Security Act ("ERISA") litigation breach of fiduciary duty claims at national ERISA seminars as well as other national bar seminars.

8. In the decades of my private practice, I have never been reprimanded, sanctioned or otherwise disciplined with respect to any aspect of the practice of law.

9. Since 2005, my firm and I have been investigating, preparing and handling, on behalf of plan participants, numerous cases against fiduciaries in large 401(k) cases alleging fiduciary breaches including excessive fees, conflicts of interests and prohibited transactions under ERISA.

10. This required the firm to assemble high-quality attorneys with particularized experience in ERISA, finance and class action litigation, as well as general litigation skills and knowledge of electronic discovery and document management.

11. Prior to the filing of this lawsuit, my firm spent significant time researching the ABB PRISM Plans, investigating potential claims, and consulting with experts in the field of 401(k) administration and investment management regarding the Plans.

12. As a practical matter, litigants such as the Class Representatives, Ron Tussey, Charles Fisher and Timothy Pinnell, could not afford to pursue litigation against well-funded fiduciaries of a multi-billion dollar plan sponsored by a Fortune 500 employer such as ABB in federal court on any basis other than a contingent fee.

13. I know of no law firm in the United States, if any would even consider handling such a case as this, which would do so with an expectation of anything but a percentage of the common fund created, and I know of no law firm in the United States that would be willing to undertake this litigation without being compensated for the massive risk and delay in payment required in an ERISA class action of this type.

14. Defendants vigorously defended this case and committed tremendous resources to it. One joint defense expert alone, Glenn Hubbard, and the research firm which performed his research for the case, charged according to Mr. Hubbard's sworn testimony at trial, millions of dollars for his report, testimony and research supporting it in this case. This charge alone was approximately twice the amount charged by all Plaintiffs' experts combined. His and his research firm's charge alone greatly exceeded the entire combination of all Plaintiffs' costs incurred for everything in this case. In my experience, I have never encountered a defendant who paid one

expert and his research for one case anywhere close to what Defendants paid Mr. Hubbard and his research firm in this case.

15. The contingency fee agreements entered into between my firm and the Class Representatives in this case provide for our fee to be one-third of any recovery plus expenses.

16. This case and cases like it involve enormous risk, require very substantial attorney time, advancement of very substantial expenses, and carrying that cost of the time and expenses for years. It is also necessary to find and obtain opinions from consulting and testifying unconflicted experts in finance, investment management, and related fields. This case has been also extremely hard fought.

17. Before my firm filed this case, virtually no firm was willing to bring such a case, and I know of no other firm that has made the financial and attorney commitment to such cases to this date.

18. Based on my experience, the market for experienced and competent lawyers willing to pursue 401(k) ERISA Fee Litigation is a national market, not a local or Missouri market, and a contract rate of 33 1/3% of any recovery, plus costs is necessary to bring such cases. This is the rate that a qualified and experienced attorney would negotiate at the beginning of the litigation, and the rate found reasonable in the Southern and Central Districts of Illinois. *Martin v. Caterpillar*, No. 07-10009 (C.D. Ill.) (J. McDade) (Doc. 197, Opinion and Order on the Motion of Class Counsel for fees, expenses, and award to named plaintiffs) (Sept. 10, 2010); *Will v. General Dynamics*, 2010 WL 4818174 (J. Murphy) (S.D.Ill. Nov. 22, 2010).

19. My firm would not have taken this case on the basis of a contingent national hourly rate because the risk of nonpayment is enormous, and because it is also necessary to

advance and carry the expenses which are also at risk. I know of no firm which would even consider taking such enormous risk for an hourly rate fee.

20. Schlichter, Bogard & Denton does not bill clients on an hourly basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 11, 2012.

SCHLICHTER, BOGARD & DENTON

_____
Jerome J. Schlichter