IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RONALD TUSSEY, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-04305-NKL |
| | ) | |
| ABB, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The ABB Defendants have filed a motion for a stay pursuant to Rule 62 [Doc. # 690]. They ask the Court to stay execution or enforcement of the Court's judgment in this case pending appeal. Fidelity Defendants also seek a stay so that they can continue to provide corporate services to ABB as well as providing services to the PRISM Plans [Doc. # 692].

In order to maintain the status quo until this matter is resolved on appeal, the Court grants ABB's motion on the condition that within ten days from the date of this Order, ABB Defendants post a bond in the amount of $50 million, to cover the Court's monetary judgment, attorney's fees and interest payments.

While the Court does not believe that ABB is likely to succeed on appeal, it is better to maintain the status quo given the complexity of making immediate changes. Further, any damage caused to the PRISM Plan by Fidelity servicing both ABB and the PRISM Plans can be remedied with a monetary award and additional attorney's fees.

1

ABB has in fact made that representation to the Court. The Court recognizes that cross subsidization may be difficult to prove in the future, but considering this and all other factors, the Court concludes that a stay is the more measured course.

The Court denies the Fidelity Defendants' motion. They have not shown that a third party affected by an injunction, but not actually ordered to do anything, has standing to seek a stay. More importantly, their request is moot because the Court has granted ABB's motion.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 6, 2012
Jefferson City, Missouri