IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RONALD TUSSEY, ET AL. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:06-CV-04305-NKL |
| | ) |
| ABB, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is a Motion to Reconsider [Doc. # 706] by International Paper Company ("IP"), requesting the Court to revisit its Order denying IP's Motion to Intervene [Doc. # 688]. For the reasons set forth below, IP's Motion to Reconsider is DENIED.

**I.  Background**

Movant IP sought to intervene in this case in order to remove the parties' confidentiality designation for the expert reports and depositions of Plaintiffs' expert witness. Alternatively, IP requested permission to use these reports and designations in another pending case, *Beesley v. International Paper Co.*, Case No. 3:06-cv-703-DRH (S.D. Ill). Plaintiff's expert witness moved to intervene in response, requesting to keep his report confidential. The Court denied both motions without prejudice pending appeal of *Beesley's* class certification. The Seventh Circuit vacated class certification in *Beesley* and its companion case, and remanded the case to district court on January 22, 2011. IP

1

again filed a motion to intervene in this case. The Court denied the motion and then IP filed this motion to reconsider.

## II. Discussion

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder-Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir. 2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D. Mo. Jan. 31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman*, 839 F.2d at 413.

IP argues that reconsideration is merited on the grounds that newly-discovered evidence establishes that no Defendant has a confidentiality interest in the expert witness's documents. This "newly-discovered evidence" is a conversation IP's counsel had with Defendants' counsel after the Court issued its previous Order denying IP's intervention. However, IP has introduced no support that this evidence was unobtainable through the exercise of due diligence prior to the Court's previous Order. Without a showing that such evidence was previously unobtainable, there is no basis for reconsideration.

IP also argues that the Court should reconsider its Order because to do otherwise would constitute an "abuse of discretion." In the previous order, the Court in its discretion denied IP's motion to intervene on the basis of the motion's untimeliness and potential prejudice to the parties. [Doc. #688]. *See* Fed.R.Civ.P. 24(b). IP's motion to reconsider merely attempts to reargue these issues, and does not show that the Court's decision on these issues constitutes "manifest error." A motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Rather, IP had a "full and fair opportunity to litigate" its claim in its first motion to intervene. *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Court has already ruled on the matter, and absent evidence of manifest error, reconsideration is inappropriate.

## III. Conclusion

For the above stated reasons, IP's Motion to Reconsider [Doc. # 706] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 14, 2012
Jefferson City, Missouri