## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the ABB Defendants.

**1.     Article 1 – Recitals**

1.1     On December 29, 2006, Charles Fisher, Ron Tussey, and Timothy Pinnell, filed a Complaint (Case No. 2:06-cv-04305) on behalf of themselves and all participants of the Personal Retirement Investment and Savings Management Plan for Employees of ABB Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB Inc. ("the Plans") in the United States District Court for the Western District of Missouri ("the Court"). The operative complaint is the Amended Complaint for Breach of Fiduciary Duty filed on the July 5, 2007 (the "Amended Complaint") against, *inter alia*, ABB Inc., John W. Cutler, Jr., the Pension Review Committee of ABB Inc., the Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc. ("the ABB Defendants.") No other defendants remain in the suit.  The Amended Complaint assert various claims under the Employee Retirement Income Security Act of 1974 29 U.S.C. § 1001, *et seq.* ("ERISA") based on claimed breaches related to the management, operation and administration of the Plans.

1.2     On December 3, 2007, the Court appointed the law firm of Schlichter Bogard and Denton as Class Counsel.

On June 15, 2012, the Court modified the class definition, which is now the operative definition of the class, as follows:

> The class in this matter consists of all persons, excluding individual employees who are liable for the conduct described in the Complaint, who are or were participants or beneficiaries of the Plans and who are or were affected by the conduct set forth in the Complaint, as well as those who will become participants or beneficiaries of the Plans in the future. The class is limited to those persons with claims based on breaches occurring on or after December 29, 2000.

1.3     After a month-long trial in January of 2010, the Court issued an Order and Judgment on March 31, 2012, finding, among other things, that the Plan's fiduciaries breached their duties to the Plans: (1) when they failed to monitor recordkeeping costs causing losses of $13.4 million and (2) when they removed the Vanguard Wellington Fund and replacing it with the Fidelity Freedom Funds causing losses of $21.8 million. In addition, the Court also awarded injunctive relief in favor of the Plaintiffs and the Plans' participants. The Court also ordered

that the issue of an award of attorney fees to Plaintiffs and any other remaining issues be determined at a later date.

On June 15, 2012, the Court granted Plaintiffs' request to approve a notice plan apprising class members of Plaintiffs' motion for attorneys' fees and the request that certain of Plaintiffs' costs and expenses be recovered from the Defendants and that the costs for experts be recovered from the damages award. Defendants paid for the disimination of these notices. In response to these notices, no class member submitted an objection.

On November 2, 2012, the Court granted Plaintiffs' motion for attorneys' fees, nontaxable costs, and named plaintiff incentive awards to be paid by defendants. The Court also granted Plaintiffs' request that certain costs, including Plaintiffs' expert costs, be paid out of the Class damages award.

On appeal, the United States Court of Appeals for the Eighth Circuit upheld the recordkeeping award of $13.4 million (Claim 1) but vacated the damages award on the mapping claim (Claim 2). *Tussey v. ABB Inc.*, 746 F.3d 327, 339 (8th Cir. 2014). The Eighth Circuit remanded the case back to the district court to reconsider what damages, if any, were appropriate.

In its July 9, 2015 Order and decision on remand, the Court awarded no damages on the mapping claim (Claim 2).

Plaintiffs then appealed to the Eighth Circuirt for a second time. The Eighth Circuit vacated the District Court's decision to award no damages on the mapping claim (Claim 2) and remanded for further proceedings. *See Tussey v. ABB Inc.*, 850 F.3d 951 (8th Cir. 2017).

On remand a second time, the Court asked the Parties to submit briefs on the proper method of calculating damages on the mapping claim (Claim 2). Then, after the Court decided the proper method, it asked the Parties to submit briefs on the amount of damages according to the Court's chosen method.

1.4     During this process, in the Fall of 2018, Plaintiffs and the ABB defendants engaged in settlement discussions through Court-hosted mediation with both a private national mediator and a Court-appointed mediator. The parties did not reach agreement during the mediation session, but continued with extensive discussions. Plaintiffs and the ABB defendants reached agreement to fully and finally resolve this matter on November 29, 2018. The terms of the parties' settlement are memorialized in this Settlement Agreement.

1.5     The Class Representatives and Class Counsel consider it desirable and in the Plans' and Class Members' best interests that the claims against the ABB Defendants be settled upon the terms set forth below. The Class Representatives and Class Counsel have concluded that such terms are fair, reasonable, and

2

adequate and that this Settlement will result in benefits to the Plans and the Settlement Class.

1.6    The ABB Defendants, as defined, deny all allegations of wrongdoing and deny all liability for the remaining allegations and claims made in the Class Action. The ABB Defendants maintain that they are without fault or liability. This Settlement Agreement, and the discussions between the Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of any wrongdoing, fault or liability of any kind by the ABB Defendants.

1.7    The Parties have concluded that it is desirable that the Class Action be finally settled upon the terms and conditions set forth in this Settlement Agreement.

1.8    Therefore, the Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the below.

## 2.    Article 2 – Definitions

As used in this Settlement Agreement and the Exhibits attached hereto, unless otherwise defined, the following terms have the meanings specified below:

2.1    "ABB" when used singularly shall refer to ABB Inc., a Delaware corporation.

2.2    "Active Account" means an individual investment account in the Plans during the Class Period.

2.3    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs of the Plan's current or former recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds pursuant to the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are the Parties' respective legal expenses and costs. Administrative Expenses shall be paid from the Gross Settlement Amount.

2.4    "Alternate Payee" means a person other than a participant or Beneficiary in the Plans who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order.

3

2.5 "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed an amount of 33 1/3% (or $18,331,500) of the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $2,510,000 which also shall be recovered exclusively from the Gross Settlement Amount.

2.6 "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form by the Claims Deadline set by the Court in the Preliminary Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

2.7 "Beneficiary" means a person who is entitled, under the terms of the Plans, to receive distribution under the Plans upon the death of a Plan participant, other than as an Alternate Payee. A Beneficiary includes, but is not limited to, a surviving spouse, domestic partner, or child of a Plan participant who currently is entitled to a benefit.

2.8 "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.9 "Calendar days," when used in this Agreement, this term shall be given the meaning defined in Federal Rule of Civil Procedure 6 and such days shall be computed as defined by that Rule.

2.10 "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

2.11 "Class" means the definition given by the Court in its June 15, 2012 Order: "The class in this matter consists of all persons, excluding individual employees who are liable for the conduct described in the Complaint, who are or were participants or beneficiaries of the Plans and who are or were affected by the conduct set forth in the Complaint, as well as those who will become participants or beneficiaries of the Plans in the future. The class is limited to those persons with claims based on breaches occurring on or after December 29, 2000."

2.12 "Class Action" means the action styled *Tussey, et al. v. ABB Inc., et al.*, No: 2:06-cv-04305 NKL in the United States District Court for the Western District of Missouri.

2.13 "Class Counsel" means Schlichter, Bogard & Denton LLP, 100 S. Fourth Street, Suite 1200, Saint Louis, Missouri, 63102.

4

**2.14**  "Class Members" means all individuals in the Settlement Class.

**2.15**  "Class Period" means the period from December 29, 2000 through December 31, 2007.

**2.16**  "Class Representatives" means Ron Tussey, Timothy Pinnell, and Charles Fisher.

**2.17**  "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

**2.18**  "Confidentiality Order" means the Protective Order entered on June 18, 2007.

**2.19**  "Court" means the United States District Court for the Western District of Missouri.

**2.20**  "Current Participant" means a person who had an Active Account in either of the Plans during the Class Period and had a balance greater than $0 as of the Settlement Agreement Execution Date.

**2.21**  "ABB Defendants" means ABB Inc., John W. Cutler, Jr., the Pension Review Committee of ABB Inc., the Pension & Thrift Management Group of ABB Inc., and the Employee Benefits Committee of ABB Inc.

**2.22**  "Defense Counsel" means counsel for the ABB Defendants as of this settlement date, Bryan Cave Leighton Paisner, LLP, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102-2750.

**2.23**  "Escrow Agent" means Commerce Bank (Commerce Bankshares, Inc.), an entity that is mutually agreed to by the Settling Parties for serving as an escrow agent for purposes of the settlement

**2.24**  "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23.

**2.25**  "Final Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

5

**2.26** "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any Party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted review proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.27** "Former Participant" is a person who had an Active Account during the Class Period, but does not have a balance greater than $0 as of the Settlement Agreement Execution Date.

**2.28** "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.29** "Gross Settlement Amount" means the sum of fifty-five million dollars ($55,000,000), contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Class, Plaintiffs, and Class Counsel made on behalf of the ABB Defendants in connection with this Settlement. Other than as provided for in 6.14, once the Final Order is Final, no portion of the Gross Settlement Amount shall be returned to the Released Parties.

**2.30** "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plans in accordance with Article 3 that has no relationship or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

**2.31** "Mediator" means Hunter Hughes. If Mr. Hughes is not available to serve as the Mediator, the parties shall mutually agree upon a mediation. If the Parties are unable to mutually agree upon a mediator, a mediator selected by the Court.

**2.32** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors.

6

**2.33** "Parties" or "Party" means Class Representatives and/or ABB Defendants.

**2.34** "Plaintiffs" means the Class Representatives and the Class Members.

**2.35** "Plans" mean the Personal Retirement Investment and Savings Management Plan for Employees of ABB Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB Inc.

**2.36** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.37** "Preliminary Order" means the order proposed by the Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.38** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.39** "Released Parties" means (a) the ABB Defendants (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and (e) with respect to (a) through (d) above their past, present and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

**2.40** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period:

a. That were asserted in the Class Action or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or

7

occurrences that were alleged, asserted, or set forth in the Amended Complaint or in any complaint previously filed in the litigation; or

b. That arise out of or relate to: (1) the selection, retention, use, monitoring, oversight, compensation, fees or performance of the Plans' investment options or service providers, (2) any fees, costs, or expenses charged to, paid, or reimbursed by the Plans or any Class Member, (3) disclosures or failures to disclose information regarding the Plans' investment options or service providers, (4) the investment options offered to Plan participants, (5) the selection of or compensation received by vendors and service providers to the Plans, (6) the services provided to the Plans or the costs of those services, or (7) collecting or paying compensation based on a percentage of total assets; or

c. That would be barred by *res judicata* or collateral estoppel had the claims asserted in the Amended Complaint been fully litigated and resulted in a Final judgment; or

d. That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plans or any Class Member in accordance with the Plan of Allocation; or

e. That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

Released Claims specifically exclude (1) those claims not related to 2.37(a) – (e) above; (2) claims of individual denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in 2.37(a) – (e) above; and (3) wages, labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart (3).

**2.41** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.42** "Settlement Administrator" means Analytics Inc., an independent contractor to be retained by Class Counsel.

**2.43** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Class Action Settlement Agreement.

**2.44** "Settlement Class" means all persons who participated in either Plan and had an Active Account at any time during the Class Period, including any Beneficiary of a deceased person who participated in a Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in a Plan at any time during the Class Period. Excluded from the class are the ABB Defendants and any individual who served on a Committee identified as an ABB Defendant.

**2.45** "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 10.

**2.46** "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

**2.47** "Settlement Period" shall be from the Settelement Effective Date and continuing for a period of one year thereafter.

**2.48** "Settlement Website" means the internet website established in accordance with Paragraph 11.2.

**2.49** "Settling Parties" means the ABB Defendants and the Class Representatives, on behalf of themselves, the Plans, and each of the Class Members.

**3.** **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary, agreed to by the Settling Parties, shall be retained by ABB, on behalf of the Plan, and shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

> **3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of

9

Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

3.1.2    The Independent Fiduciary shall notify Class Counsel, Defense Counsel, and ABB Inc. directly of its determination in writing, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

3.1.3    All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

3.1.4    ABB Inc., Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

3.1.5    Within fifteen (15) calendar days of receipt of the written determination by the Independent Fiduciary, ABB Inc. shall (a) review the determination by the Independent Fiduciary, (b) conclude whether the Independent Fiduciary has made the determinations required by PTE 2003-39, and (c) notify Class Counsel in writing of its conclusion in that regard.

3.2    Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court shall, among other things:

3.2.1    Approve the text of the Settlement Notice and Former Participant Claim Form for mailing to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

3.2.2    Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the

10

Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

3.2.3  Cause the Settlement Administrator to send the Settlement Notice by first class mail. In addition, a Former Participant Claim Form shall be sent in the same manner to each Former Participant identified by the Settlement Administrator based upon the information provided by the Plans' recordkeeper, and each Former Participant shall also be sent the Settlement Notice;

3.2.4  Provide that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Party or the Plans;

3.2.5  Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

3.2.6  Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

3.2.7  Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within fourteen (14) fourteen days of recipet of the objection and that any responses to discovery or depositions must be completed within fourteen (14) calendar days of the discovery request being served on the objector;

3.2.8  Provide that any Settling Party may file a response to an objection by a Class Member;

11

3.2.9   Set a deadline of no later than the date of ten (10) calendar days prior to the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

3.2.10  Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

3.2.10  Approve the Form of CAFA Notices, prepared by the Administrator and attached as Exhibit 6, and order that upon mailing of the CAFA notices to the appropriate authorities, the ABB Defendants shall have fulfilled their obligations under CAFA.

3.3   The ABB Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

3.3.1   The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol required by the Parties or the Court.

3.3.2   The Settlement Administrator shall use the data provided by the ABB Defendants and the Plans' recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.3.3   The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.4   By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

3.4.1   Cause to be provided to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Parties and the Court. The Settlement Notice shall be sent by first class mail to the last known address of each Class Member provided by the

12

Plan's' recordkeeper (or its designee), unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeeper (or its designee). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**3.4.2** Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4.3** Have prepared and provided CAFA notices to the Attorney General of the United States, the Secretary of the Department of Labor, and the Atttorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715, within ten (10) days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Order. The CAFA Notice prepared by the Settlement Administrator and approved by the Parties is attached hereto as Exhibit 6.

## 4. Article 4 – Final Settlement Approval

**4.1** No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel and Defense Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 5) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1** Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2** A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

**4.1.3** Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, without costs to any of the Parties other than as provided for in this Settlement Agreement.

**4.1.4** That each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties and the Plans from all Released Claims, and (ii) barred and enjoined from suing the Released Parties or the Plans in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5** That the Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plans shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims;

**4.1.6** That each Class Member shall release the Released Parties, Defense Counsel, Class Counsel, and the Plans for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

14

**4.1.7** That all applicable CAFA requirements have been satisfied, including that CAFA notices were served on the required state and federal officials at least ninety (90) days before the hearing on final approval;

**4.1.8** That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

**4.1.9** That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance;

**4.1.10** That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.1.11** A full and unconditional discharge and release of Appeal Bond #019041095 dated 11/08/2012 (Exhibit 7) to a representative of ABB Inc.

**4.2** The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by the Final Order.

**5.** **Article 5 – Establishment of Qualified Settlement Fund**

**5.1** No later than five (5) calendar days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the

necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

5.3    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon the ABB Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4    Within fourteen (14) calendar days after the later of (a) the entry of the Preliminary Order, or (b) the establishment of the escrow account described in

16

Paragraph 5.1 and the furnishing by the Escrow Agent to ABB Defendants in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, ABB Inc., and/or its agents or insurers, will deposit 12 million dollars ($12,000,000) into the Qualified Settlement Fund.

5.5     Within ten (10) calendar days after the Final Order becomes Final, ABB Inc., and/or its agents or insurers, will deposit an additional forty-three million dollars ($43,000,000) into the Qualified Settlement Fund. The Settlement Administrator shall provide wire transfer information to ABB at least thirty (30) days prior to the payment due date.

5.6     The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.7     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.8     After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel no later than eight (8) calendar days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid no later than eight (8) calendar days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid no later eight (8) calendar days after the Settlement Effective Date; (d) fourth, prior to the distribution described in (e), a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, no later than one hundred fifty (150) days after the Settlement Effective date, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.9** The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**6.    Article 6 – Plan of Allocation**

**6.1** After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and those Current Participants covered by Paragraphs 6.6, 6.7, and 6.8 below, and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2** To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, Beneficiary, or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their Plan account(s), except as provided in Paragraph 6.7 below. Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.8 below.

**6.3** Beneficiaries will receive checks as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive checks if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the Plan of Allocation as if they are a Current Participant or Authorized Former Participant. The Settlement Administrator shall be entitled to rely upon data provided by the Plan's recordkeepers and former recordkeepers, and the data provided by those recordkeepers shall be regarded as conclusive and shall not be subject to challenge by any Class Member or Party. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4** The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants no later than sixty (60) calendar days after the Settlement Effective Date.

**6.5**  **Calculation of Settlement Payments.** Payments shall be calculated by the Settlement Administrator as follows:

**6.5.1**  The Settlement Administrator shall obtain from the Plans' recordkeeper (1) the balance of each Class Member's investment in the Vanguard Wellington Fund ("VWF") as of the date the VWF was removed from the Plans (March 31, 2001) and (2) the quarter ending balances of each Class Member's account for each quarter during the Class Period.

**6.5.2**  The Net Settlement Amount shall be divided into two portions: (1) 62% to those Authorized Former Participants and Current Participants invested in the VWF ("VWF Portion"); and (2) 38% to all Authorized Former Participants and Current Participants in either Plan ("Recordkeeping Fee Portion"). These percentatges are proportional to the Court's damages as referenced in the Order and Judgment of March 31, 2012.

**6.5.2(A)**  **VWF Portion**: Among those Authorized Former Participants and Current Participants invested in the VWF as of March 31, 2001, the VWF Portion will be allocated as follows: Each Class Member will receive his or her proportional fraction of the VWF Portion based on each Class Member's balance in the VWF as of the date the VWF was removed from the Plans.

**6.5.2(B)**  **Recordkeeping Fee Portion**: Among those Authorized Former Participants and Current Participants in either Plan during the Class Period, their allocation of the Recordkeeping Fee Portion will be as follows:

1.  The quarterly balances for the Class Period of Current and Authorized Former Participants invested in each of the Plans are identified for each quarter;

2.  All quarterly balances identified in step 1 are summed together for each Current and Authorized Former Participant;

3.  An average quarterly balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period;

4.  For each Current Participant and each Authorized Former Participant, the average quarterly balance of

19

step 3 is divided by the sum of the average quarterly balances for the Class Period of all Current and Authorized Former Participants;

5.  Each Current Participant and each Authorized Former Participant will receive the proportional fraction of the Recordkeeping Fee Portion which is calculated in step 4.

6.5.3  Notwithstanding Paragraph 6.5.2, no amount shall be distributed to an Authroized Former Participant or Current Participant that is five dollars ($5.00) or less, because such an amount is *de minimis* and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution.

6.5.4  The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's share of the Net Settlement as set forth above.

6.5.5  The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments and distributions to Authorized Former Participants and Current Participants; and (b) instructing the Plans as to the amounts to be paid and distributed.

6.5.6  The total amount of all checks to be written by the Settlement Administrator plus the total amount of all deposits to the Current Participants' Plan accounts may not exceed the Net Settlement Amount. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

6.5.7  The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

6.6  **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

6.6.1  No later than four (4) calendar days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide ABB Inc. (or its designee) with an

20

Excel spreadsheet containing the name, Social Security number or other unique identifier, and the amount of the settlement payment to be made into the Plan account for each Current Participant.

6.6.2    Thereafter, no later than fourteen (14) calendar days after written notice to ABB Inc. (or its designee), the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plans' trustee of the aggregate amount of all settlement payments payable to Current Participants, as reflected in the spreadsheet provided by the Settlement Administrator. ABB Inc. (or its designee) shall direct the Plans' trustee to credit the individual Plan accounts of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

6.6.3    The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If there is no investment election for new contributions on file for any Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the Plans' "Qualified Default Investment Alternative(s)" as defined in 29 C.F.R. § 2550.404c-5.

6.6.4    The Plans' recordkeeper shall process all Current Participant transactions no later than thirty (30) calendar days after of receiving direction from ABB Inc. (or its designee) for any Current Participant.

6.7    **Payments to Current Participants Who Have a $0 Account Balance as of the Date the Settlement Payments Are Made.** For each Current Participant who has an account balance of zero as of the date the settlement payments are made, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Current Participant then on file with the recordkeeper for the Plans. A Current Participant who has an account balance of zero as of the date the settlement payments are made need not complete a Former Participant Claim Form. The checks shall be issued as follows:

6.7.1    For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Current Participant.

6.7.2    Settlement payments that cannot be made by the Plans' trustee within thirty (30) calendar days of receiving direction from ABB Inc. (or its designee), as described in Paragraph 6.5, because the Current Participant

21

has an account balance of zero in the Plan shall be returned by the Plan's trustee to the Settlement Administrator for distribution pursuant to this Paragraph 6.6 no later than twenty (20) calendar days after the expiration of the 30 day period herein.

6.8 **Payments to Authorized Former Participants.** For each Authorized Former Participant, the Settlement Administrator will issue a check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

6.8.1 For each check issued, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

6.8.2 The Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to rollover such an amount, and shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel or Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

6.9 This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website no later than seven (7) calendar days after the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website no later than seven (7) calendar days after the date that the modification was implemented.

The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

22

**6.10** No later than fourteen (14) calendar days after completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel and Defense Counsel one or more affidavits stating the following: (a) the name and address of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to mail the Settlement Notice and/or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable. These affidavits and the accompanying information shall be considered "Confidential" under the terms of the Confidentiality Order.

**6.11** The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. The ABB Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Parties.

**6.12** Each Class Member who receives compensation under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.13** All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that

23

are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

6.14    No sooner than thirty (30) calendar days following the end of the Settlement Period, any portion of the Net Settlement Amount remaining after distributions, including costs and taxes, shall be paid to the Plans for the purpose of defraying administrative fees and expenses of the Plans. Except as specifically allowed in this Settlement Agreement, no part of the Settlement Fund will be used to reimburse any ABB Defendants or otherwise offset settlement related costs incurred by the ABB Defendants.

## 7.    Article 7 – Attorneys' Fees and Costs

7.1    Class Counsel intends to recover their attorneys' fees not to exceed $18,331,500, and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $2,510,000 both of which shall be recovered (if at all) only from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $25,000 per Class Representative, which shall be recovered from the Gross Settlement Amount.

7.2    Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) calendar days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

## 8.    Article 8 – Release and Covenant Not to Sue

8.1    As of the Settlement Effective Date, the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1) the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns, agents, and attorneys), on their own behalves and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties and the Plans from the Released Claims, regardless of whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

8.2    As of the Settlement Effective Date, the Class Representatives, the Class Members and the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not

24

limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

8.3    Class Counsel, the Class Representatives, Class Members, or the Plans, may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties and the Plans, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plans shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members and the Plans acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

8.4    ABB Inc. and Plaintiffs hereby agree and stipulate to the discharge and release of Appeal Bond # 019041095 dated 11/8/2012. Now, Therefore, It Is Hereby Stipulated and Agreed, by and between the undersigned, that the Appeal Bond is fully and unconditionally discharged and released and the sureties to the Appeal Bond have no past, present, or future liability arising under or in connection with the Appeal Bond, and that the Court shall release the Appeal Bond recorded with the Court to a representative of ABB Inc.

8.5    Each Class Representative, Class Member and the Plans hereby stipulates and agrees with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, the Class Representatives and Class Members, shall upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9. Article 9 – Representations and Warranties

**9.1** The Parties represent:

**9.1.1** That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among Class Counsel and Defense Counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2** That they assume the risk of mistake as to facts or law;

**9.1.3** That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement;

**9.1.4** That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Parties; and

**9.1.5** That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2** Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 10. Article 10 – Additional Terms

**10.1** In the Order and Judgment, the Court ordered the following injunctive relief:

26

**10.1.1** Within 18 months from the date of the Judgment and Order, ABB Inc. must utilize a competitive bidding process, including a request for proposal, to select a new recordkeeper. Fidelity Trust was permitted to take part in this process.

**10.1.2** ABB must monitor the Plans' recordkeeping costs in accordance with the duties of prudence, loyalty and in accord with Plan documents.

**10.1.3** If revenue sharing is used to pay for recordkeeping, ABB shall determine the dollar amount the Plans are compensating the recordkeeper, and will leverage the Plans' size to negotiate for rebates.

**10.1.4** So long as ABB serves as a fiduciary to the Plans, ABB shall not use the Plans' recordkeeper to provide any corporate services to ABB.

**10.1.5** For investments on the Plans' investment platform, ABB shall choose the share class of investments that has the lowest expense ratio.

**10.1.6** ABB shall manage the Plans for the exlusive benefit of the Plans' participants and beneficiaries.

10.2 ABB states that it has complied with the above items in 10.1.

**11. Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

**11.1** The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1** Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever or ABB Inc. reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39.

**11.1.2** The Preliminary Order or the Final Order are not entered by the Court substantially in the form submitted by the Parties or in a form which is otherwise agreed to by the Parties;

**11.1.3** The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Parties;

11.1.4 This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

11.1.5 The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Parties do not mutually agree to any such modifications.

11.2 If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Parties revert to their status as though the Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to ABB Inc. within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

11.3 It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Compensation accordingly.

11.4 In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and the ABB Defendants, on the other hand.

## 12. Article 11 – Confidentiality of Settlement Negotiations

12.1 Except as set forth explicitly below or otherwise required by law, the Settling Parties, Defense Counsel and Class Counsel agree to keep confidential all positions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed, and (b) comply with this Article 11 in all other respects.

12.2 Class Counsel will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: the operative Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class

Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. Class Counsel will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.10.

12.3    ABB Defendants may communicate with class members about the settlement in response to questions raised by the class members about it. By way of example only, current or former employees of ABB who are class members may contact human resouces to inquire why they received a deposit to their account, and Defendants may respond to such inquiries.

13.    **Article 12 – General Provisions**

13.1    The Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement at least five (5) calendar days in advance of filing.

13.2    Within sixty (60) calendar days after the Settlement Period, the Parties shall either return to the producing parties, or destroy, all documents produced in discovery, including but not limited to documents produced under a claim of privilege or confidentiality. Each Party shall serve a written notice to each producing party certifying that the Party has carried out the obligations imposed by this Paragraph 12.2. The Parties agree that at all times they will honor the requirements of the Confidentiality Order, notwithstanding Settlement of the Class Action.

13.3    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and the ABB Defendants admit no wrongdoing, fault or liability with respect to any of the pending allegations or claims in the Class Action regarding any of the claims, and expressly deny and disclaim any such alleged wrongdoing. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions

29

of any liability of any kind, whether legal or factual.

13.4 Neither the Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither the ABB Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5 Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about the ABB Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

13.6 This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, by Missouri law.

13.7 The Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be resolved exclusively according to the process below:

13.7.1 If a Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the Party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other Parties including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement

30

of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the Party raising the dispute.

13.7.2      Within twenty (20) calendar days after receiving the notice described in Paragraph 12.7.1, the receiving Parties shall respond in writing with their position and the facts and arguments they rely on in support of their position.

13.7.3      For a period of not more than twenty (20) calendar days following mailing of the response described in Paragraph 13.7.2, the Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute.

13.7.4      If the dispute is not resolved during the period described in Paragraph 13.7.3, the Parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute.

13.7.5      In any mediation under this Paragraph 12.7, each Party shall bear its own fees and costs with the cost of the Mediator to be paid by the Party raising the dispute.

13.7.6      If the dispute is not resolved through mediation, either Party may request that the Court resolve the dispute.

13.8      The Settling Parties agree that the Court has jurisdiction over the Settlement Class and the ABB Defendants and shall maintain that jurisdiction for purposes of resolving any disputes between the Parties concerning compliance with this Settlement Agreement that are not resolved under Paragraph 12.7. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the Court, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

13.9      The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.10** Each Party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**13.11** Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.12** Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties. Following approval by the Independent Fiduciary, the Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Parties and only if the Independent Fiduciary approved such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court. Oral modifications are not permitted.

**13.13** This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.14** The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.15** Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

**13.16** The provisions of this Settlement Agreement are not severable.

**13.17** All of the covenants, representations, and warranties, express or implied, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

**13.18** All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Order; Exhibit 6- Form of CAFA Notice Exhibit 7 – Appeal Bond.

**13.19** No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any Party to the Settlement Agreement because that Party is deemed to have prepared, structured, drafted, or requested the provision.

**13.20** Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;


IF TO THE CLASS REPRESENTATIVES:

    Jerome J. Schlichter (jschlichter@uselaws.com)
    Troy A. Doles (tdoles@uselaws.com)
    Heather Lea (hlea@uselaws.com)
    SCHLICHTER, BOGARD & DENTON
    100 S. Fourth St., Ste. 1200
    St. Louis, Missouri 63102
    Tel: (314) 621-6115


IF TO THE DEFENDANTS:

    Jeffrey Russell (jrussell@bryancave.com)
    Barbara Smith (Barbara.smith@bclplaw.com)
    Bryan Cave Leighton Paisner, LLC
    211 North Broadway, Ste. 3600

St. Louis, MO 63102
Tel: (314) 259-2000

ON BEHALF OF PLAINTIFFS Individually and as Representatives of the Class:

Dated: March 27, 2019

SCHLICHTER, BOGARD & DENTON, LLP

Jerome J. Schlichter
Troy A. Doles
Heather Lea
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Telephone: (314) 621-6115

Attorneys for Plaintiffs and Class Representatives


ON BEHALF OF THE ABB DEFENDANTS:

Dated: March 27, 2019

Jeffrey M. Young
Chief Counsel – Litigation and Large Projects


Jerry W. Clark
Chief Counsel – Power Grids

**ABB 401(k) Plan Settlement Administrator**
**[Address]**
**City, State, Zip**

# www.ABB401ksettlement.com

## FORMER PARTICIPANT CLAIM FORM

ABC1234567890

Claim Number: 1111111

# *ABC1234567890*

JANE Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the authorized beneficiary or alternate payee of a Former Participant (all of whom will be treated as Former Participants). A Former Participant is a person who had an Active Account during the Class Period, but does not have a balance greater than $0 as of March 27, 2019.

This form must be completed, signed and mailed to the Settlement Administrator with a postmark date no later than XXXXXXXXX, 2019 in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator via the contact information listed below.

**********************************************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2. Mail your completed Former Participant Claim Form, postmarked no later than XXXXXXXX, 2019, to the Settlement Administrator at the following address:

   **ABB 401(k) Plan Settlement Administrator**
   **[Address]**
   **City, State, Zip**

   It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:

   • You must provide your date of birth, signature and a completed Substitute IRS Form W-9, which is Part 5 to this form.

   • If you desire to rollover your settlement payment, you must complete, in full, the rollover information in Part 4 Payment Election of the Settlement Distribution Form. If you make a claim but do not complete this form, payment, net of taxes, will be made to you in the form of a check.

   • If your address changes after you have sent in your Former Participant Claim Form, you must send your new address to the Settlement Administrator.

   • **Timing Of Payments To Eligible Settlement Class Members**. No settlement payments will be made unless and until the Settlement Agreement receives final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement Agreement, your payment will be distributed to you after the Settlement Administrator has verified and processed the information for all Class Members who are entitled to a payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at XXX-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration, and claim processing is available on the Settlement website, www.ABB401ksettlement.com.

You may be eligible to receive a payment from a class action settlement. The Court has approved preliminarily a class settlement in *Tussey, et al. v. ABB Inc., et al.* No. 2:06-cv-4305. That settlement provides allocation of monies to class members with Active Accounts, which means an individual investment account in the Plans during the Class Period. The Plans at issue are the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc., or the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc. ("Plan(s)"). The Settlement Agreement applies to "Current Participants," defined as a person who had an Active Account in either of the Plans during the Class Period and had a balance greater than $0 as of March 27, 2019. It also applies to Former Participants," which means a person who had an Active Account during the Class Period, but does not have a balance greater than $0 as of March 27, 2019. Former Participants will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form that is postmarked no later than XXXXXXX to the Settlement Administrator. For more information about the settlement, please see www.ABB401ksettlement.com or call XXX-XXX-XXXX.

Because our records indicate that you are a Former Participant (or beneficiary of a Former Participant) in the Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form, postmarked no later than XXXXXX, to the Settlement Administrator. If you do not indicate a payment election, any payment will be sent via a check payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name                                                    Middle    Last Name

Mailing Address

City                                                                          State    Zip Code

Home Phone                                        Work Phone or Cell Phone

Participant's Social Security Number          Participant's Date of Birth

XXX–XX–                                          M M    D D    Y Y Y Y

Email Address

☐ Check here if you were a Former Participant, but did **not** receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                              Middle    Last Name

Your Social Security Number or Tax ID Number          Your Date of Birth

                                                              M M    D D    Y Y Y Y

Your Mailing Address

City                                                                          State    Zip Code

3

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check, subject to mandatory federal and applicable state withholding tax, will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)    ☐ 401(a)/401(k)    ☐ 403(b)

☐ Direct Rollover to a Traditional IRA    ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City    State    Zip Code

Account Number    Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M    D D    Y Y Y Y

**Participant Signature**    **Date Signed** (*Required*)

<u>Note</u>: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT:** www.ABB401ksettlement.com **OR CALL XXX-XXX-XXXX**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RONALD TUSSEY, et al., | |
| Plaintiffs, | |
| v. | Case No.: 06-CV-04305-NKL |
| ABB, INC., et al., | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation involves claims for alleged breaches of fiduciary duties in violation of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et

seq.*, with respect to the Personal Retirement Investment and Savings Management Plan for

Employees of ABB, Inc. and the Personal Retirement Investment and Savings Management Plan

for Represented Employees of ABB, Inc. ("the Plans").

Plaintiffs allege that ABB, Inc., John W. Cutler, Jr., the Pension Review Committee of

ABB, Inc., the Pension & Thrift Management Group of ABB, Inc., and the Employee Benefits

Committee of ABB, Inc. (the "ABB Defendants") violated their duties under ERISA based on

the ABB Defendants' management, operation and administration of the Plans. The ABB

Defendants denied and continue to deny the allegations, claims, and contentions of the Class

Representatives, deny that they are liable at all to the Class, and deny that the Settlement Class or

the Plan has suffered any harm or damage for which ABB Defendants could be held responsible.

In their Joint Motion for Preliminary Approval of Class Action Settlement, the parties seek

preliminary approval of a settlement of the claims in this action (the "Settlement"). The terms of

the Settlement are set out in a Class Action Settlement Agreement dated March 27, 2019

("Settlement Agreement"), executed by the parties. The Court has considered the proposed

1

Settlement Agreement. For purposes of this Order, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is

**ORDERED** as follows:

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

    a.    The proposed Settlement resulted from extensive arm's-length negotiations;

    b.    The Settlement Agreement was executed only after Parties engaged in substantial litigation for over twelve years and after settlement negotiations had continued within that period, including an in-person mediation session with a nationally recognized private mediator and court-appointed mediator, and telephonic and email communications with and without the mediators;

    c.    Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

    d.    The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Western District of Missouri, the Honorable District Court Judge Nanette Laughrey presiding, at _____ a.m./p.m. on _____, 2019, **[not before August 5, 2019]** (the "Fairness Hearing") to determine, among other issues:

    a.    Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

    b.    Whether the notice, publication notice, and notice methodology were performed

as directed by this Court;

     c.     Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

     d.     Whether an amount of compensation to Class Representatives should be approved, and if so what amount; and

     e.     Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Gross Settlement Amount.

     3.     **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Tussey, et al. v. ABB, Inc.* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $55,000,000.00 and any interest earned thereon. The Settlement Fund shall be administered as follows:

     a.     The Settlement Fund is established exclusively for the purposes of: (a) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (b) paying all settlement administration costs and costs of notice specified in the Settlement Agreement, including payments of all Administrative Expenses; (c) paying the Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (d) paying, in accordance with the terms of the Settlement Agreement and this Order, employment, withholding, income and other applicable taxes. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall

be made from the Settlement Fund until after the Settlement Effective Date.

b. Within the time period set forth in the Settlement Agreement, ABB Defendants shall cause $55,000,000 to be deposited into the Settlement Fund.

c. ABB Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution. ABB Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) the obligation to cause the Gross Settlement Amount to be deposited into the Settlement Fund; and (2) the agreement to cooperate in providing information that is necessary for settlement administration, as set forth in the Settlement Agreement.

d. Oversight of the Settlement Fund is the responsibility of the Settlement Administrator. This Order and the Settlement Agreement define the status and powers of the Settlement Administrator.

e. The Gross Settlement Amount, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and ABB Defendants have divested itself of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this Case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect

4

and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to ABB, Inc.

f.      The Settlement Administrator will make disbursements out of the Settlement Fund only in accordance with the terms of the Settlement Agreement, this Order, and any additional Orders issued by the Court.

g.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

h.      The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to the Settlement Class will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

i.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement

Fund. The Settlement Administrator also shall determine and pay any taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file all returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

j.      The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on Settlement Fund income or on distributions.

k.      The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

l.      The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement  Fund and other information which the Settlement Administrator considers relevant to showing that the

6

Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

m.     The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information and who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

n.     This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any ABB Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

4.     **Class Notice**: The Settling Parties have presented to the Court proposed forms of Class Notice, which are appended hereto as Exhibits 3 and Exhibit 4, respectively.

a.    The Court finds that the proposed forms and the website referenced in the Class Notice fairly and adequately:

     i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

     ii.    Notify the Settlement Class concerning the proposed Plan of Allocation;

     iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

     iv.    Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

     v.    Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

     vi.    Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

b.    The Settling Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through commercially reasonable means. ABB Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, and Social Security numbers or other unique identifiers

obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

c. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the Class Member and shall mail notice to that address by first class mail.

d. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

e. The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

5. **Objections to Settlement**: Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in the Settlement Agreement and this Order.

a. A member of the Settlement Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and

Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

Clerk of Court
United States District Courthouse
Charles Evans Whittaker U.S. Courthouse
400 E. 9th Street
Kansas City, Missouri 64106

SCHLICHTER, BOGARD & DENTON, LLP
Attn: ABB 401(k) Settlement
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102
*Attorneys for Plaintiffs*

BRYAN CAVE LEIGHTON PAISNER, LLC
Jeffrey Russell
211 North Broadway, Ste. 3600
St. Louis, MO 63102
*Attorneys for the ABB Defendants*

b.      The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file them with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

c.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objections pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

d.      Failure to serve objections(s) on both the Court and counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

10

e.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

f.      Any party wishing to file a response to an objection must do so, and serve the response on all parties before the Fairness Hearing.

6.   **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten (10) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

7.   **Claim Form Deadline**: All valid claim forms must be received by the Settlement Administrator with a postmark date no later than the date indicated on the claim form.

8.   **Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9.   **Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their

respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

10. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the ABB Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

11. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the ABB Defendants, the Released Parties, or the Plans.

12. **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon service, discharge the ABB Defendants' obligations pursuant to CAFA.

13. **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any class member wishing to appear should check the Court's docket or call the Clerk's office three (3) days before the scheduled date of the Fairness Hearing.

12

**IT IS SO ORDERED.**

Dated: _____, 2019

_____
Hon. Judge Nanette K. Laughrey
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

RONALD TUSSEY, *et al.*,

                               *Plaintiffs*,        No. 2:06-cv-4305-NKL

vs.

ABB INC., *et al.*,

                             *Defendants*.

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**Your legal rights might be affected if you are a member of the following class:**

All persons who participated in the Personal Retirement Investment and Savings Management Plan for Employees of ABB Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB Inc. ("Plan(s)") at any time during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or, Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  <u>Excluded from the class are the ABB Defendants and any individual who served on a Committee identified as an ABB Defendant.</u>

The Class Period is defined as December 29, 2000 through December 31, 2007. For purposes of this Notice, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and Employee Benefits Committee of ABB Inc., alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Class Members who had an Active Account during the Class Period with a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019) ("Current Participants"). Class Members who an Active Account during the Class Period but did not have a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019) ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated March 27, 2019. A copy of the Settlement Agreement is available at www.ABB401ksettlement.com. Any amendments to the Settlement Agreement and other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give final approval to the Settlement Agreement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

1

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2019, at XXXXX a.m./p.m., before U.S. District Court Judge Nanette K. Laughrey in Courtroom XXXXX, XXXXXXXXX.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 6 of this Settlement Notice.

---

**Our records indicate that you are a Current Participant. If you believe that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants are individuals who had Active Accounts during the Class Period with a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019)**

---

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT.** | Our records indicate that you are a Current Participant. If, however, you are a "Former Participant" who participated in the Plan during the Class Period and did not have a balance greater than $0 as of March 27, 2019 or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form, postmarked by XXXXXX, to receive a check for your share of the Settlement Amount. If you are a Former Participant and you do not return the Former Participant Claim Form, postmarked by XXXXXXX, you will forfeit your share of the Settlement Amount. Current Participants do not need to submit a claim form. However, if you believe you are a Former Participant, a claim form may be obtained at www.ABB401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2019).** | If you wish to object to any part of the Settlement, you may (as explained below) contact the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXX.** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXX, 2019. |

**The Class Action**

The case is called *Tussey, et al. v. ABB INC., et al.,* Case No. 2:06-cv-4305 (the "Class Action"). The Court supervising the case is the United States District Court for the Western District of Missouri. The individuals who brought this suit are called Class Representatives, and the individuals and entities they sued include the ABB Defendants. The Class Representatives are current and former participants in the Plans. The Class Representatives' claims are described below, and additional information about them is available at www.ABB401ksettlement.com.

**The Settlement**

The Settlement was reached on March 27, 2019. Class Counsel filed this action on December 29, 2006. Since the filing of this action and for a period of twelve years, the parties engaged in substantial litigation. The Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar claims involving other 401(k) plans. The parties also engaged in settlement discussions without a mediator. Only after extensive arm's length negotiation following the mediation were the parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund with a Gross Settlement Amount of $55,000,000 will be established. The Net Settlement Amount is $55,000,000 minus any Attorneys' Fees and Costs paid to Class Counsel; all Class Representatives' Compensation as authorized by the Court; all Administrative Expenses; and a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by

the Settlement Administrator for: Administrative Expenses incurred before the Settlement Effective Date but not yet paid, Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and an amount estimated for adjustments of data or calculation errors.. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement of Attorneys' Fees and Costs Sought in the Class Action**

Since 2005, Class Counsel have devoted many hours bringing this case. Class Counsel reviewed thousands of pages of documents produced in this case and thousands of publicly filed documents with the Department of Labor to support their claims. Class Counsel took the risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has agreed to bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement and do so without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $18,331,500, in addition to no more than $2,510,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class or paid to the Plans. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, Class Representatives have spent substantial time and effort on the litigation. Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for the Class Representatives who took on the risk of litigation and devoted considerable time to it. Their activities also included assisting in the factual investigation of the case by Class Counsel and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.ABB401ksettlement.com.

| 1. | **Why Did I Receive This Settlement Notice?** |
|----|------|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Is The Class Action About?** |
|----|------|

In the litigation, Class Representatives claim that, during the Class Period, the ABB Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001 *et seq.* with respect to the management, operation and administration of the ABB Plans.

ABB Defendants have denied and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plans have suffered any harm or damage for which ABB Defendants could or should be held responsible, as the ABB Defendants deny all allegations of wrongdoing and deny that the Plans suffered harm or damage from those claims.

| 3. | **Why Is There A Settlement?** |
|----|------|

The Court has not reached a final decision as to all of claims in the Class Action. Instead, the Class Representatives and the ABB Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel during an all-day session with a private mediator and additional arm's length negotiations. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Counsel, who are highly experienced in this kind of matter, and the Class Representatives believe that the Settlement is best for all Class Members.

| 4. | **What Does The Settlement Provide?** |
|----|------|

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants.

Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) will fully release the Plans as well as ABB Defendants and "Released Parties" from "Released Claims." The Released Parties include (a) ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and Employee Benefits Committee of ABB Inc.; (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and (e) with respect to (a) through (d) above their past, present and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

The Released Claims mean any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period, and include, but are not limited to, claims that were asserted in the Class Action or that relate to any of the allegations, facts or occurrences asserted in the lawsuit or would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.ABB401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the ABB Defendants, the Plans, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. A copy of the entire Settlement Agreement is available at www.ABB401ksettlement.com.

| 5. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon the Plans records. Calculations of the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation. The Settlement Agreement further details a Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. The Settlement Administrator shall obtain from the Plans' recordkeeper (1) the balance of each Class Member's investment in the Vanguard Wellington Fund ("VWF") as of the date the VWF was removed from the Plans (March 31, 2001) and (2) the quarter ending balances of each Class Member's account for each quarter during the Class Period.

2. The Net Settlement Amount shall be divided into two portions: (1) 62% to those Authorized Former Participants and Current Participants invested in the VWF ("VWF Portion"); and (2) 38%

to all Authorized Former Participants and Current Participants in either Plan ("Recordkeeping Fee Portion")..

3. The VWF Portion will be allocated among Class Members as follows: each Class Member will receive the proportional fraction of the VWF Portion that is the Class Member's balance in the VWF as of the date the VWF was removed from the Plans.

4. The Recordkeeping Fee Portion will be allocated among those Authorized Former and Current Participants in either Plan during the Class Period, their allocation of the Recordkeeping fee portion will be as follows: 1) The quarterly balances for the Class Period of participants invested in each of the Plans are identified for each quarter; 2) All quarterly balances identified in step 1 are summed together for each participant; 3) An average quarterly balance for each participant is calculated for the Class Period; 4) for each participant, the average quarterly balance of step 3 is divided by the sum of the average quarterly balances for the Class Period of all participants; and 5) Each participant will receive the proportional fraction of the Recordkeeping Fee Portion which is calculated in Step 4.

Notwithstanding the Plan of Allocation, no amount shall be distributed that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www. ABB401ksettlement.com.

There are approximately 31,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you were a Current Participant or Authorized Former Participant.

| **6.  How Can I Receive My Distribution?** |
|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Current Participant.  If so, you do not need to do anything to receive your share of the Settlement.**

| **7.  When Will I Receive My Distribution?** |
|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will occur approximately in early 2020.

**There will be no payments under the Settlement if the Settlement Agreement is Terminated.**

| **8.  Can I Get Out Of The Settlement?** |
|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| **9.  Do I Have A Lawyer In The Case?** |
|---|

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **10.  How Will The Lawyers Be Paid?** |
|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $18,331,500 in fees and $2,510,000 in costs. The Court will determine what fees and costs will be approved.

**11. How Do I Tell The Court If I Don't Like The Settlement?**

      If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Tussey, et al. v. ABB INC., et al.,* Case No. 2:06-cv-4305. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2019. The Court's address is Kansas City [or Jefferson City]. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2019.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | ABB DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON | BRYAN CAVE LEIGHTON PAISNER LLP |
| Attn: ABB 401(k) Settlement | Attn: Jeffrey Russell |
| 100 S. Fourth St., Suite 1200 | One Metropolitan Square |
| St. Louis, MO 63102 | 211 North Broadway, Suite 3600 |
| ABB401ksettlement@uselaws.com | St. Louis, MO 63102 |
| Tel: (314) 621-6115 | Tel: (314) 259-2000 |
| Fax: (314) 621-5934 | |

**12. When And Where Will The Court Decide Whether To Approve The Settlement?**

      The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2019, at the United States District Courthouse for the Western District of Missouri, XXXXXXXXXX.

      At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**13. Do I Have To Attend The Fairness Hearing?**

      No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed a written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**14. May I Speak At The Fairness Hearing?**

      If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Tussey, et al. v. ABB Inc.,* Case No. 2:06-cv-4305." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2019**.

**15. What Happens If I Do Nothing At All?**

      **If you are a "Current Participant" as defined above, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

      If you are a "Former Participant" as defined above, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

**16. How Do I Get More Information?**

      If you have general questions regarding the Settlement, you can visit this website: www.ABB401ksettlement.com, call 1-XXXXXXXX, or write to the Settlement Administrator at ABB 401(k) Settlement Administrator, _____.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

RONALD TUSSEY, *et al.*,

|  |  |
|---|---|
| *Plaintiffs*, | No. 2:06-cv-4305-NKL |
| vs. | |
| ABB INC., *et al.*, | |
| *Defendants*. | |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

### Your legal rights might be affected if you are a member of the following class:

All persons who participated in the Personal Retirement Investment and Savings Management Plan for Employees of ABB Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB Inc. ("Plan(s)") at any time during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or, Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period. Excluded from the class are the ABB Defendants and any individual who served on a Committee identified as an ABB Defendant.

The Class Period is defined as December 29, 2000 through December 31, 2007. For purposes of this Notice, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans against ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and Employee Benefits Committee of ABB Inc., alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Class Members who had an Active Account during the Class Period with a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019) ("Current Participants"). Class Members who had an Active Account during the Class Period but did not have a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019) ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated March 27, 2019. A copy of the Settlement Agreement is available at www.ABB401ksettlement.com. Any amendments to the Settlement Agreement and other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give final approval to the Settlement Agreement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXXXX, 2019, at XXXXX a.m./p.m., before U.S. District Court Judge Nanette K. Laughrey in Courtroom XXXXX, XXXXXXXX.

- Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 6 of this Settlement Notice.

> **Our records indicate that you are a Former Participant. If you believe that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who had Active Accounts during the Class Period but did not have a balance greater than $0 as of the Settlement Agreement Execution Date (March 27, 2019).**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
| --- | --- |
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY XXX TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Former Participant. You must return a Former Participant Claim Form, postmarked by XXXXXX to receive your share of the Net Settlement Amount. If you do not return the Former Participant Claim Form that is postmarked by XXXXXXX, you will forfeit your share of the Settlement Amount. A claim form is enclosed with this notice but may also be obtained at www.ABB401ksettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXXX, 2019)** | If you wish to object to any part of the Settlement, you may (as explained below) contact the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXXX** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing by XXXXXX, 2019. |

**The Class Action**

The case is called *Tussey, et al. v. ABB INC., et al.,* Case No. 2:06-cv-4305 (the "Class Action"). The Court supervising the case is the United States District Court for the Western District of Missouri. The individuals who brought this suit are called Class Representatives, and the individuals and entities they sued include the ABB Defendants. The Class Representatives are current and former participants in the Plans. The Class Representatives' claims are described below, and additional information about them is available at www.ABB401ksettlement.com.

**The Settlement**

The Settlement was reached on March 27, 2019. Class Counsel filed this action on December 29, 2006. Since the filing of this action and for a period of twelve years, the parties engaged in substantial litigation. The Parties participated in mediation before a nationally recognized mediator who has extensive experience in resolving similar claims involving other 401(k) plans. The parties also engaged in settlement discussions without a mediator. Only after extensive arm's length negotiation following the mediation were the parties able to agree to the terms of the Settlement.

As part of the Settlement, a Qualified Settlement Fund with a Gross Settlement Amount of $55,000,000 will be established. The Net Settlement Amount is $55,000,000 minus Attorneys' Fees and Costs paid to Class Counsel; all Class Representatives' Compensation as authorized by the Court; all Administrative Expenses; and a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: Administrative Expenses incurred before the Settlement Effective Date but not yet paid, Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the

Settlement Period, and an amount estimated for adjustments of data or calculation errors. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement of Attorneys' Fees and Costs Sought in the Class Action**

Since 2005, Class Counsel have devoted many hours bringing this case. Class Counsel reviewed thousands of pages of documents produced in this case and thousands of publicly filed documents with the Department of Labor to support their claims. Class Counsel took the risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has agreed to bring an enforcement action in court, if necessary, to insure compliance with the Settlement Agreement and do so without pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $18,331,500, in addition to no more than $2,510,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class or paid to the Plans. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund.

As is customary in class action cases, Class Representatives have spent substantial time and effort on the litigation. Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each for the Class Representatives who took on the risk of litigation and devoted considerable time to it. Their activities also included assisting in the factual investigation of the case by Class Counsel and giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.ABB401ksettlement.com.

| 1. | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Is The Class Action About?** |
|---|---|

In the litigation, Class Representatives claim that, during the Class Period, the ABB Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. 1001 *et seq.* with respect to the management, operation and administration of the ABB Plans.

ABB Defendants have denied and continue to deny the allegations, claims and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Class or the Plans have suffered any harm or damage for which ABB Defendants could or should be held responsible, as the ABB Defendants deny all allegations of wrongdoing and deny that the Plans suffered harm or damage from those claims.

| 3. | **Why Is There A Settlement?** |
|---|---|

The Court has not reached a final decision as to all of claims in the Class Action. Instead, the Class Representatives and the ABB Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defense Counsel during an all-day session with a private mediator, and additional arm's length negotiations. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Counsel, who are highly experienced in this kind of matter, and the Class Representatives believe that the Settlement is best for all Class Members.

| 4. | **What Does The Settlement Provide?** |
|---|---|

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into

their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

All Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) will fully release the Plans as well as ABB Defendants and "Released Parties" from "Released Claims." The Released Parties include (a) ABB Inc., John W. Cutler, Jr., Pension Review Committee of ABB Inc., Pension & Thrift Management Group of ABB Inc., and Employee Benefits Committee of ABB Inc.; (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; and (e) with respect to (a) through (d) above their past, present and future members of their respective boards of directors, managers, partners, agents, members, shareholders (in their capacity as such), officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them.

The Released Claims mean any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period, and include, but are not limited to, claims that were asserted in the Class Action or that relate to any of the allegations, facts or occurrences asserted in the lawsuit or would be barred by the principles of res judicata or collateral estoppel had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.ABB401ksettlement.com. Generally, the release means that Class Members will not have the right to sue the ABB Defendants, the Plans, or the Released Parties for conduct during the Class Period arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. A copy of the entire Settlement Agreement is available at www.ABB401ksettlement.com.

| 5. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon the Plans records, or, if on March 27, 2019, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. **The Settlement Agreement further details a Plan of Allocation.** Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1.  The Settlement Administrator shall obtain from the Plans' recordkeeper (1) the balance of each Class Member's investment in the Vanguard Wellington Fund ("VWF") as of the date the VWF was removed from the Plans (March 31, 2001) and (2) the quarter ending balances of each Class Member's account for each quarter during the Class Period.

2.  The Net Settlement Amount shall be divided into two portions: (1) 62% to those Authorized Former Participants and Current Participants invested in the VWF ("VWF Portion"); and (2) 38%

4

to all Authorized Former Participants and Current Participants in either Plan ("Recordkeeping Fee Portion").

3.  The VWF Portion will be allocated among Class Members as follows: each Class Member will receive the proportional fraction of the VWF Portion that is the Class Member's balance in the VWF as of the date the VWF was removed from the Plans..

4.  The Recordkeeping Fee Portion will be allocated among those Authorized Former and Current Participants in either Plan during the Class Period, their allocation of the Recordkeeping fee portion will be as follows: 1) The quarterly balances for the Class Period of participants invested in each of the Plans are identified for each quarter; 2) All quarterly balances identified in step 1 are summed together for each participant; 3) An average quarterly balance for each participant is calculated for the Class Period; 4) for each participant, the average quarterly balance of step 3 is divided by the sum of the average quarterly balances for the Class Period of all participants; and 5) Each participant will receive the proportional fraction of the Recordkeeping Fee Portion which is calculated in Step 4.

Notwithstanding the Plan of Allocation, no amount shall be distributed to that is five dollars ($5.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www. ABB401ksettlement.com.

There are approximately 31,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you were a Current Participant or Authorized Former Participant.

| **6.** | **How Can I Receive My Distribution?** |
|---|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you need to return your claim form to receive your share of the Settlement.**

| **7.** | **When Will I Receive My Distribution?** |
|---|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution will occur approximately in early 2020.

**There will be no payments under the Settlement if the Settlement Agreement is Terminated.**

| **8.** | **Can I Get Out Of The Settlement?** |
|---|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| **9.** | **Do I Have A Lawyer In The Case?** |
|---|---|

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **10.** | **How Will The Lawyers Be Paid?** |
|---|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $18,331,500 in fees and $2,510,000 in costs. The Court will determine what fees and costs will be approved.

**11. How Do I Tell The Court If I Don't Like The Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Tussey, et al. v. ABB INC., et al.,* Case No. 2:06-cv-4305. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXXX, 2019. The Court's address is Kansas City [or Jefferson City]. Your written objection also must be mailed to the lawyers listed below, **no later than XXXXXX, 2019.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | ABB DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: ABB 401(k) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>ABB401ksettlement@uselaws.com<br>Tel: (314) 621-6115<br>Fax: (314) 621-5934 | BRYAN CAVE LEIGHTON PAISNER<br>Attn: Jeffrey Russell<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102<br>Tel: (314) 259-2000 |

**12. When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at XXX p.m. on XXXX, 2019, at the United States District Courthouse for the Western District of Missouri, XXXXXXXXX.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**13. Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed a written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**14. May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Tussey, et al. v. ABB Inc.,* Case No. 2:06-cv-4305." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 11, **no later than XXXXX, 2019**.

**15. What Happens If I Do Nothing At All?**

**If you are a "Former Participant" as defined above, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.**

If you are a "Current Participant" as defined above, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.

**16. How Do I Get More Information?**

If you have general questions regarding the Settlement, you can visit this website: www.ABB401ksettlement.com, call 1-XXXXXXX, or write to the Settlement Administrator at ABB 401(k) Settlement Administrator, _____.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

RONALD TUSSEY, et al.,

              Plaintiffs,

v.

ABB, INC., et al.,                                Case No.: 06-CV-04305-NKL

              Defendants.

**[PROPOSED] FINAL ORDER AND JUDGMENT**

LAUGHREY, District Judge:

Pending before the Court is the Settling Parties' joint motion for final approval of the settlement of this action (the "Class Action") pursuant to the terms of the Class Action Settlement Agreement dated _____(the "Settlement Agreement"). On _____, this Court preliminarily approved the Settlement Agreement (Doc ___). On _____, the Court held a fairness hearing, at which all interested persons were given the opportunity to be heard. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements made in open court at the fairness hearing. The Court hereby ORDERS and ADJUDGES as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was

1

provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.  The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, any other applicable law, and due process, and constituted the best notice practicable under the circumstances.  Due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled to notice.

4.  All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

5.  Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.  Each and every Objection to the Settlement and Settlement Agreement is overruled with prejudice.

7.  The motion for final approval of the Settlement Agreement (Doc. ___) is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.   All claims asserted at any point in the litigation are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9.  The Plans, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns agents and attorneys) on

their own behalves and on behalf of the Plans, hereby fully, finally, and forever settle, release, relinquish, waive and discharge the ABB Defendants, the Plans, and all Released Parties from the Released Claims, regardless of, *e.g.*, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Class Members and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the ABB Defendants, the Plans and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plans has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class

3

Representative, Class Member and the Plans has hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12. The Class Representatives, Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. Each Class Member shall hold harmless the ABB Defendants, Defense Counsel, the Released Parties, and the Plans for any claims, liabilities, attorneys' fees and expenses arising

from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.  The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.  With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17.  Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

18.  Upon entry of this Order, all Class Members and the Plans shall be bound by the Settlement Agreement as amended and by this Final Order.

19.  The Court hereby orders that Appeal Bond #19041095 dated 11/08/2012 and recorded with the Court on November 13, 2012 ("the Appeal Bond") is fully and unconditionally discharged and released to a representative of ABB Inc.  The Court further finds that the sureties to the Appeal Bond have no past, present, or future liability arising under or in connection with the Appeal Bond.

SO ORDERED:

DATED: _____, 2019

_____
HON. JUDGE NANETTE K. LAUGHREY
United States District Court Judge

April __, 2019

**VIA FEDEX**

TO:     Federal and State Officials Identified on Attached Distribution List.

Re:     *Tussey et al. v. ABB, Inc. et al.*
        United States District Court for the Western District of Missouri
        Case No. 2:06-cv-4305-NKL

        <u>**CAFA Notice Pursuant to 28 U.S.C. § 1715**</u>

Dear [INSERT]:

I am the Settlement Administrator for a legal settlement in the above-captioned action (the "Class Action") venued in the United States District Court for the Western District of Missouri. In this action, the plaintiffs alleged that the ABB Defendants breached their fiduciary duties to the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc. and the Personal Retirement Savings Plan for Represented Employees of ABB, Inc. ("Plans") and Plan participants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA"). Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the Class Action.

In accordance with 28 U.S.C. § 1715(b), I state as follows:

**(1)     The Complaint and any materials filed with the Complaint.**

The operative complaint in the Class Action is contained on the enclosed CD. In addition, the complaint and all other unsealed pleadings and records filed in the Class Action are available on the internet through the federal government's PACER service at https://ecf.mowd.uscourts.gov/cgi-bin/ShowIndex.pl. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)     Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. The Plaintiffs filed a motion for preliminary approval of the proposed class action settlement on March 28, 2019. The Court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information concerning the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)     Any proposed or final notification to class members.**

The proposed form of direct notice to class members, which provides notice of the proposed settlement and each class member's right to object to the class action, is included on the enclosed CD. The Court has not yet approved the proposed form of

notice.  Because the Class Action was certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure, the notice explains that there is no right to request exclusion from the settlement.

**(4)     Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of March 27, 2019 ("Settlement Agreement"), is included on the enclosed CD.  The Court has not yet granted preliminary or final approval of the settlement.

**(5)     Any settlement or other agreement contemporaneously made between Class Counsel and counsel for ABB Defendants.**

There are no additional agreements between Class Counsel and counsel for ABB Defendants, other than those reflected in the Settlement Agreement.

**(6)     A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the Class Action.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)     Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

At this time, it is not feasible to provide the specific names of all settlement class members by the state in which they reside.  Nor is it feasible at this time to estimate the proportionate share of the claims of such members to the entire settlement.  Upon final approval by the Court, the settlement proceeds will be distributed among the Settlement Class members according to the methodology and formulas set forth in the enclosed Plan of Allocation (defined in Section 2.34 of the Class Action Settlement Agreement as "the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6" of that Agreement)

**(8)     Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

Inasmuch as certain documents on the enclosed CD contain confidential information, it has been encrypted and password-protected.  Decryption instructions and the password will be sent under separate cover

Thank you for your attention to this matter.

Sincerely,

.

Enclosures