IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RONALD TUSSEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABB, INC., et al., <br><br> Defendants. | Case No.: 06-CV-04305-NKL |

**ORDER GRANTING MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation involves claims for alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, with respect to the Personal Retirement Investment and Savings Management Plan for Employees of ABB, Inc. and the Personal Retirement Investment and Savings Management Plan for Represented Employees of ABB, Inc. ("the Plans").

Plaintiffs allege that ABB, Inc., John W. Cutler, Jr., the Pension Review Committee of ABB, Inc., the Pension & Thrift Management Group of ABB, Inc., and the Employee Benefits Committee of ABB, Inc. (the "ABB Defendants") violated their duties under ERISA based on the ABB Defendants' management, operation and administration of the Plans. The ABB Defendants denied and continue to deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Settlement Class or the Plan has suffered any harm or damage for which ABB Defendants could be held responsible.

In their Joint Motion for Preliminary Approval of Class Action Settlement, the parties seek preliminary approval of a settlement of the claims in this action (the "Settlement"). The terms of the Settlement are set out in a Class Action Settlement Agreement dated March 27, 2019 ("Settlement Agreement"), executed by the parties. Doc. 859-1. The Court has considered the

1

proposed Settlement Agreement. For purposes of this Order, if not defined herein, capitalized terms have the Definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

1. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

   a. The proposed Settlement resulted from extensive arm's-length negotiations;

   b. The Settlement Agreement was executed only after Parties engaged in substantial litigation for over twelve years and after settlement negotiations had continued within that period, including an in-person mediation session with a nationally recognized private mediator and court-appointed mediator, and telephonic and email communications with and without the mediators;

   c. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

   d. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Western District of Missouri, the Honorable District Court Judge Nanette Laughrey presiding, at 10 a.m. on August 13, 2019 (the "Fairness Hearing") to determine, among other issues:

   a. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

   b. Whether the notice, publication notice, and notice methodology were performed as directed by this Court;

   c. Whether any motion for attorneys' fees and costs to be filed by Class Counsel

should be approved;

  d. Whether an amount of compensation to Class Representatives should be approved, and if so what amount; and

  e. Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Gross Settlement Amount.

  3. **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the parties in the Settlement Agreement and is hereby established and shall be known as the *Tussey, et al. v. ABB, Inc.* Litigation Settlement Fund (the "Settlement Fund"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $55,000,000.00 and any interest earned thereon. The Settlement Fund shall be administered as follows:

  a. The Settlement Fund is established exclusively for the purposes of: (a) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (b) paying all settlement administration costs and costs of notice specified in the Settlement Agreement, including payments of all Administrative Expenses; (c) paying the Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (d) paying, in accordance with the terms of the Settlement Agreement and this Order, employment, withholding, income and other applicable taxes. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

  b. Within the time period set forth in the Settlement Agreement, ABB Defendants

shall cause $55,000,000 to be deposited into the Settlement Fund.

       c.     ABB Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution. ABB Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) the obligation to cause the Gross Settlement Amount to be deposited into the Settlement Fund; and (2) the agreement to cooperate in providing information that is necessary for settlement administration, as set forth in the Settlement Agreement.

       d.     Oversight of the Settlement Fund is the responsibility of the Settlement Administrator. This Order and the Settlement Agreement define the status and powers of the Settlement Administrator.

       e.     The Gross Settlement Amount, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and ABB Defendants have divested itself of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this Case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to ABB, Inc.

f. The Settlement Administrator will make disbursements out of the Settlement Fund only in accordance with the terms of the Settlement Agreement, this Order, and any additional Orders issued by the Court.

g. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

h. The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to the Settlement Class will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

i. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file all returns and reports with the appropriate taxing authorities with respect to the payment and

withholding of taxes.

j.      The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on Settlement Fund income or on distributions.

k.      The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

l.      The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

m.      The Settlement Administrator may establish protective conditions concerning the

disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information and who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

      n.      This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any ABB Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

    4.  **Class Notice**: The Settling Parties have presented to the Court proposed forms of Class Notice, which are appended to the Settlement Agreement, Doc. 859-1, as Exhibit 3 and Exhibit 4.

      a.      The Court finds that the proposed forms and the website referenced in the Class Notice fairly and adequately:

          i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

          ii.   Notify the Settlement Class concerning the proposed Plan of Allocation;

          iii.  Notify the Settlement Class that Class Counsel will seek compensation from the

Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

    iv. Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

    v. Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

    vi. Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

    b. The Settling Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through commercially reasonable means. ABB Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses, and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

    c. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the Class Member and shall mail notice to that address by first class mail.

    d. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator

shall file with the Court a proof of timely compliance with the foregoing requirements.

  e. The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

 5. **Objections to Settlement**: Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in the Settlement Agreement and this Order.

  a. A member of the Settlement Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

  Clerk of Court
  United States District Courthouse
  Christopher S. Bond U.S. Courthouse
  80 Lafayette Street
  Jefferson City, Missouri 65101

  SCHLICHTER, BOGARD & DENTON, LLP
  Attn: ABB 401(k) Settlement
  100 S. 4th Street, Ste. 1200
  St. Louis, MO 63102
  *Attorneys for Plaintiffs*

BRYAN CAVE LEIGHTON PAISNER, LLC
Jeffrey Russell
211 North Broadway, Ste. 3600
St. Louis, MO 63102
*Attorneys for the ABB Defendants*

      b.      The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file them with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

      c.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objections pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

      d.      Failure to serve objections(s) on both the Court and counsel for the parties shall constitute a waiver of the objection(s). Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

      e.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the request being served on the objector.

      f.      Any party wishing to file a response to an objection must do so, and serve the response on all parties before the Fairness Hearing.

6.    **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written

objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten (10) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

7. **Claim Form Deadline**: All valid claim forms must be received by the Settlement Administrator with a postmark date no later than the date indicated on the claim form.

8. **Service of Papers:** Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9. **Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

10. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the ABB Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by

any party of any arguments, defenses, or claims he, she, or it may have.

11. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the ABB Defendants, the Released Parties, or the Plans.

12. **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon service, discharge the ABB Defendants' obligations pursuant to CAFA.

13. **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel and Defense Counsel, and any class member wishing to appear should check the Court's docket or call the Clerk's office three (3) days before the scheduled date of the Fairness Hearing.

**IT IS SO ORDERED.**

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 2, 2019
Jefferson City, Missouri