# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISON

| | |
|---|---|
| RONALD TUSSEY, et al., | |
| Plaintiffs, | |
| v. | Case No.: 06-CV-04305-NKL |
| ABB, INC., et al., | |
| Defendants. | |

## FINAL ORDER AND JUDGMENT

Pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Settlement ("Motion") of this action (the "Class Action") pursuant to the terms of the Class Action Settlement Agreement dated March 27, 2019 (the "Settlement Agreement"). Doc. 866. On April 2, 2019, this Court preliminarily approved the Settlement Agreement. Doc 861. On August 13, 2019, the Court held a fairness hearing, at which all interested persons were given the opportunity to be heard. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements made in open court at the fairness hearing. The Court hereby ORDERS and ADJUDGES as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the Definitions in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Orders, and as determined by this Court previously, notice was timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, and notice was published on the website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was

provided to the Attorneys General for each of the states in which a Settlement Class Member resides and the Attorney General of the United States.

3. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, any other applicable law, and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled to notice.

4. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

5. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6. No objections were submitted in opposition to the Settlement.

7. The Motion is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8. All claims asserted at any point in the litigation are hereby dismissed with prejudice and without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

9. The Plans, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, successors, assigns agents and attorneys) on their own behalves and on behalf of the Plans, hereby fully, finally, and forever settle, release, relinquish, waive and discharge the ABB Defendants, the Plans, and all Released Parties from

the Released Claims, regardless of, *e.g.*, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Class Members and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the ABB Defendants, the Plans and the Released Parties or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member and the Plans has hereby fully, finally and forever settled, released, relinquished, waived and discharged any and all Released Claims, and each Class Representative, Class Member and the Plans has hereby acknowledged that the foregoing waiver

was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12. The Class Representatives, Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Representatives, Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. Each Class Member shall hold harmless the ABB Defendants, Defense Counsel, the Released Parties, and the Plans for any claims, liabilities, attorneys' fees and expenses arising

from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17. Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

18. Upon entry of this Order, all Class Members and the Plans shall be bound by the Settlement Agreement as amended and by this Final Order.

19. The Court hereby orders that Appeal Bond #19041095 dated 11/08/2012 and recorded with the Court on November 13, 2012 ("the Appeal Bond") is fully and unconditionally discharged and released to a representative of ABB Inc. The Court further finds that the sureties to the Appeal Bond have no past, present, or future liability arising under or in connection with the Appeal Bond.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 16, 2019
Jefferson City, Missouri